1  ERIC A. GROVER (SBN 136080)
2  eagrover@kellergrover.com
   **KELLER GROVER LLP**
3  1965 Market Street
   San Francisco, California 94103
   Telephone:     (415) 543-1305
4  Facsimile:     (415) 543-7861

5  *Attorneys for Plaintiff*
   ROBERT MILLER on behalf of himself and
6  others similarly situated

7  TODD D. CARPENTER (SBN 234464)
   todd@carpenterlawyers.com
8  **CARPENTER LAW GROUP**
   432 West Broadway, 29th Floor
9  San Diego, CA  92101
   Telephone:     (619) 347-3517
10 Facsimile:     (619) 756-6990

11 *Attorneys for Plaintiff*
   JAMIE LUMOS on behalf of herself and
12 others similarly situated

13             **IN THE UNITED STATES DISTRICT COURT**

14           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15                    **SAN FRANCISCO DIVISION**

16

17 ROBERT MILLER, on behalf of himself and       Case No. C-12-5978-CRB
   all others similarly situated,                Case No. C-13-1429-CRB
18
                   Plaintiff,                    CLASS ACTIONS
19
           vs.                                   CONSOLIDATED FOR DISCOVERY PURPOSES
20                                               ONLY
   SOUTHWEST AIRLINES CO., a Texas
21 Corporation; and DOES 1 through 20, inclusive,
                                                 **DECLARATION OF ERIC A. GROVER IN**
                   Defendants.                   **SUPPORT OF MOTION FOR**
22                                               **PRELIMINARY APPROVAL OF CLASS**
                                                 **ACTION SETTLEMENT**
23 JAMIE LUMOS, on behalf of herself and
   all others similarly situated,
24                                               Date:       October 11, 2013
                   Plaintiff,                    Time:       10:00 a.m.
25                                               Ctrm:       6, 17th Floor
           vs.                                   Judge:      Hon. Charles R. Breyer
26 SOUTHWEST AIRLINES CO., a Texas
   corporation; and DOES 1 through 20, inclusive,
27
                   Defendants.
28

*(left margin, vertical text)* KELLER GROVER LLP · 1965 Market Street, San Francisco, CA 94103 · Tel. 415.543.1305 | Fax. 415.543.7861

I, ERIC A. GROVER, declare as follows:

1.      I am an attorney duly admitted to the practice of law in the State of California and before this Court.  I am a partner in the law firm Keller Grover LLP, co-counsel for Plaintiff Robert Miller and proposed co-counsel for the Settlement Class.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently to the facts set forth below.

**Class Counsel's Experience:**

2.      Between September 1988 and October 2005, I was first an associate and then a shareholder in the firm Littler Mendelson, P.C.  Littler is the largest law firm in the United States specializing in labor and employment law.  During my 17 years at Littler, I practiced extensively in all areas of labor and employment law, including wage and hour law and class action defense.  I also have extensive litigation experience, including numerous arbitrations and trying a number of cases to verdict in state and federal courts.

3.      In the time I worked at Littler, I worked on many class action matters.  The following is a list of various class action matters for which I was the lead or co-lead defense attorney:

    a.      *DLSE v. UI Video* (Blockbuster) (Alameda County) (Failure to provide uniforms.);

    b.      *Vickery, et al. v. Cinema Seven, Inc.* (San Francisco County) (Independent contractor vs. employee status, overtime, minimum wage and expense reimbursement claims.);

    c.      *ILWU, et al. v. DMS Messenger Services, et al.* (San Francisco County) (Overtime, minimum wage, expense reimbursement and waiting time penalties.);

    d.      *Shields, et al. v. Lyon's Restaurants* (San Diego County) (Manager misclassification.);

    e.      *O'Donnell, et al. v. Starving Students Movers* (Marin County) (Overtime, minimum wage and waiting time penalties.);

    f.      *Cross, et al. v. Compass* (Sacramento County) (Overtime and waiting time penalties.);

    g.      *Flowers, et al. v. Starving Students Movers* (San Joaquin County) (Overtime, minimum wage and waiting time penalties.);

    h.      *Chen v. DMX Music, Inc.* (San Francisco County) (Improper chargebacks on commission payments.);

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

i.   *Tiffany, et al. v. Hometown Buffet* (San Francisco County) (Manager misclassification.);

j.   *Leoni, et al. v. Jetsetter Express, Inc.* (San Joaquin County) (Manager misclassification.);

k.   *Solano v. Clark Pest Control* (Los Angeles County) (Technician/salesperson misclassification.);

l.   *Guglielmino, et al. v. McKee Foods Corp.* (USDC-ND) (Independent contractor vs. employee status.); and

m.   *Evets v. Guess?, Inc.* (San Francisco County) (Manager misclassification.).

4.   Between October 15, 2005 and the present, I have been practicing law at Keller Grover LLP.  At Keller Grover, approximately 95% of my time is spent representing plaintiffs in employment, privacy and data breach class action matters.  I am currently lead counsel or co-lead counsel on more than 15 different class actions.  I have been named Class Counsel in numerous recent class action matters, including:

a.   *Watson v. Ann Taylor Stores Corp.*, Los Angeles County Case No. BC342729;

b.   *Novak v. Retail Brand Alliance, Inc., et al.*, Alameda County Case No. RG 05-223254;

c.   *Jos. A. Banks Overtime Cases* (Coordinated Proceeding of *Palmtag v. Jos. A. Bank Clothiers, Inc.* and *McClure v. Jos A. Bank Clothiers, Inc.*, Solano County Case No. JCCP NO. 4479);

d.   *Diaz v. Best Buy Stores, L.P.*, Alameda County Case No. Case No. RG 06-264187;

e.   *Lozoya v. PA Acquisition Corp.*, et al, Alameda County Case No. RG 06-258395;

f.   *Krispy Kreme Overtime Cases* (Coordinated Proceeding of *Avina v. Krispy Kreme Doughnut Corp. et al.* and *Hashimoto v. Krispy Kreme Doughnut Corp., et al.*, Alameda County Case No. JCCP No. 4489);

g.   *Walgreens Overtime Cases* (Coordinated Proceeding of *Lebrecque v. Walgreen Healthcare Plus* and *Wright v. Walgreen Co.*, Los Angeles County Case No. JCCP 4387);

h.   *Gring v. Claire's Boutiques, Inc.*, Alameda County Case No. RG 05-247759;

i.   *Greene v. Federated Retail Holdings, Inc.* San Francisco County Case No. CGC 06-449456;

/ / /

j.  *Stermer v. L'Occitane, Inc.*, San Francisco County Case No. CGC 06-456056;

k.  *Wilde v. Catalina Restaurant Group, Inc. et al.*, Los Angeles County Case No. BC347513;

l.  *Rogers v. Accentcare, Inc.*, Alameda County Case No.  RG 05-237683;

m.  *Fleming v. Dollar Tree Stores, Inc.*, United States District Court, Northern District of California Case No. Case No.  C 06-03409 MJJ;

n.  *Corrado v. Valero Services, Inc.*, Alameda County Case No. RG 07-322134;

o.  *Stenroos v. Core-Mark International, Inc.*, San Mateo County Case No. CIV 451198;

p.  *Ford v. Pilot Travel Centers LLC*, United States District Court, Northern District of California Case No. C-07-02715 TEH;

q.  *Elsbury v. Pizza Hut of Southeast Kansas, Inc.*, United States District Court, Eastern District of California Case No. EDCV 07-00695 SGL (JCRx);

r.  *Brior v. AE Retail West LLC*, San Francisco County Case No. CGC 06-455422;

s.  *Moore v. Genesco, Inc. et al.*, Alameda County Case No. RG 06-270570;

t.  *Stermer v. Ulta Salon, Cosmetics & Fragrance, Inc.*, San Francisco County Case No. CGC 08-427014;

u.  *Lauzon v. Club Monaco U.S., LLC, Polo Retail, LLC, and Polo Ralph Lauren Corporation*, San Francisco County Case No. CGC 06-449963;

v.  *Davenport v. Union Bank of California, N.A. and Unionbanc Investment Services LLC*, United States District Court, Central District of California Case No. 2:07-CV-00001 FMC (VBKx);

w.  *Jacobs v. Les Schwab Tire Centers of California, Inc., et al.*, San Francisco Superior Court Case No. CGC 08-478372;

x.  *Daniel Arias v. Praxair Distribution, Inc., et al.*, San Francisco Superior Court Case No. CGC 08-474506;

y.  *Flores, et al. v. Zale Delaware, Inc.*, N.D. Cal. Case No. 07-00539 TEH;

z.  *Payan et al. v. MetroPCS, Inc.*, San Francisco County Case No. CGC 08-476703;

aa.  *Njoku v. Ecko Direct, LLC*, San Francisco County Case No. CGC 07-469480;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

bb.    *Wiggins v. Cingular Wireless Employee Services, LLC*, San Francisco County Case No. CGC 08-477763;

cc.    *Lee v. Marshalls of CA LLC*, Alameda County Case No. RG 07-337021;

dd.    *Flores v. Cintas Corporation No. 2, Inc.*, Los Angeles County Case No. BC400422;

ee.    *Drew v. HCR Manor Care Medical Services of Florida, LLC, et al.*, San Francisco County Case No. CGC 09-490181; and

ff.    *Ireland, et al. v. National Distribution Centers, L.P., et al.*, San Francisco County Case No. CGC 09-493709;

gg.    *Lim-Hui v. Carter's Retail, Inc.*, San Francisco County Case No: CGC 09-484456;

hh.    *Sefton v. OshKosh B'Gosh, Inc.*, San Francisco County Case No. CGC 09-484496;

ii.    *Murphy v. Check n' Go of California, Inc.*, San Francisco County Case No. CGC 06-449394;

jj.    *Wireless Advocates Wage and Hour Cases* (Coordinated Proceedings of *Turner, et al v. Wireless Advocates LLC, Reyna, et al. v. Wireless Advocates LLC* and *Burk v. Wireless Advocates LLC*), Los Angeles County Case No. JCCP 4600;

kk.    *Matrix Service Wage and Hour Cases* (Coordinated Proceeding of *Hickman v. Matrix Service, Inc.* and *Alexander, et al. v. Matrix Service Company, et al.*), Alameda County Case No. JCCP 4610;

ll.    *Sullivan v. Kelly Services, Inc.*, USDC ND Case No. 08-3893 CW;

mm.    *Strickland, et al. v. Timec Company, Inc., et al.*, San Francisco County Case No. CGC 10-501832;

nn.    *Davis and Duke v. Plant Performance Services LLC, et al.*, Alameda County Case No. RG 10-501301;

oo.    *Jordan v. Directory Distributing Associates, Inc.*, San Francisco County Case No. CGC 10-500633;

pp.    *Martin v. Total Safety U.S., Inc.*, Alameda County Case No. RG 10-533750;

qq.    *Placer Title Company Wage and Hour Cases* (Coordinated Proceedings of *Shults v. Placer Title Co.* and *Nazeri v. Placer Title Co.*), Sacramento County Case No. JCCP 4567;

rr.    *Martin, et al. v. Starcon International, Inc.*, Contra Costa County Superior Court Case No. MSC10-01071;

ss.    *Meyer v. Irwin Industries, Inc.*, ADRS Case No. 11-3844-RAH;

/ / /

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

tt.   *Lazarin, et al. v. Total Western, Inc.,* JAMS Case No. 1100067385;

uu.   *Potter v. Zale Delaware, Inc.,* Alameda County Superior Court Case No. RG 10-548469;

vv.   *Canales, et al. v. Electrical & Instrumentation Unlimited of California, Inc.*, Kern County Superior Court Case. No. S-1500-CV-271947 WDP;

ww.   *Schechter and Porter v. ISYS Solutions, Inc.,* Alameda County Superior Court Case No. RG 10-550517;

xx.   *Gomez v. Pizza Hut of Southeast Kansas, Inc.*, San Bernardino County Superior Court Case No. CIVVS900679;

yy.   *Hernandez v. Bodell Construction* Company, Alameda County Superior Court Case No. RG12-624600;

zz.   *Gilliam v. Matrix Energy Services, Inc.*, Alameda County Superior Court Case No. RG11-592345; and

aaa.   *Tate v. Wyatt Field Services Co.*, Alameda County Superior Court Case No. RG 10-522846.

**Factual and Procedural Background:**

5.     On October 17, 2012, Plaintiff Robert Miller brought a putative class action against Defendant Southwest Airlines Co. ("Defendant" or "Southwest") captioned *Miller v. Southwest Airlines Co.*, No. RG12652437, in Alameda County Superior Court (the "First Action"). Defendant removed the First Action to the United States District Court for the Northern District of California on November 26, 2012, where it was assigned Case No. 3:12-cv-5978-CRB.  A true and correct copy of the operative *Miller* complaint is attached hereto as **Exhibit A**.

6.     On February 12, 2013, Plaintiff Jamie Lumos brought a putative action (the "Second Action") captioned *Lumos v. Southwest Airlines Co.,* United States District Court for the Southern District of California Case No. 3:13-cv-0342-JLS-BGS, against Defendant.  A true and correct copy of the operative *Lumos* complaint is attached hereto as **Exhibit B**.  On March 25, 2013, the Second Action was transferred to the United States District Court for the Northern District of California and assigned Case No. 3:13-cv-1429-CRB.

7.     On April 26, 2013, the Court ordered the First and Second Actions consolidated for discovery purposes.

/ / /

8.      FACTA prohibits any retailer that accepts credit and/or debit cards (collectively "credit cards") from printing "the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681 (c)(g).  The Actions allege that Defendant violated FACTA, 15 U.S.C. § 1681 (c)(g), by willfully printing the credit and debit card expiration date on electronically printed receipts provided to individual consumers.   In the Actions, Plaintiffs seek statutory damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681n based on allegations that Southwest willfully violated FACTA by intentionally or recklessly disregarding the statute's requirements.

9.      Defendant has vigorously denied all of the allegations in their entirety.  To date, no class has been certified and no court has made any findings that Defendant engaged in any wrongdoing or in any wrongful conduct or otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues presented in the Actions.

10.     Plaintiffs and Defendant engaged in formal discovery as well as informal discovery prior to engaging in settlement discussions.  Plaintiffs propounded numerous written discovery requests, including interrogatories, requests for admission, and document requests. Defendant also propounded document requests and responded to some of Plaintiffs' documents requests, producing over 2,000 pages of documents.  Plaintiffs further requested and received relevant documents from third-parties Visa and Chase Paymentech.

11.     Defendant was in the process of responding to the remaining written discovery requests and preparing a voluminous document production when, in an effort to avoid protracted and costly litigation, the Parties began discussing the possibility of settlement.  In preparation for mediation, the Parties exchanged additional informal discovery.

12.     Armed with this extensive data, the Parties were able to engage in informed, arms'-length negotiations of possible settlement alternatives and were able to reach a resolution of their dispute.  On June 24, 2013, the Parties engaged in a formal mediation session with respected mediator and retired U.S. Magistrate Judge, the Hon. Leo S. Papas, and reached a settlement of both Actions subject to approval of the Court.  The Parties entered into a more detailed, formalized settlement agreement.     All terms of the Parties' settlement agreement are set forth in the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

1  Stipulation of Settlement and Release Between Plaintiffs and Defendant ("Stipulation of

2  Settlement"), a true and correct copy of which is attached hereto as **Exhibit C**.

3       13.    The settlement Class is defined as "All individuals who used a credit card or debit

4  card to complete a purchase or transaction at a Southwest airport ticket counter or cargo counter

5  resulting in an electronically printed receipt between October 17, 2007 and January 25, 2013 (the

6  "Settlement Class").   The Settlement Class excludes business customers who are not covered by

7  FACTA and current employees of Defendant or the Court or its staff.

8       14.    The "Class Period" is defined as the period October 17, 2007 through January 25,

9  2013, inclusive.  The members of the Class are referred to in this declaration as the "Settlement

10 Class members."

11      15.    Defendant has estimated that, from October 17, 2007 through January 25, 2013, a

12 total of between 880,000 and 2,200,000 relevant credit and debit card purchases or transactions

13 occurred at its airport ticket counter and cargo counters that could have resulted in a printed receipt

14 to customers, of which Defendant estimates approximately one-half of these purchases or

15 transactions were made by individual consumers.  Because many individual consumers made more

16 than one purchase or transaction during the Class Period, the Parties do not believe that the

17 Settlement Class exceeds one million individual consumers, and is likely substantially less.

18 **Class Counsel's Assessment of the Fairness of the Settlement:**

19      16.    As will be explained in more detail below, based on my years of experience and

20 my own independent investigation and evaluation, I am of the opinion that settlement for the

21 consideration and on the terms set forth in the Stipulation of Settlement is fair, reasonable, and

22 adequate and it is in the best interests of the settlement class in light of all known facts and

23 circumstances and the expenses and risks inherent in litigation.  Were the class not certified, most

24 class members would likely not make any individual claims.  Moreover, I am familiar with other

25 class action settlements involving FACTA claims and have a strong understanding of the trends in

26 the value of settlements.  I have also personally settled several FACTA class action cases.  For

27 example, I was co-counsel in *McGhee v. Ross Stores, Inc.*, Case No. C06-7496 CRB and

28 Consolidated Case No. C07-4503 CRB, a putative class action involving FACTA claims that was

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

pending in this Court.  The *Ross* action settled and resulted in settlement payments of, on average, $340 for each of the 2,080 participating class members.  A true and correct copy of the transcript of the final approval hearing in Ross is attached hereto as **Exhibit D** (see page 3, line 21 through page 4, line 1) and a true and correct copy of my declaration submitted in support of the motion for final approval of the *Ross* class action settlement is attached hereto as **Exhibit E** (see paragraph 6). Based on that knowledge, I am of the opinion the settlement is fair, reasonable and adequate and is in the best interests of the settlement Class.

17.     The settlement is a good compromise for the damages of absent Settlement Class members.  The settlement provides that Defendant will pay a total settlement amount of up to $1,800,000 to resolve the class claims covered by the settlement.  After subtracting out payments for the administrative expenses, class counsels' fees and costs, and the class representatives' enhancement awards, the Net Settlement Fund is expected to be approximately $1,132,053.

18.     The Stipulation of Settlement also provides that Settlement Class members who do not opt out and file a timely claim will receive a pro rata share of the Net Settlement Fund.  Based on claims rates in similar cases, including the settled *Ross* action mentioned above in which participating class members received on average $340, it is anticipated that Settlement Class members who submit valid claims will receive anywhere from $25 to $200, or more.  That is only an estimate.  The actual amount will be determined by the number of valid claims submitted.

19.     The Stipulation of Settlement requires that all of the Net Settlement Fund must be paid out to Settlement Class members who submit valid claims.    There is no reversion to Defendant.

20.     The settlement also provides all Settlement Class members with the opportunity to request exclusion from the settlement or object to the settlement terms.

21.     Settlement checks mailed out to participating Settlement Class members shall be valid for 90 days from the date of issuance.  If, at the end of the 90-day period, any settlement checks are not cashed, those funds will be held in the Net Settlement Fund for 10 additional days then will be donated to the Identity Theft Resource Center, a non-profit entity which provides consumer and identity theft victim support as well as public education, and advises

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

1  governmental agencies, legislators, law enforcement, and businesses about the problem of

2  identity theft.  Additional information concerning the Identify Theft Resource Center can be

3  found at www.idtheftcenter.org.

4      22.    It also provides the Named Plaintiffs with reasonable enhancement awards for the

5  risks, time and effort they expended in coming forward to provide invaluable information in

6  support of the claims alleged in the complaint.

7      23.    The settlement also provides a fair notice procedure.  The Stipulation of

8  Settlement provides that notice will be given in the following ways:

9      a)   a Published Notice (see Stipulation of Settlement Exhibit B)
          in USA Today, a newspaper with national publication, on
10         two separate occasions;

11     b)   an email notice to those consumers for whom Southwest has
          an email address, which Southwest estimates to be
12         approximately 65% of all individual and business
          consumers who made credit or debit card purchases at
13         airport ticket counters during the Class Period; and

14     c)   a dedicated website to be published online at the URL
15         www.SouthwestFACTASettlement.com (or a similar
          name if that one is not available), which, among other
16         information, will include downloadable versions of the
          Stipulation of Settlement, Long Form Notice, Claim Form,
17         Opt Out Form and other relevant documents.

18

19     24.   The claim form that Settlement Class members are required to submit is in plain

20 English, concise and requires no documentary proof of the underlying transaction.  In addition,

21 Settlement Class members may submit claim forms by mail or electronically.

22     25.   My firm and co-counsel conducted an extensive investigation of the factual

23 allegations involved in this case.  We reviewed numerous relevant documents Defendant produced

24 in formal discovery.  As part of the settlement negotiations, Defendant also provided additional

25 informal discovery and we also engaged in meaningful discussions with Defendant's counsel.

26     26.   I am of the opinion that the settlement for each participating class member is fair,

27 reasonable, and adequate, given the inherent risk of litigation, the risk relative to class

28 ///

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

1  certification, the amount that each Settlement Class member could recover at trial, and the costs of

2  pursuing such litigation.  The Settlement is the result of extensive, arms'-length negotiations.

3      27.    Fairness of the settlement is further demonstrated by the uncertainty and risks to

4  the Plaintiffs involved both in not prevailing on the merits and in non-certification.  Defendant

5  adamantly disputes Plaintiffs' ability to certify a class and prove that Defendant is liable for a

6  willful violation of FACTA.  The Parties therefore faced complicated legal issues concerning the

7  interpretation of FACTA and the requirements for a "willful" violation of FACTA.   Further, were

8  a class not certified, it is unlikely that any additional putative Class Members would maintain

9  individual actions against Defendant given the relatively small individual recoveries at stake.

10  **Suitability of the Settlement Class for Certification**

11      28.    To date, no class has been certified.  The Stipulation of Settlement reached among

12  the Parties provides that they are stipulating to the Court's provisional certification of the

13  settlement Class, but do so for purposes of this settlement only.

14      29.    As one of the proposed Class Counsel, I am confident that Plaintiffs could

15  successfully prove that this action meets the Federal Rule of Civil Procedure 23 requirements of

16  class certification; however, I understand that Defendant's counsel disagrees.

17      30.    The proposed settlement Class is sufficiently numerous to warrant certification.

18  Based on Defendant's records and because many individual consumers made more than one

19  purchase or transaction during the Class Period, it is estimated that the Settlement Class does not

20  exceed one million individual consumers, and likely has substantially fewer members.  Even if the

21  Settlement Class were only ten percent of that amount, the number of class members would be

22  much too numerous for joinder to be practicable.

23      31.    The proposed Class Members' claims all stem from a common set of

24  circumstances.  All putative class members share two common legal questions – whether

25  Southwest violated FACTA by printing the expiration date on customer receipts, and whether that

26  violation was willful.  Any factual variations among class members, such as differences in the

27  number of transactions they engaged in, which credit or debit cards they used, or what airport or

28  cargo center they visited, have no bearing on these common legal questions.  All class members

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

1    share the common interest of determining whether the same receipt-printing practice was lawful

2    and whether they are entitled to statutory damages for Defendant's allegedly willful violations.

3    Under these circumstances, the requirements that common questions of law and/or fact exist

4    among the Settlement Class members and will predominate over individual questions are satisfied

5    for purposes of certifying the proposed Class for settlement.

6          32.    Plaintiffs' claims are typical of the Settlement Class members' claims.  Like all

7    Settlement Class members, Plaintiffs Miller and Lumos, who are the proposed class

8    representatives, allege the same injury and violation of their legal rights resulting from the same

9    course of conduct, the printing of too much information on credit or debit card receipts.  Plaintiffs

10   and all other Settlement Class members also seek the same relief, specifically, statutory damages

11   under 15 U.S.C. § 1681n.  The Actions are based on conduct that is not unique to Plaintiffs, but on

12   a course of conduct that is common to all Settlement Class members.

13         33.    Plaintiffs have also demonstrated that they will aggressively and competently

14   assert the interests of the Class Members.   No conflicts of interest between Plaintiffs and

15   Settlement Class members exist.   In addition, Plaintiffs have retained competent counsel who are

16   experienced in litigating class actions and FACTA cases.

17   **Named Plaintiffs' Enhancement Payments**

18         34.    It is appropriate to recognize the contributions of the Named Plaintiffs in

19   prosecuting this litigation.  I am of the opinion that it is fair and reasonable that Plaintiffs Miller

20   and Lumos each receive a $5,000 enhancement payment.  The Named Plaintiffs are the proposed

21   Class Representatives for the settlement Class and have actively and aggressively represented the

22   proposed class throughout this litigation.  The Named Plaintiffs were always available to provide

23   their input on the litigation, gather evidence and other information that proved helpful to the

24   prosecution.  The enhancements are fair given the amount of the overall settlement and the time

25   and effort the Named Plaintiffs spent on assisting in the prosecution of this case.

26         35.    The Named Plaintiffs will provide declarations outlining their efforts on behalf of

27   the Class as part of the final approval process.

28   / / /

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

1    I declare under penalty of perjury under the laws of the United States of America that the

2 foregoing is true and correct, and that this Declaration was executed on this 17th day of September

3 2013 at San Francisco, California.

4

5

6                                                                    /s/ Eric A. Grover
                                                                        ERIC A. GROVER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861