# EXHIBIT A

*(to Declaration of Eric A. Grover ISO Motion for Preliminary Approval of Class Action Settlement)*

1  KENNETH S. GAINES, ESQ. SBN 049045
   Ken@gaineslawfirm.com
2  DANIEL F. GAINES, ESQ. SBN 251488
   Daniel@gaineslawfirm.com
3  ALEX P. KATOFSKY, ESQ. SBN 202754
   Alex@gaineslawfirm.com
4  SEPIDEH HIRMAND, ESQ. SBN 247259
   Sepideh@gaineslawfirm.com
5  **GAINES & GAINES, APLC**
   21550 Oxnard Street, Suite 980
6  Woodland Hills, California 91367
   Telephone:    (818) 703-8985
7  Facsimile:    (818) 703-8984

8  Attorneys for Plaintiff Robert Miller
   on behalf of himself and others similarly situated, and on behalf of the general public
9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                  **IN AND FOR THE COUNTY OF ALAMEDA**

12

13  ROBERT MILLER, on behalf of himself and    )
    all others similarly situated,              )   Case No.:  RG12652487
14                                              )
                                                )   **CLASS ACTION**
15            Plaintiff,                         )
         v.                                     )
16                                              )   **COMPLAINT FOR DAMAGES AND**
    SOUTHWEST AIRLINES CO., a Texas             )   **INJUNCTIVE RELIEF**
17  Corporation; and DOES 1 through 10,         )
    inclusive.                                  )   **DEMAND FOR JURY TRIAL**
18                                              )
              Defendants.                       )
19  _____    )

20

21

22        Plaintiff ROBERT MILLER ("Miller" or "Plaintiff"), on behalf of himself and all others

23  similarly situated (the "Class" or "Plaintiff Class") and on behalf of the general public, complains

24  of Defendants, and each of them, as follows:

25  ///

26  ///

27  ///

28

                                           - 1 -

**INTRODUCTION**

1.      This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of Plaintiff and other individuals who used credit or debit cards to make airline ticket purchases from Defendant SOUTHWEST AIRLINES CO. and any subsidiaries or affiliated companies (hereinafter collectively referred to as "Defendants") nationwide.

2.      In 2003, Congress passed the Fair and Accurate Credit Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud.

3.      A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act) provides that:

> "No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

4.      Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by printing the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendants.

5.      Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendants based on Defendants' violation of 15 U.S.C. §§ 1681 et seq.

6.      Plaintiff seeks, on behalf of himself and the class, statutory damages, punitive damages, costs and attorneys' fees, all of which are expressly made available by statute at 15 U.S.C. §§ 1681 et seq., and a permanent injunction enjoining Defendants from continuing their unlawful practice of willfully violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud.

**PARTIES**

7.      Plaintiff Robert Miller is, and at all times relevant hereto was, a resident of the State of California, County of Los Angeles.

8.      At all times relevant herein, Defendant SOUTHWEST AIRLINES, CO. has been a Texas corporation doing business throughout the State of California.  The violations alleged

1  herein have taken place at Defendant's business locations in Oakland, California.  Venue as to

2  each Defendant is therefore proper in this judicial district, pursuant to Code of Civil Procedure §

3  395.

4        9.     The true names and capacities, whether individual, corporate, associate, or

5  otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to

6  Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure

7  § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants

8  designated herein as a DOE is legally responsible in some manner for the unlawful acts referred

9  to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and

10  capacities of the Defendants designated hereinafter as DOES when such identities become

11  known.

12        10.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant

13  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a

14  joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each

15  Defendant are legally attributable to the other Defendants.

16  **FACTUAL BACKGROUND**

17        11.    At all times since at least October 2007, Defendants have owned and/or operated

18  their business throughout the State of California.

19        12.    Based on information and belief, Plaintiff alleges that Defendants accept credit

20  and debit cards from customers to make purchases of airline tickets.

21        13.    Plaintiff used a debit or credit card to make a purchase of an airline ticket from

22  Defendants in October 2012.  The entire expiration date of his credit or debit card was printed on

23  the receipt generated and provided to him at the point of sale.

24        14.    Plaintiff is informed and believes, and based thereon alleges, that Defendants print

25  the entire expiration date on receipts provided to their customers for credit and debit card

26  transactions since at least October 12, 2007.

27

28  ///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## CLASS ALLEGATIONS

15.     Plaintiff brings this class action pursuant to California Code of Civil Procedure § 382. Plaintiff seeks to certify a Class composed of and defined as follows:

> "All persons in the United States to whom, through use of a machine used by Defendants, were provided with an electronically printed receipt at the point of a sale or transaction on which the expiration date of the person's credit or debit card was printed since the date five years prior to the filing of this Action."

**Numerosity**

16.     The Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

17.     Plaintiff is informed and believes, and thereon alleges, that there are, at minimum, hundreds of members of the Plaintiff Class.

18.     The exact size of the Plaintiff Class and the identities of the individual members thereof are ascertainable through Defendants' records, including, but not limited to, Defendants' sales and transaction records.

**Typicality**

19.     Plaintiff's claims are typical of the claims of the Class. The claims of the Plaintiff and the Class are based on the same legal theories and arise from the same unlawful conduct.

20.     Plaintiff and the Class members were each customers of Defendants, each having made a purchase from, or transacted other business with, Defendants using a credit card and/or debit card. At the point of such sale or transaction with Plaintiff and Class members, Defendants provided to Plaintiff and each Class member a receipt which violated 15 U.S.C. § 1681c(g).

**Common Questions of Fact and Law**

21.     There is a well-defined community of interest and common questions of fact and law affecting the Class members.

22.     The questions of fact and law common to the Class predominate over questions which may affect individual members and  include the following:

- 4 -

    (a)     Whether Defendants' conduct of providing Plaintiff and the Class members with a sales or transaction receipt whereon Defendants printed the expiration date of the credit card violated FACTA, 15 U.S.C. §§ 1681 et seq.;

    (b)     Whether Plaintiff and Class members are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendants' acts and conduct; and

    (c)     Whether Plaintiff and Class members are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

**Adequacy of Representation**

23.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the Class members and has no interests antagonistic to the Class members. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

**Superiority**

24.    A class action is superior to other available means for the fair and efficient adjudication of the Class claims. The damages suffered by individual Class members are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each Class member to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any Class member. The likelihood of the individual Class members prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each Class member. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**Injunctive Relief**

25.     Defendants have acted on grounds generally applicable to the Class members, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS

### FOR VIOLATION OF 15 U.S.C. §§ 1681 ET. SEQ.

26.     Plaintiff hereby incorporates by reference all the allegations contained in paragraphs 1 through 25, inclusive, of this Complaint as if fully set forth herein.

27.     Plaintiff asserts this claim on behalf of himself and the Class against Defendants and each of them.

28.     Title 15 U.S.C. § 1681c(g)(1) provides in relevant part that:

"...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

29.     Defendants transact business in California and accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the Class members. In transacting such business, Defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

30.     Defendants, at the point of sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of which Defendants printed the expiration date of Plaintiff's credit or debit card.

31.     Defendants, at the point of a sale or transaction with Class members, provided, through use of a machine, each member of the Class with one or more electronically printed receipts, each of which Defendants printed, for each respective Class member, the expiration date of such member's credit or debit card.

32.     Defendants' actions were and continue to be willful.  Defendants intentionally print expiration dates on Plaintiff's and Class members' receipts. Defendants knew of, or should

- 6 -

have known of, and were informed about the law, including specifically FACTA's requirements concerning the prohibition on printing of expiration dates.

33.    In addition, on information and belief, many companies such as VISA and MasterCard devised and implemented policies well before the operative date of FACTA's requirements, wherein such companies as VISA and MasterCard and others required Defendants (and informed Defendants of the FACTA requirements) to prevent the printing of expiration dates on receipts.

34.    Despite knowing and being repeatedly informed about FACTA and the importance of preventing the printing of expiration dates, Defendants and each of them willfully violated and continue to violate FACTA's requirements by printing the expiration date on the receipts provided to Class members – persons with whom Defendants transact business.

35.    Defendants willfully violated FACTA in conscious disregard of the rights of Plaintiff and the Class members thereby exposing Plaintiff and the Class members to an increased risk of identity theft and credit and/or debit card fraud.

36.    As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each Class member in the statutory damage amount of "not less than $100 and not more than $1000" for each violation.  15 U.S.C. 1681n(a)(1)(A).

37.    As a result of Defendants' willful violations of FACTA, Plaintiff and the Class members are entitled to recover costs of suit and their reasonable attorneys' fees.  15 U.S.C. 1681n(a)(3).

38.    As a result of Defendants' willful violations of FACTA, Plaintiff and the Class members are entitled to punitive damages.  15 U.S.C. 1681n(a)(2).

39.    Defendants' conduct is continuing and, unless restrained, Defendants will continue to engage in their unlawful conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class members, prays for:

1. An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing Gaines & Gaines, APLC representing Plaintiff as counsel for the Class;

- 7 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    2.  An award to Plaintiff and the Class members of statutory damages pursuant to 15 U.S.C.

2        § 1681n(a)(1)(A) for Defendants' willful violations of FACTA;

3    3.  An award to Plaintiff and the Class members of punitive damages pursuant to 15 U.S.C. §

4        1681n(a)(2);

5    4.  Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

6    5.  Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

7    6.  A permanent injunction enjoining Defendants and each of them from engaging in their

8        violations of FACTA; and

9    7.  For other and further relief as the Court deems proper.

10                           **DEMAND FOR JURY TRIAL**

11        Plaintiff, on behalf of himself and the putative Class members, demands a trial by jury on

12   all claims and causes of action to which he is entitled to a jury trial.

13

14                                        Respectfully submitted,

15   Dated:  October 12, 2012            GAINES & GAINES, APLC.

16

17                                        By: _____

18                                            DANIEL F. GAINES
                                              ALEX P. KATOFSKY
19                                            SEPIDEH HIRMAND
                                              ATTORNEYS FOR PLAINTIFF

20

21

22

23

24

25

26

27

28

- 8 -