# EXHIBIT D

*(to Declaration of Eric A. Grover ISO Motion for Preliminary Approval of Class Action Settlement)*

PAGES 1 - 8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE CHARLES R. BREYER, JUDGE

| | |
|---|---|
| PATRICK J. MCGEE,<br>INDIVIDUALLY AND ON BEHALF OF<br>ALL OTHERS SIMILARLY SITUATED,<br><br>        PLAINTIFF,<br><br>  VS.<br><br>ROSS STORES, INC., AND DOES<br>1-10,<br><br>        DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>) NO. C 06-7496 CRB<br>)<br>)<br>)<br>) SAN FRANCISCO, CALIFORNIA<br>) FRIDAY<br>) JANUARY 9, 2009<br>) 10:00 O'CLOCK A.M. |
| AMBER TOLLEY-MCNERNEY, INDIVIDUALLY<br>AND ON BEHALF OF ALL OTHERS<br>SIMILARLY SITUATED,<br><br>        PLAINTIFF,<br><br>  VS.<br><br>ROSS STORES, INC.,<br><br>        DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**TRANSCRIPT OF PROCEEDINGS**

**REPORTED BY:   KATHERINE WYATT, CSR 9866, RMR, RPR**
           *OFFICIAL REPORTER - US DISTRICT COURT*

```
 1  APPEARANCES:

 2

 3  FOR PLAINTIFF MCGEE:    SPIRO MOSS BARNES, LLP
                            11377 WEST OLYMPIC BOULEVARD, FIFTH
                            FLOOR
 4                          LOS ANGELES, CALIFORNIA 90064
                       BY:  J. MARK MOORE, ESQUIRE
 5  AND
                            KELLER GROVER, LLP
 6                          425 SECOND STREET, SUITE 500
                            SAN FRANCISCO, CALIFORNIA 94107
 7                     BY:  ERIC A. GROVER, ESQUIRE

 8

 9

10  FOR DEFENDANT:          TOWNSEND AND TOWNSEND AND CREW LLP
                            TWO EMBARCADERO CENTER, 8TH FLOOR
11                          SAN FRANCISCO, CALIFORNIA 94111
                       BY:  MEHRNAZ BOROUMAND SMITH, ESQUIRE
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

KATHERINE WYATT, OFFICIAL REPORTER, CSR, RMR (925) 212-5224

```
 1   JANUARY 9, 2009                          10:00 O'CLOCK  A.M.
 2
 3                    P R O C E E D I N G S ARE
 4           THE COURT:    GO AHEAD, BARBARA.
 5           THE CLERK:    CALLING CASE C 06-7496, PATRICK MCGEE
 6   VERSUS ROSS STORES.
 7           APPEARANCES, COUNSEL.
 8           MR. MOORE:    GOOD MORNING, YOUR HONOR.  MARK MOORE FOR
 9   PLAINTIFFS IN THE CLASS.
10           MR. GROVER:   ERIC GROVER FOR PLAINTIFFS IN THE CASE.
11           MR. SMITH:    MEHRNAZ BOROUMAND SMITH FOR ROSS STORES,
12   INC.
13           THE COURT:    ALL RIGHT.  THIS MATTER IS ON FOR FINAL
14   APPROVAL OF THE CLASS ACTION, APPROVAL OF ATTORNEY'S FEES.
15           WERE ANY OBJECTIONS RECEIVED BY THE PARTIES?
16           MR. MOORE:    NO, YOUR HONOR.
17           MR. SMITH:    NO, YOUR HONOR.
18           THE COURT:    AND IS ANYONE IN COURT TO OBJECT TO
19   THIS, OTHER THAN THE COURT?
20           MR. MOORE:    NOT TO MY KNOWLEDGE, YOUR HONOR.
21           THE COURT:    OKAY. HOW MUCH DID EACH INDIVIDUAL
22   PLAINTIFF -- NOW, THE CLAIM PERIOD IS OVER, RIGHT?
23           MR. MOORE:    IT IS ENDED AND THE CLAIMS ADMINISTRATOR
24   SUBMITTED A SUPPLEMENTAL DECLARATION A COUPLE OF DAYS AGO. THERE
25   ARE 2080 CLAIMS.  AND IF THAT'S THE FINAL NUMBER IT'S ABOUT $340
```

```
 1   PER CLAIMANT WHO SUBMITTED A CLAIM.
 2              THE COURT:  OKAY. WELL, THE CRITERIA THAT THE COURT
 3   MUST USE IS AN ADEQUATE -- AND IS IT A FAIR, ADEQUATE AND
 4   REASONABLE SETTLEMENT?
 5              IS IT FAIR?  WELL, IT'S MORE THAN FAIR.
 6              IS IT ADEQUATE?  IT'S CERTAINLY MORE THAN ADEQUATE.
 7   THE STATUTORY DAMAGES ARE $100. THIS IS THREE TIMES THAT, THREE
 8   OR FOUR TIMES THAT.
 9              IS IT REASONABLE?  NO, I DON'T THINK IT'S REASONABLE.
10   I MEAN, I THINK IT'S FAR EXCESSIVE. NEVERTHELESS, I DON'T THINK
11   THAT'S THE TEST THAT I APPLY.
12              IN OTHER WORDS, I DIDN'T MAKE THIS DEAL. THE
13   DEFENDANTS MADE THE DEAL. THEY THOUGHT THEY SHOULD PAY THAT
14   MONEY, FOR WHATEVER REASON THEY HAVE. AND I THINK THAT'S A
15   BUSINESS JUDGMENT.
16              IT'S ONE THAT I DON'T UNDERSTAND, BUT I'M NOT IN THE
17   BUSINESS. I'M HERE TO APPLY A LEGAL CRITERIA. AND THEREFORE, I
18   THINK -- THEREFORE, I'M APPROVING THE SETTLEMENT BECAUSE IF ROSS
19   DEPARTMENT STORES DECIDE THEY WANT TO GIVE AWAY THEIR MONEY,
20   THAT'S THEIR DECISION.
21              MAYBE THEY DO IT AS A MATTER OF GOOD WILL. MAYBE THEY
22   DO IT BECAUSE THEY FEEL PARTICULARLY -- FOR WHATEVER REASON. I
23   MYSELF CAN'T QUITE FATHOM IT.
24              BUT BE THAT AS IT MAY, IT'S NOT THE COURT'S ROLE TO
25   INTERVENE IN A SETTLEMENT OF THIS KIND WHEN IT MEETS THE BASIC
```

1  CRITERIA. I MEAN, THE CRITERIA IS: IS IT REASONABLE TO THE
2  CLASS? IS IT FAIR TO THE CLASS? NOT: IS IT REASONABLE TO THE
3  OTHER PARTY?
4       AND, OF COURSE, IT'S MORE THAN REASONABLE SINCE THE
5  CLAIMANTS COULD GET THREE-AND-A-HALF TIMES WHAT THEY COULDN'T
6  GET, OR THREE-AND-A-HALF TIMES WHAT THEY COULD GET IF THEY HAD
7  STATUTORY DAMAGES. AND THERE'S NO EVIDENCE AT ALL THAT ANYBODY
8  WAS EVEN INJURED BY THIS.
9       SO ALL THE PERSON HAD TO DO IS SIMPLY APPLY. AND I
10 MADE SURE THAT THE NOTICE WAS ADEQUATE. I FEEL IT WAS. IT WAS
11 MORE THAN ADEQUATE.
12      AND THE TIME PERIOD WAS MORE THAN ADEQUATE. I MUST
13 SAY I THOUGHT THAT THERE WOULD BE MANY, MANY MORE CLAIMS. I
14 MEAN, THIS WAS LIKE GIVING AWAY MONEY. THEY DIDN'T EVEN HAVE TO
15 PROVE ANYTHING AS FAR AS I KNOW.
16      THEY SIMPLY HAD TO SAY THAT THEY HAD SHOPPED AT ROSS
17 AND THAT THEY GOT MONEY. AND SO IT COULDN'T HAVE BEEN A LOWER
18 THRESHOLD.
19      AND FOR THAT REASON, THE PLAINTIFF'S COUNSEL, FOR
20 THAT AND OTHER REASONS, IS IT TO BE REWARDED, CERTAINLY
21 APPLAUDED. YOU DID A MAGNIFICENT JOB FOR THE CLASS.
22      YOU KNOW, I KNOW WHAT I'M SAYING IS TWO-EDGED, AND I
23 CAN APPRECIATE THAT. BUT ON THE OTHER HAND -- ON THE OTHER
24 HAND, I DON'T WANT TO DENIGRATE BECAUSE I THINK IT'S A
25 SETTLEMENT THAT I, YOU KNOW, DON'T QUITE UNDERSTAND.

1    I DON'T WANT TO DENIGRATE THE ROLE THAT PLAINTIFF'S
2    COUNSEL PLAYED IN THIS. NUMBER ONE, I THINK IT IS SIGNIFICANT
3    THAT THE LAW BE COMPLIED WITH. YOU MUST HAVE BEEN VERY
4    PERSUASIVE TO THE DEFENDANTS, AND I DON'T THINK THAT THAT'S UP
5    TO ME TO SAY:
6            "GEE, YOU KNOW, IF I WERE WHOEVER I AM I WOULD
7        HAVE DONE A DIFFERENT RESULT."
8            SO THERE, AGAIN, I APPROVE IT. YOU'VE REQUESTED
9    ATTORNEY'S FEES OF 400,000; IS THAT CORRECT?
10           **MR. GROVER:**  CORRECT.
11           **THE COURT:**  I APPROVE IT. YOU'VE REQUESTED COSTS
12   OF -- I FORGET HOW MUCH.  HOW MUCH IS IT?
13           **MR. GROVER:**  38,000.
14           **MR. MOORE:**  38,000, A LITTLE BIT MORE.
15           **THE COURT:**  I APPROVE IT. YOU KNOW, YOU'VE MET ALL
16   THE CRITERIA WITH RESPECT TO FEES. YOU KNOW, I MEAN, THIS IS
17   DEMONSTRATED. YOU ACHIEVED A REMARKABLE RESULT FOR THE PEOPLE
18   THAT YOU REPRESENT, A REMARKABLE RESULT.
19           SO, YOU KNOW --
20           **MR. GROVER:**  WE HAVE NOTHING TO SAY.
21           **MR. MOORE:**  WE DON'T DISAGREE.
22           **THE COURT:**  YOU DON'T DISAGREE. I MEAN, YOU DID
23   WHAT -- YOU REPRESENTED YOUR CLIENT. YOU WERE AN ADVOCATE FOR
24   YOUR CLIENT. I THINK YOU GOT A VERY GOOD DEAL. BUT A DEAL THAT
25   YOU ACHIEVED, SO THERE'S NO:

1           "GEE, YOU DESERVE THE FEES" WHEN IT'S BASED UPON
2  RESULT AND THE WILLINGNESS OF -- YOU KNOW, THE DEFENDANT PUT IN
3  1.2 MILLION. I THINK THAT WAS THE AMOUNT I -- THEY SAID:
4           "I DON'T CARE HOW IT'S SPENT."
5       THEN, I THOUGHT:
6           "WELL, OKAY. I WANT TO MAKE SURE THAT IT
7           DOESN'T -- THAT THE CLASS DOESN'T SACRIFICE AT THE
8           EXPENSE OF THE ATTORNEYS."
9       THE CLASS CERTAINLY DIDN'T SACRIFICE ON BEHALF OF THE
10 ATTORNEYS. SO YOU ARE ENTITLED TO EVERY PENNY. EVERY PENNY.
11      **MR. GROVER:**  THANK YOU.
12      **THE COURT:**  YOU KNOW, YOU'RE PROBABLY LUCKY NOT TO
13 SEE ME AGAIN. NOT THAT I -- NOT THAT I AT ALL THINK ANYTHING
14 THAT YOU DID ON EITHER SIDE IS UNPROFESSIONAL. TO THE CONTRARY.
15 IT WAS HIGHLY PROFESSIONAL.
16      SO CONGRATULATIONS.  I'LL SIGN THE ORDER.  AND THAT'S
17 THAT.
18      **MR. MOORE:**  THANK YOU, YOUR HONOR.
19      **MR. GROVER:**  THANK YOU, YOUR HONOR.
20      **MR. SMITH:**  THANK YOU, YOUR HONOR.
21      **THE COURT:**  A GOOD ADVOCATE TODAY.  SAYING NOTHING
22 MADE A LOT OF SENSE.
23      **THE CLERK:**  COUNSEL, CAN I HAVE A CARD?
24      **THE COURT:**  DO YOU HAVE THE ORDER?  I CAN SIGN IT.
25      **MR. MOORE:**  I SHOULD HAVE THE ORDER.

Case3:06-cv-07496-CRB   Document154   Filed09/29/10   Page8 of 8

```
 1              THE COURT:  OFF THE RECORD.
 2         (THEREUPON, CONVERSATION WAS HAD OFF THE RECORD.)
 3         (THEREUPON, THIS HEARING WAS CONCLUDED.)
 4                     CERTIFICATE OF REPORTER
 5       I, KATHERINE WYATT, THE UNDERSIGNED, HEREBY CERTIFY
 6  THAT THE FOREGOING PROCEEDINGS WERE REPORTED BY ME, A CERTIFIED
 7  SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED BY ME INTO
 8  TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE
 9  RECORD OF SAID PROCEEDINGS.
10         I FURTHER CERTIFY THAT I AM NOT OF COUNSEL OR
11  ATTORNEY FOR EITHER OR ANY OF THE PARTIES IN THE FOREGOING
12  PROCEEDINGS AND CAPTION NAMED, OR IN ANY WAY INTERESTED IN THE
13  OUTCOME OF THE CAUSE NAMED IN SAID CAPTION.
14         THE FEE CHARGED AND THE PAGE FORMAT FOR THE
15  TRANSCRIPT CONFORM TO THE REGULATIONS OF THE JUDICIAL
16  CONFERENCE.
17          IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND THIS
18  29TH DAY OF SEPTEMBER, 2010.
19
20
21
22         _____
23              /S/ KATHERINE WYATT
24
25
```

KATHERINE WYATT, OFFICIAL REPORTER, CSR, RMR (925) 212-5224