# EXHIBIT E

*(to Declaration of Eric A. Grover ISO Motion for Preliminary Approval of Class Action Settlement)*

J. Mark Moore, Bar No. 180473
**SPIRO MOSS BARNESS LLP**
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
Tel: (310) 235-2468; Fax: (310) 235-2456
mark@spiromoss.com

Douglas A. Linde, Bar No. 217584
Chant Yedalian, Bar No. 222325
**THE LINDE LAW FIRM**
9000 Sunset Blvd., Suite 1025
Los Angeles, CA 90069
Tel: (310) 203-9333; Fax: (310) 203-9233
dal@lindelaw.net

*Attorneys for Plaintiff
Patrick McGee*

Eric A. Grover, Bar No. 136080
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, CA 94107
Tel: (415) 543-1305; Fax: (415) 543-7681
eagrover@kellergrover.com

*Attorneys for Plaintiff
Amber Tolley-McNerney*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK J. MCGEE and AMBER TOLLEY-MCNERNEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROSS STORES, INC.,<br><br>Defendant. | CASE NO. C 06-07496 CRB<br>C 07-04503 CRB<br><br>Hon. Charles R. Breyer<br><br>**DECLARATION OF ERIC A. GROVER IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Date: January 9, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 19th Floor |

1. I am an attorney duly admitted to the practice of law in the State of California and before this Court. I am a partner in the law firm Keller Grover LLP, counsel for Plaintiff Amber Tolley-McNerney ("Plaintiff"). I submit this declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently to the facts set forth below.

**Class Counsel's Experience**

2. Between September 1988 and October 2005, I was first an associate and then a shareholder in the firm Littler Mendelson, P.C. Littler is the largest law firm in the United States specializing in labor and employment law. During my 17 years at Littler, I practiced extensively in all areas of labor and employment law, including wage and hour law and class action defense. I also have extensive litigation experience, including numerous arbitrations and trying a number of cases to verdict in state and federal courts.

3. In the time I worked at Littler, I worked on many class action matters. The following is a list of various class action matters for which I was the lead or co-lead defense attorney:

    a. *DLSE v. UI Video (Blockbuster)* (Alameda County) (Failure to provide uniforms.)

    b. *Vickery, et al. v. Cinema Seven, Inc.* (San Francisco County) (Independent contractor vs. employee status, overtime, minimum wage and expense reimbursement claims.)

    c. *ILWU, et al. v. DMS Messenger Services, et al.* (San Francisco County) (Overtime, minimum wage, expense reimbursement and waiting time penalties.)

    d. *Shields, et al. v. Lyon's Restaurants* (San Diego County) (Manager misclassification.)

    e. *O'Donnell, et al. v. Starving Students Movers* (Marin County) (Overtime, minimum wage and waiting time penalties.)

    f. *Cross, et al. v. Compass* (Sacramento County) (Overtime and waiting time penalties.)

    g. *Flowers, et al. v. Starving Students Movers* (San Joaquin County) (Overtime, minimum wage and waiting time penalties.)

    h. *Chen v. DMX Music, Inc.* (San Francisco County) (Improper chargebacks on commission payments.)

    i. *Tiffany, et al. v. Homwtown Buffett* (San Francisco County) (Manager misclassification.)

    j. *Leoni, et al. v. Jetsetter Express, Inc.* (San Joaquin County) (Manager misclassification.)

    k. *Solano v. Clark Pest Control* (Los Angeles County) (Technician/salesperson misclassification.)

    l. *Guglielmino, et al. v. McKee Foods Corp.* (USDC-ND) (Independent contractor vs. employee status.)

    m. *Evets v. Guess?, Inc.* (San Francisco County) (Manager misclassification.)

4. Between October 15, 2005 and the present, I have been practicing law at Keller Grover LLP. At Keller Grover, approximately 95% of my time is spent representing plaintiffs in class actions. I am currently lead counsel or co-lead counsel on more than 15 different class actions. I have been named Class Counsel in numerous recent class action matters, including:

    a. *Watson v. Ann Taylor Stores Corp.*, Los Angles County Case No. BC342729;

    b. *Novak v. Retail Brand Alliance, Inc., et al.*, Alameda County Case No. RG05223254;

    c. *Jos. A. Banks Overtime Cases (Coordinated Proceeding of Palmtag v. Jos. A. Bank Clothiers, Inc.* and *McClure v. Jos A. Bank Clothiers, Inc.*, Solano County Case No. JCCP NO. 4479);

    d. *Diaz v. Best Buy Stores, L.P.*, Alameda County Case No. Case No. RG 06-

2

DECL. OF ERIC A. GROVER IN SUPPORT      Case No. C 06-07496 CRB
OF MOTION FOR FINAL APPROVAL      Case No. C 07-04503 CRB

264187;

e. *Lozoya v. PA Acquisition Corp., et al.*, Alameda County Case No. RG 06-258395;

f. *Krispy Kreme Overtime Cases (Coordinated Proceeding of Avina v. Krispy Kreme Doughnut Corp. et al. and Hashimoto v. Krispy Kreme Doughnut Corp., et al.*, Alameda County Case No. JCCP No. 4489);

g. *Walgreens Overtime Cases (Coordinated Proceeding of Lebrecque v. Walgreen Healthcare Plus and Wright v. Walgreen Co.*, Los Angeles County Case No. JCCP 4387);

h. *Gring v. Claire's Boutique's, Inc.*, Alameda County Case No. RG 05-247759;

i. *Greene v. Federated Retail Holdings, Inc.*, San Francisco County Case No. CGC 06-449456;

j. *Stermer v. L'Occitane, Inc.*, San Francisco County Case No. CGC 06-456056;

k. *Wilde v. Catalina Restaurant Group, Inc. et al.*, Los Angeles County Case No. BC 347513;

l. *Rogers v. Accentcare, Inc.*, Alameda County Case No. RG05237683;

m. *Fleming v. Dollar Tree Stores, Inc.*, United States District Court, Northern District of California Case No. Case No. C 06-03409 MJJ;

n. *Corrado v. Valero Services, Inc.*, Alameda County Case No. RG 07-322134;

o. *Stenroos v. Core-Mark International, Inc.*, San Mateo County Case No. CIV 451198;

p. *Ford v. Pilot Travel Centers LLC*, United States District Court, Northern District of California Case No. C-07-02715 TEH;

q. *Elsbury v. Pizza Hut of Southeast Kansas, Inc.*, United States District Court, Eastern District of California EDCV 07-00695 SGL (JCRx); and

r. *Brior v. AE Retail West LLC*, San Francisco County Case No. CGC-06-

3

455422.

  s. *Aharon Jacobs v. Les Schwab Tire Centers of California, Inc., et al.*, San Francisco Superior Court Case No. CGC-08-478372; and

  t. *Daniel Arias v. Praxair Distribution, Inc., et al.*, San Francisco Superior Court Case No. CGC-08-474506.

**The Settlement is Fair, Reasonable and Adequate:**

5. The Settlement for each participating Class Member is fair, reasonable, and adequate, given the inherent risk of litigation, the risk relative to class certification and the costs of pursuing such litigation. The Settlement is the result of extensive negotiations and was reached only after substantial discovery had been exchanged such that the Parties were able to fully assess their legal positions.

6. Fairness of the Settlement is further demonstrated by the uncertainty and risks to the Plaintiffs and Class Members in not prevailing on the causes of action or theories alleged in the complaint. The Settlement is a good compromise for the damages of absent Class Members. The amounts they will receive are significant and immediate benefits to the Class Members. Further in this regard, the undersigned has participated in numerous settlements of class actions and is aware of the terms of many others. The amount that each Class Member will recover exceeds similar settlements. Each eligible Class Member will receive at the very least an average of $350.

7. Prosecution of this case resulted in tangible benefits for the Class Members in the following respects: (1) By this settlement, Class Members will receive their recoveries over a reasonably short period of time as opposed to waiting additional years for the same, or possibly worse, result; (2) Class Members will receive a guaranteed result that is far superior to other FACTA class action settlements; and (3) settlement at this juncture will translate into significant savings in Class Counsel's fees and costs which would have only increased had the case progressed through trial, appeals, etc.

8. For the vast majority of the Class Member population, receipt of this recovery will be

4

DECL. OF ERIC A. GROVER IN SUPPORT  Case No. C 06-07496 CRB
OF MOTION FOR FINAL APPROVAL  Case No. C 07-04503 CRB

nothing short of a windfall. When Plaintiffs filed this action, Class Members very likely never knew they were entitled to any damages. Because Class Members will receive a significant cash benefit as a result of the Plaintiffs' efforts, the amount that has been recovered is truly meaningful. The average Class Member's recovery is an amount that cannot be characterized as merely "symbolic" or "nominal." It is just the opposite: The sum probably exceeds most Class Members' expectations, and will compensate them for an injury that they otherwise would not be able to recover because the law was "clarified" shortly after the parties entered into the settlement to eliminate the ability of individual class members to pursue a claim under FACTA based on expiration dates alone.

9. Exemplifying the support the absent Class Members have demonstrated for this Settlement are the facts that no Class Member objected to the Settlement and no Class Member has opted out. The lack of objections and opt-outs speak volumes about the fairness, reasonableness and adequacy of this settlement.

**Named Plaintiff and Class Representative Enhancements:**

10. In addition, the Settlement provides each of the named Plaintiffs McGee and McNerney with a modest enhancement for the risks, time and effort each expended in coming forward to provide invaluable information in support of the claims alleged in the complaint.

11. It is appropriate to recognize the contributions of the named Plaintiffs and Class Representatives in prosecuting this litigation. It is fair and reasonable that Plaintiffs Amber Tolley-McNerney and Patrick McGee each be awarded a $5,000 enhancement. The enhancements are fair given the amount of time and effort the named Plaintiffs spent on assisting in the prosecution of this case and the personal hardships and pressure faced as a result of filing this lawsuit.

12. Plaintiffs were essential elements in the successful prosecution of this case. They were always available to provide their input on strategy and gather evidence, witnesses and other information that proved critical to the prosecution.

**Attorneys' Fees**

13. This Court can appreciate that litigating a high stakes case against a powerful and

5

DECL. OF ERIC A. GROVER IN SUPPORT  Case No. C 06-07496 CRB
OF MOTION FOR FINAL APPROVAL  Case No. C 07-04503 CRB

well-funded defendant represented by an excellent law firm in unsettled areas of law is not appealing to most lawyers, particularly when the plaintiffs' lawyer will have to finance the litigation. This case was taken on a contingency basis and is not a case undertaken lightly. The risk of advancing costs in this type of litigation can be staggering.

14. Attorneys at Keller Grover spent over 198 hours to date litigating the case and bringing it to fruition and incurred out-of-pocket expenses of at least $962.60. We expect to spend an additional two to five hours preparing for and attending the Final Approval Hearing and administering the settlement.

15. Even with my extensive experience litigating class action cases, prosecuting these cases still carry a considerable amount of risk. The greatest early risk involves the discretionary class certification decision. Other risks abound depending on the circumstances of each case. Clients who agree to be class representatives are likewise taking considerable risk that they may be responsible for defense costs if the case is lost.

16. My reasonable hourly rate for this matter is $525.00 per hour. This rate is based on my nearly 20 years of labor and employment experience and substantial involvement in class actions. Denise L. Díaz, Esq. is a 1991 graduate of the University of California, Los Angeles School of Law. Ms. Díaz became a member of the California bar in 1992. Ms. Díaz' reasonable hourly rate is $400.

17. The following is a chart detailing the hours worked on this case to date by attorneys associated with my office:

| Name | Position | Rate | Hours |
|---|---|---|---|
| Eric A. Grover | Partner | $525 | 85 |
| Denise L. Díaz | Senior Counsel | $400 | 113 |
|  | **Total Lodestar:** | $89,825 | 198 |

18. My work on the case includes working on the original complaint, the joint case management statements, stipulations, discovery and opposing Defendant's summary judgment

6

DECL. OF ERIC A. GROVER IN SUPPORT  
OF MOTION FOR FINAL APPROVAL

Case No. C 06-07496 CRB  
Case No. C 07-04503 CRB

motion. Many additional hours were spent related to settlement, including pre-mediation settlement meetings and discussions, preparing for and attending the mediation, drafting, reviewing and revising the very detailed settlement agreement and the same in connection with the preliminary and final approval papers. Ms. Diaz' worked on matters related to class certification, including obtaining expert rebuttal testimony, discovery, and summary judgment. Ms. Díaz also drafted, reviewed, and proofed settlement-related papers including those related to the motions for preliminary and final approval of the proposed class settlement.

19. One difficulty in determining hourly rates of attorneys of similar skill and experience in the relevant community is the scarcity of hourly fee paying clients in class action litigation. As a practical matter, few if any consumers pay attorneys' fees on an hourly basis for such extensive litigation, and thus retainer agreements in such cases area based on a contingency fee relationship. Therefore, there is no customary billing rate, but the nature of class action work should be strongly considered by the Court.

20. The nature of the work and Class Counsel's expertise justify the requested attorneys' fees as well. In addition, class action work in itself also requires specialized learning and the willingness to take large risks.

**Class Counsel's Costs:**

21. To date, Keller Grover incurred $962.60 in costs including filing fees, copy charges, expert fees, court courier charges, airfare, taxicabs, parking, meals, and mailing, telephone and federal express charges. The costs were reasonably incurred in litigating this matter. A true and correct copy of an itemized list of costs incurred by Keller Grover to date in this action is attached hereto as **Exhibit A**.

22. The Stipulation provides that the requested award encompasses all of Class Counsel's costs as well as attorneys' fees. No Class Member objected to the fees and costs proposed in the Stipulation.

\\

7

DECL. OF ERIC A. GROVER IN SUPPORT
OF MOTION FOR FINAL APPROVAL

Case No. C 06-07496 CRB
Case No. C 07-04503 CRB

I declare, under penalty of perjury, under the laws of the Unites States, that the foregoing is true and correct. Executed this 11th day of December 2008 at San Francisco, California.

/s/Eric A. Grover
ERIC A. GROVER

---

8

DECL. OF ERIC A. GROVER IN SUPPORT
OF MOTION FOR FINAL APPROVAL

Case No. C 06-07496 CRB
Case No. C 07-04503 CRB

EXHIBIT A

| | 5:09 PM<br>12/08/08<br>Cash Basis | | | Keller Grover LLP<br>**Transactions by Account**<br>All Transactions | | | | |
|---|---|---|---|---|---|---|---|---|
| | **Type** | **Date** | **Num** | **Name** | **Memo** | **Account** | **Class** | **Paid Amount** |
| **Ross Stores** | | | | | | | | |
| | Credit Card Charge | 04/14/2008 | | FedEx | 799304784114 | 1910 · $FedEx | Ross Stores | 31.32 |
| | Credit Card Charge | 04/14/2008 | | FedEx | 799304784088 | 1910 · $FedEx | Ross Stores | 31.32 |
| | Credit Card Charge | 07/31/2008 | | FedEx | 791934113661 | 1910 · $FedEx | Ross Stores | 20.27 |
| | Credit Card Charge | 12/04/2007 | | Specialized Legal Services, Inc. | 226048 | 1913 · $Filing & Court Fees | Ross Stores | 55.00 |
| | Credit Card Charge | 04/04/2008 | | Specialized Legal Services, Inc. | 233149 | 1913 · $Filing & Court Fees | Ross Stores | 22.50 |
| | Credit Card Charge | 05/02/2008 | | Specialized Legal Services, Inc. | 233121 | 1913 · $Filing & Court Fees | Ross Stores | 70.00 |
| | Credit Card Charge | 01/27/2008 | | Southwest Air | | 1920 · $Airfare | Ross Stores | 269.00 |
| | Bill | 02/13/2008 | Exp Rep 02/13/08 | Eric Grover | | 1936 · $Meals | Ross Stores | 4.85 |
| | Credit Card Charge | 01/31/2008 | | Five Star Elite Parking | | 1944 · $Parking | Ross Stores | 22.00 |
| | General Journal | 11/30/2008 | JE113 | | Postage Allocation Jan - Oct 2008 | 1956 · $Postage | Ross Stores | 9.86 |
| | Credit Card Charge | 01/31/2008 | | Pacer Service Center | | 1960 · $Research | Ross Stores | 15.76 |
| | Credit Card Charge | 04/30/2008 | | Pacer Service Center | | 1960 · $Research | Ross Stores | 24.40 |
| | Credit Card Charge | 08/05/2008 | | Pacer Service Center | | 1960 · $Research | Ross Stores | 14.08 |
| | Credit Card Charge | 10/30/2008 | | Pacer Service Center | | 1960 · $Research | Ross Stores | 8.24 |
| | Bill | 02/13/2008 | Exp Rep 02/13/08 | Eric Grover | | 1966 · $Taxi | Ross Stores | 80.00 |
| | Bill | 06/11/2008 | Exp Rep 061108 | Eric Grover | | 1966 · $Taxi | Ross Stores | 10.00 |
| | Bill | 12/11/2007 | 5 | Don Coker | | 1985 · $Consultant | Ross Stores | 274.00 |
| **Total Ross Stores** | | | | | | | | **962.60** |
| **TOTAL** | As of 12/08/08 | | | | | | | **962.60** |