ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone:     (415) 543-1305
Facsimile:     (415) 543-7861

*Attorneys for Plaintiff*
ROBERT MILLER on behalf of himself and
others similarly situated

TODD D. CARPENTER (SBN 234464)
todd@carpenterlawyers.com
**CARPENTER LAW GROUP**
432 West Broadway, 29th Floor
San Diego, CA  92101
Telephone:     (619) 347-3517
Facsimile:     (619) 756-6990

*Attorneys for Plaintiff*
JAMIE LUMOS on behalf of herself and
others similarly situated

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT MILLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHWEST AIRLINES CO., a Texas Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C-12-5978-CRB<br>Case No. C-13-1429-CRB<br><br>CLASS ACTIONS<br><br>CONSOLIDATED FOR DISCOVERY PURPOSES ONLY<br><br>**NOTICE OF MOTION AND MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS, CLASS REPRESENTATIVE ENHANCEMENTS AND CLAIM ADMINISTRATOR'S FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| JAMIE LUMOS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Date:      March 14, 2014<br>Time:      10:00 a.m.<br>Ctrm:      6, 17th Floor<br>Judge:     Hon. Charles R. Breyer |

PLEASE TAKE NOTICE that on March 14, 2014, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6 of the United States District Court of the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, the Honorable Charles R. Breyer presiding, Plaintiffs ROBERT MILLER and JAMIE LUMOS ("Plaintiffs") will and hereby do move this Court an order (1) granting Class Counsel's application for an award of reasonable attorneys' fees in the amount of $450,000 and reimbursement of out-of-pocket costs in the amount of $13,243.36; (2) approving enhancement awards for Class Representatives Miller and Lumos in the amount of $5,000 each; and (3) approving payment of the settlement administrator's fees in the amount of $180,635.29.

The motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the Stipulation of Settlement and Release Between Plaintiffs and Defendant ("Stipulation of Settlement"), the Declarations of Eric A. Grover, Daniel F. Gaines and Todd D. Carpenter, the declarations submitted by each of the Class Representatives, the Declaration of April Hyduk of Rust Consulting, Inc., the proposed order, the pleadings and papers filed in this case, and any oral argument this Court permits. Defendant Southwest Airlines Co. does not oppose this motion.

Dated: January 29, 2014

**KELLER GROVER LLP**

By: /s/ *Eric A. Grover*
ERIC A. GROVER

*Attorneys for Plaintiff*
ROBERT MILLER and the Class

Dated: January 29, 2014

**CARPENTER LAW GROUP**

By: /s/ *Todd D. Carpenter*
TODD D. CARPENTER

*Attorneys for Plaintiff*
JAMIE LUMOS and the Class

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 1

II. PROCEDURAL HISTORY AND SUMMARY OF
RELEVANT FACTS ........................................................................................... 2

    A. The Complaints and Claims Alleged .................................................... 2

    B. Class Counsel's Work Litigating and Settling the Action ..................... 4

    C. The Named Plaintiffs' Participation in the Action ................................ 5

    D. Status of the Claims Process After Preliminary Approval .................... 5

III. TERMS OF THE SETTLEMENT ..................................................................... 6

    A. Settlement Class and Class Period ........................................................ 6

    B. Settlement Fund and Settlement Payments to the
Class Members ...................................................................................... 7

    C. The Stipulation of Settlement Clearly States the Attorneys'
Fees and Costs ....................................................................................... 8

    D. Class Representatives' Enhancement Awards ....................................... 8

    E. Settlement Administration Fees ............................................................ 8

IV. LEGAL ARGUMENT ........................................................................................ 9

    A. Plaintiffs' Released Claims Provide for an Award of
Attorneys' Fees and Costs .................................................................... 9

    B. Plaintiffs Seek a Fee Award under the Percentage of the
Common Fund ....................................................................................... 9

        1. The Requested Fee Matches the Benchmark in
this Circuit .................................................................................. 10

        2. The Circumstances of This Case Support a 25%
Fee Award ................................................................................... 11

            a. The Contingent Nature of This Case ............................... 12

            b. The Experience, Reputation, and Ability of
Counsel, and the Skill They Displayed in Litigation ...... 12

            c. The Results Achieved ...................................................... 12

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

**TABLE OF CONTENTS**
**(continued)**

**Page**

        d.    Complexity and Novelty of the Issues ........................................... 14

        e.    Size of the Total Settlement Value............................................... 14

        f.    Preclusion of Other Employment.................................................. 15

    3.    As of This Date, There Have Been no Objections to the Requested Attorneys' Fees ................................................................................ 15

C.    A Cross-Check under the Lodestar Method Confirms the Reasonableness of the Fee Requested ........................................................................... 15

    1.    Class Counsel's Hourly Rates are Reasonable ....................................... 17

    2.    Class Counsel's Hours are Reasonable ................................................... 18

    3.    A Multiplier is Warranted in this Action ............................................... 19

D.    Class Counsel's Request for Costs is also Reasonable ...................................... 19

E.    Enhancement Awards for the Class Representatives are Reasonable.................. 20

F.    The Settlement Administrator's Fees are Reasonable ......................................... 21

V.    CONCLUSION.......................................................................................................... 21

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

# TABLE OF AUTHORITIES

**Page**

## Federal Cases

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
421 U.S. 240 (1975) ................................................................................................ 9

*Behrens v. Wometco Enters., Inc.*,
118 F.R.D. 534 (S.D. Fla. 1988) ......................................................................... 13

*Behrens v. Wometco Enters., Inc.*,
899 F.2d 21 (11th Cir. 1990) ............................................................................... 13

*Boeing Co. v. Van Gemert*,
444 U.S. 472 (1980) ...................................................................................... 10, 11

*Bolton v. U.S. Nursing Corp.*,
No. C 12–4466 LB, 2013 WL 5700403
(N.D. Cal. Oct. 18, 2013) ..................................................................................... 17

*Burden v. Select Quote Ins. Servs.*,
No. C10-5966 LB, 2013 WL 39887771
(N.D. Cal. Aug. 2, 2013) ...................................................................................... 20

*Camacho v. Bridgeport Financial, Inc.*,
523 F.3d 973 (9th Cir. 2008) ............................................................................... 17

*City of Burlington v. Dague*,
505 U.S. 557 (1992) .............................................................................................. 16

*Cook v. Niedert*,
142 F.3d 1004 (7th Cir. 1998) ............................................................................. 20

*Craft v. Cnty. of San Bernardino*,
624 F. Supp. 2d 1113 (C.D. Cal. 2008) .............................................................. 15

*Glass v. UBS Fin. Servs., Inc.*,
331 F. App'x 452 (9th Cir. 2009) ........................................................................ 15

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ............................................................................. 16

*Harris v. Marhoefer*,
24 F.3d 16 (9th Cir. 1994) ................................................................................... 19

*Hensley v. Eckerhart*,
461 U.S. 424, 103 S.Ct. 1933 (1983) ................................................................. 12

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

iii

**TABLE OF AUTHORITIES**
(continued)

**Page**

**Federal Cases (cont'd)**

*In re Activision Sec. Litig.*,
   723 F. Supp. 1373 (N.D. Cal. 1989) ........................................................................ 11, 16

*In re Bluetooth Headset Products Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011)............................................................................ 9, 10, 16

*In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*,
   109 F.3d 602 (9th Cir. 1997).................................................................................... 15

*In re GNC Shareholder Litig*,
   668 F. Supp. 450 (W.D. Pa. 1987)............................................................................. 19

*In re Heritage Bond Litig.*,
   2005 U.S. Dist. LEXIS 13627 (C.D. Cal. 2005)...................................................... 13, 14

*In re Heritage Bond Litig.*,
   No. 02-ML-1475-DT(RCX), 2005 WL 1594389
   (C.D. Cal. June 10, 2005)....................................................................................... 10

*In re Ikon Office Solutions, Inc., Sec. Litig.*,
   194 F.R.D. 166 (E.D. Pa. 2000)................................................................................ 16

*In re King Resources Co. Sec. Litig.*,
   420 F. Supp. 610 (D. Colo. 1976)............................................................................. 12

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 458 (9th Cir. 2000)................................................................................... 20

*In Re Omnivision Technologies, Inc.*,
   2008 WL 123936 (N.D. Cal. 2008)........................................................................... 13

*In Re Oracle Secs. Litig.*,
   131 F.R.D. 688 (N.D. Cal. 1990)............................................................................. 16

*In re Sumitomo Copper Litig.*,
   74 F. Supp. 2d 393 (S.D.N.Y. 1999)......................................................................... 12

*In re United Energy Corp. Sec. Litig,*.
   MDL No. 726, 1989 WL 73211 (C.D. Cal. 1989)......................................................... 19

*Ingram v. The Coca-Cola Co.*,
   200 F.R.D. 685 (N.D. Ga. 2001)............................................................................. 20

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**Federal Cases (cont'd)**

*Jacobs v. California State Auto Ass'n Inter-Ins. Bureau*,
No. C 07-00362 MHP, 2009 WL 3562871
(N.D. Cal. Oct. 27, 2009)........................................................................ 21

*Ko v. Natura Pet Products, Inc.*,
No. C 09-02619 SBA, 2012 WL 3945541
(N.D. Cal. Sept. 10, 2012)....................................................................... 10

*Lobatz v. U.S. Cellular of Cal., Inc.*,
222 F.3d 1142 (9th Cir. 2000).................................................................. 18

*Lumos v. Southwest Airlines Co.*,
United States District Court for the Southern District of California
Case No. 3:13-cv-0342-JLS-BGS ............................................................ 3

*Matter of Cont'l Illinois Sec. Litig.*,
962 F.2d 566 (7th Cir. 1992).................................................................... 16

*Miller v. Southwest Airlines Co.*,
United States District Court for the Northern District of California
Case No. 3:12-cv-5978-CRB .................................................................... 3

*Paul, Johnson, Alston & Hunt v. Graulty*,
886 F.2d 268 (9th Cir. 1989)............................................................. 1, 10

*Radcliffe v. Experian Info. Solutions Inc.*,
715 F.3d 1157 (9th Cir. 2013).................................................................. 20

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009).................................................................... 20

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003)......................................................... 10, 11, 16

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
896 F.2d 407 (9th Cir. 1990).................................................................... 17

*Van Vranken v. Atl. Richfield Co.*,
901 F. Supp. 294 (N.D. Cal. 1995) ................................................ 14, 15, 20

*Vasquez v. Coast Valley Roofing, Inc.*,
266 F.R.D. 482 (E.D. Cal. 2010) ............................................................. 10

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

## TABLE OF AUTHORITIES
### (continued)

**Page**

### Federal Cases (cont'd)

*Vedachalam v. Tata Consulting Serv. Ltd.*,
  No. C 06–0963 CW, 2013 WL 3941319
  (N.D. Cal. July 18, 2013) ................................................................................... 17

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002)................................................................... passim

*Webb v. Board of Educ.*,
  471 U.S. 234 (1985)........................................................................................... 18

*Wren v. RGIS Inventory Specialists*,
  No. C-06-05778 JCS, 2011 WL 1230826
  (N.D. Cal. Apr. 1, 2011) ............................................................................. 10, 18

### State Case(s)

*Serrano v. Priest* ("*Serrano IV*"),
  32 Cal.3d 621 (1982) ........................................................................................ 18

*Wershba v. Apple Computer, Inc.*,
  91 Cal.App.4th 224 (2001) ............................................................................... 18

### Statutes

15 United States Code
  § 1681(c)(g)......................................................................................................... 1
  § 1681n................................................................................................................. 3
  § 1681n(a)(1)(A) ............................................................................................ 7, 14
  § 1681n(a)(3)........................................................................................................ 9

### Treatises

4 *Newberg on Class Actions* 4th (4th ed. 2002)
  § 14.6................................................................................................................. 19

*Newberg*, Attorney Fee Awards,
  § 2.19 (1987)..................................................................................................... 19

David F. Herr, *Manual for Complex Litigation*
  § 14.121 (4th ed. 2013) .................................................................................... 16

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiffs ROBERT MILLER and JAMIE LUMOS ("Plaintiffs" or "Named Plaintiffs") move this Court for an award of reasonable attorneys' fees and costs for Class Counsel's work in achieving the $1,800,000 settlement of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681(c)(g), class claims alleged against Defendant SOUTHWEST AIRLINES CO. ("Southwest" or "Defendant"), which the Court preliminarily approved on October 18, 2013.  *See* Docket ("Dkt.") No. 40.  Plaintiffs seek an award of $450,000 for Class Counsel's attorneys' fees, which represents 25% of the total settlement fund, and reimbursement of $13,243.36 of Class Counsel's out-of-pocket costs incurred litigating this action, which are the amounts set forth in the Stipulation of Settlement and Release Between Plaintiffs and Defendant ("Stipulation of Settlement").[1]   The common fund methodology is appropriate because the settlement class members will receive an ascertainable, monetary benefit upon the Court's final approval of the proposed settlement, which enables the Court to determine a reasonable, percentage-based fee with "some exactitude."  *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989). The requested fee amount of 25% of the total settlement amount is the presumptively reasonable "benchmark" within the Ninth Circuit.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

Although Plaintiffs are not seeking a fee award above the 25% benchmark, the factors considered for such an increase strongly support Plaintiffs' fee request: the results obtained, the risk of further litigation, the skill required and quality of work performed, and the contingent nature of this litigation, which all demonstrate the reasonableness of Plaintiffs' fee request. Moreover, the percentage recovery requested is consistent with, or lower than, numerous other common fund awards in similar class action settlements. The case settled early in the proceedings, and Class Counsel should be neither penalized for litigating efficiently and effectively, nor

---

[1] The Stipulation of Settlement is attached as Exhibit A to the Declaration of Eric A. Grover submitted herewith ("Grover Decl.").   All "Ex." references are to exhibits to the Grover Declaration unless otherwise stated.

discouraged from undertaking risky, complex, and novel litigation through a reduction of the benchmark fee award.  *See Vizcaino*, 290 F.3d at 1048-50.

A lodestar "cross-check" confirms the reasonableness of Plaintiffs' fee request.  Class Counsel's hourly rates are reasonable in light of their significant experience, skill, and expertise. Grover Decl. at ¶¶ 29-35; Gaines Decl. at ¶¶ 2-6, 11-14; Carpenter Decl. at ¶¶ 12-13.  Moreover, the rates are consistent with those of attorneys of similar qualifications practicing in the Bay Area, and have been approved by numerous courts in similarly settled cases.  *Id.* at ¶ 36.  The number of hours expended by Class Counsel is also reasonable. Class counsel has provided a summary of Class Counsel's hours spent litigating this action and hourly rates.  *Id.* at ¶¶ 28-29; Gaines Decl. at ¶¶ 8-15; Carpenter Decl. at ¶ 8.

Plaintiffs also seek the Court's approval of modest enhancement awards to the Class Representatives for their contributions to the litigation of this matter, including initiating this lawsuit on behalf of the settlement class, safeguarding class members' interests throughout the litigation, and assisting in the settlement.  Plaintiffs seek payment of the reasonable amount of $5,000 for each of the Class Representatives, as set forth in the Stipulation of Settlement (Ex. A at ¶ 64) in acknowledgment of their time and efforts seeking enforcement of their and the class' rights, including seeking experienced counsel, participating in the investigation and preparation of the complaint, and their risk in bringing forth class claims against their former employer.

Plaintiffs also request that the Court approve payment of $180,635.29 to Rust Consulting, Inc. for the fees it has incurred and will incur administering this settlement.  The amount requested is the amount set forth in the Stipulation of Settlement. Grover Decl., Ex. A at ¶ 54.  April Hyduk of Rust Consulting, Inc. has submitted a declaration detailing the worked performed by Rust Consulting to date and the work that remains to be done.

## II.    PROCEDURAL HISTORY AND SUMMARY OF RELEVANT FACTS

### A.    The Complaints and Claims Alleged

On October 17, 2012, Plaintiff Robert Miller brought a putative class action (the "First Action") captioned *Miller v. Southwest Airlines Co.*, No. RG12652437, in Alameda County Superior Court.  Defendant removed the First Action to the United States District Court for the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

1   Northern District of California on November 26, 2012, where it was assigned Case No. 3:12-cv-

2   5978-CRB.  Ex. A at ¶ 1; Grover Decl. at ¶ 5.

3       On February 12, 2013, Plaintiff Jamie Lumos brought a putative action (the "Second

4   Action") captioned *Lumos v. Southwest Airlines Co.,* United States District Court for the Southern

5   District of California Case No. 3:13-cv-0342-JLS-BGS, against Defendant.  Ex. A at ¶ 2; Grover

6   Decl. at ¶ 6.  On March 25, 2013, the Second Action was transferred to the United States District

7   Court for the Northern District of California and assigned Case No. 3:13-cv-1429-CRB.  Ex. A at

8   ¶ 7.  On April 26, 2013, the Court ordered the First and Second Actions consolidated for discovery

9   purposes.  Dkt. 27.

10      The Actions allege that Defendant violated FACTA, 15 U.S.C. § 1681 (c)(g), by willfully

11  printing the credit and debit card expiration date on electronically printed receipts provided to

12  individual consumers.  Ex. A at ¶¶ 1, 2; Grover Decl. at ¶ 8.  FACTA prohibits any retailer that

13  accepts credit and/or debit cards (collectively "credit cards") from printing "the expiration date

14  upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C.

15  § 1681(c)(g).  In the Actions, Plaintiffs seek statutory damages, costs and attorneys' fees pursuant

16  to 15 U.S.C. § 1681n based on allegations that Southwest willfully violated FACTA by

17  intentionally or recklessly disregarding the statute's requirements.  Grover Decl. at ¶ 8.

18      The FACTA truncation requirements at issue in the Actions apply only to individual

19  consumer transactions, as opposed to transactions made by or for a business.  *See* 15 U.S.C.

20  § 1681(c)(g).  From October 17, 2007 through January 25, 2013, Defendant estimates that a total

21  of between 880,000 and 2,200,000 relevant credit and debit card purchases or transactions

22  occurred at its airport ticket counter and cargo counters that could have resulted in a printed receipt

23  to customers.  Ex. A at ¶ 4.  Plaintiffs allege that FACTA's truncation requirements were violated

24  for those purchases or transactions made by individual consumers.  Based on historical data,

25  Defendant estimates that approximately one-half of these purchases or transactions were made by

26  consumers and the other half by business customers not covered by FACTA.  Ex. A at ¶ 4.

27  Because many individual consumers made more than one purchase or transaction during the Class

28  Period (as defined in paragraph 20 of the Stipulation of Settlement), the Parties do not believe that

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

1  the Settlement Class (as defined in paragraph 42 of the Stipulation of Settlement) exceeds one

2  million individual consumers, and is likely substantially less.  Ex. A at ¶ 4.

3      Defendant has denied all of the allegations in their entirety.  To date, no class has been

4  certified and no court has made any findings that Defendant engaged in any wrongdoing or in any

5  wrongful conduct or otherwise acted improperly or in violation of any state law, rule or regulation,

6  with respect to the issues presented in the Actions.  Ex. A at ¶ 11; Grover Decl. at ¶ 9.

7  **B.    Class Counsel's Work Litigating and Settling the Action**

8      Prior to the filing of this action, Class Counsel expended significant time and effort in

9  investigating, researching, and preparing this case for litigation.  Grover Decl. at  ¶ 10; Gaines

10 Decl. at ¶ 10; Carpenter Decl. at ¶¶ 8, 14.  Prior to the agreement to mediate, Class Counsel

11 drafted and propounded numerous written discovery requests, including interrogatories, requests

12 for admission, and document requests.  Grover Decl. at  ¶ 11; Gaines Decl. at ¶ 10; Carpenter

13 Decl. at ¶¶ 8, 14.  Class Counsel received over 2,000 pages of documents from Defendant and

14 reviewed the written discovery requests that Defendant also served on Plaintiffs.  *Id.*  In addition,

15 Class Counsel requested and received relevant documents from third-parties Visa and Chase

16 Paymentech.  *Id.*  Class Counsel also drafted Plaintiffs' Rule 26 initial disclosures.  *Id.*

17     As the discovery process continued, Class Counsel engaged in discussions with counsel

18 for Defendant regarding potential settlement and eventually agreed to exchange additional

19 information informally and schedule a formal mediation session. Grover Decl. at ¶ 12; Gaines

20 Decl. at ¶10; Carpenter Decl. at ¶ 8.  A mediation was scheduled with respected mediator and

21 retired U.S. Magistrate Judge, the Hon. Leo S. Papas.  Grover Decl. at ¶ 11.  Prior to the mediation

22 session, Class Counsel drafted, and co-Class Counsel reviewed and approved, a mediation brief

23 that was submitted to the mediator and Defense Counsel.  *Id.*; Gaines Decl. at ¶ 10; Carpenter

24 Decl. at ¶ 8.

25     Class Counsel attended the mediation session on June 24, 2013.  Grover Decl. at ¶ 13;

26 Gaines Decl. at ¶ 10; Carpenter Decl. at ¶¶ 3, 8.  With the assistance of Judge Papas (Ret.), Class

27 Counsel was able to engage in arms-length negotiations with counsel for Defendant and reach an

28 agreement to settle both Actions.  Grover Decl. at ¶ 13; Carpenter Decl. at ¶¶ 3, 6.  Class Counsel

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

drafted a detailed, formalized settlement agreement and exhibits and negotiated the language and terms with Defense Counsel until the Stipulation of Settlement setting forth all of the settlement terms and the exhibits were finalized.  Grover Decl. at ¶ 13; *see also*, Ex. A; Carpenter Decl. at ¶ 6.

Class Counsel also drafted and filed the motion for preliminary approval of the proposed class settlement and supporting papers, which were filed on September 17, 2013.  Grover Decl. at ¶ 14; Gaines Decl. at ¶ 10; Carpenter Decl. at ¶ 8; Dkt. No. 36.

Class Counsel expects to spend additional time working with the settlement administrator on the remaining claims process, moving for final approval of the settlement, attending the final fairness hearing and moving for dismissal of the action.  Grover Decl. at ¶ 15; Gaines Decl. at ¶¶ 8, 10; Carpenter Decl. at ¶ 9.

## C.      The Named Plaintiffs' Participation in the Action

Plaintiffs have actively participated in the litigation of this matter.  Prior to bringing their actions, Plaintiffs provided substantive information to Class Counsel regarding their claims. Before the complaint was filed on October 17, 2012, Plaintiff Miller discussed his claims and the circumstances surrounding his transactions with Defendant with his counsel. Declaration of Robert Miller ("Miller Decl.") at ¶¶ 5-6.  Similarly, Plaintiff Lumos met with her counsel to discuss her claims also related to Defendant's alleged printing of her credit card information. Declaration of Jamie Lumos ("Lumos Decl.") at ¶¶ 3, 4.

After the complaints were filed, Plaintiffs regularly communicated with Class Counsel regarding the progress of the litigation and the settlement.  Plaintiffs assisted in the discovery process, including the initial disclosures.  Miller Decl. at ¶¶ 5-6, 10-11; Lumos Decl. at ¶ 3, 4; Grover Decl. at ¶¶ 53-54.

## D.      Status of the Claims Process After Preliminary Approval

The Court granted preliminary approval of the settlement and Settlement Stipulation on October 18, 2013.  Dkt. No. 40.  The notice procedure set forth in the Stipulation of Settlement and approved in the Court's preliminary approval order required that notice of the class settlement be provided in multiple ways: publication on the internet via a settlement website,

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

1   email notification, and publication on two separate occasions in a national newspaper.  *See* Ex. A

2   at ¶ 61; Dkt. No. 40.  Accordingly, on October 29, 2013, Rust Consulting, the Court-approved

3   settlement administrator, published the settlement website and activated the toll-free number.

4   Hyduk Decl. at ¶¶ 3, 8-10.  On November 17 and 18, 2013, Rust Consulting sent over 3,720,000

5   email notices to potential Class Members.  Hyduk Decl. at ¶¶ 3, 7; Ex. A at ¶ 61(b) and (c).  Also

6   as required by the preliminary approval order, Rust Consulting caused the Published Notice to

7   appear in USA Today, a newspaper with national publication, on two separate occasions, in the

8   manner required by the Court's order.  Hyduk Decl. at ¶¶ 3, 5; Ex. A at ¶¶ 61 (a).

9   To date, Rust Consulting has received no objections to the settlement and only three opt

10  outs.  Hyduk Decl. at ¶13.

11  Rust Consulting is responsible for receipt of all Claim Forms.  Ex. A at ¶ 54.  The

12  deadline to postmark a claim is February 5, 2014.  *Id.*  As of January 26, 2014, Rust Consulting

13  has received claim forms from 17,230 Class Members.  Hyduk Decl. at ¶ 12.

14  Rust Consulting will provide a declaration with the final approval motion stating the final

15  claims received , and updating opt out and objection counts.  Grover Decl. at ¶ 21.  Once the

16  claims period closes and the Court grants final approval of the settlement, Rust Consulting will

17  calculate the settlement payments based on the number of total valid and timely claims received.

18  **III.    TERMS OF THE SETTLEMENT**

19          **A.    Settlement Class and Class Period**

20  The Stipulation of Settlement defines the Settlement Class as follows:

21          All individuals who used a credit card or debit card to complete
        a purchase or transaction at a Southwest airport ticket counter
22          or cargo counter resulting in an electronically printed receipt
        between October 17, 2007 and January 25, 2013 (the
23          "Settlement Class").

24  Ex. A at ¶¶ 42, 51.

25  The Settlement Class excludes business customers who are not covered by FACTA.

26  *Id.*  The Settlement Class further excludes current employees of Defendant or the Court or its

27  staff.  *Id.*  The "Class Period" is defined as the period October 17, 2007 through January 25,

28  2013, inclusive.  *Id.*  The members of the Class are referred to in this memorandum as the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

"Settlement Class members."  Based on information from Defendant's records, the Parties do not believe that the Settlement Class exceeds one million individual consumers, and likely has substantially fewer members.  Ex. A at ¶ 4.

### B.   Settlement Fund and Settlement Payments to the Class Members

The Stipulation of Settlement requires Defendant to pay $1,800,000 (the "Settlement Fund") to settle the Actions.  Ex. A at ¶ 57.  The Parties estimate that, after deducting the administration costs, attorneys' fees and costs, and modest enhancements for the named Plaintiffs, all of which are subject to the Court's approval, approximately $1,132,053 (the "Net Settlement Fund") will be available for distribution on a pro rata basis to the Settlement Class members who file valid claims.  Ex. A at ¶¶ 57, 59.  All of the Settlement Fund will be paid out; there is no reversion of any amount to Defendant.  Ex. A at ¶ 59(e).

The Stipulation of Settlement provides that Settlement Class members who file a valid claim and do not opt out of the settlement will receive settlement payments equal to a pro rata share of the Net Settlement Amount.  Ex. A at ¶ 59 (a).  The actual amount paid out will depend on the number of Class Members who submit valid Claim Forms.  Ex. A at ¶ 59(a).  As of January 26, 2014, 17,230 claims have been filed.  Hyduk Decl. at ¶ 12.  The last day to file claims is February 5, 2014.  If, for example, the total claims received goes up to 20,000, participating Class Members will receive approximately $56.60 each.  Grover Decl. at ¶ 23.  That amount falls with Plaintiffs' initial estimates of between $25 and $200 that were the preliminary approval motion and contained in the class notice and is close to the $100.00 statutory damage provided for in 15 U.S.C. § 1681n(a)(1)(A).

In addition, as of October 30, 2012, all of Defendant's electronically printed receipts resulting from purchases or transactions at airport ticket counters have complied with FACTA's truncation requirements.  Ex. A at ¶ 60.  And, as of January 25, 2013, all of Defendant's electronically printed receipts resulting from purchases or transactions at cargo counters have complied with FACTA's truncation requirements.  *Id.*  As part of the Settlement, Defendant has agreed to continue to abide by FACTA's truncation requirements.  *Id.*

/ / /

KELLER GROVER LLP

1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

### C.  The Stipulation of Settlement Clearly States the Attorneys' Fees and Costs

The Stipulation of Settlement provides that Plaintiffs may seek attorneys' fees of $450,000 and reimbursement of out-of-pocket costs not to exceed $15,000.  Ex. A at ¶ 62.  The fee amount represents 25% of the total Settlement Fund and is intended to compensate Class Counsel for the benefits achieved for the class, the efficient and fair resolution of the class claims, the risk of taking on a complex class action on a contingency basis, the preclusion of accepting other work, plus the all of the work that Class Counsel already performed in litigating this action and will perform in documenting the settlement, securing approval of the settlement, making sure that the settlement is fairly administered and implemented, and obtaining dismissal of the action.  *Id.*

### D.  Class Representatives' Enhancement Awards

The Stipulation of Settlement provides for modest enhancement awards for each of the named Plaintiffs and Class Representatives, subject to the Court's approval.  Ex. A at ¶ 64.  Plaintiffs Miller and Lumos request enhancement awards of $5,000 each and have provided declarations, which are submitted with this brief, explaining their efforts in the litigation and settlement this action.  *See* Declarations of Miller and Lumos.

### E.  Settlement Administration Fees

The Stipulation of Settlement provides that the Settlement Administrator may be paid fees not to exceed $192,974.  Ex. A at ¶ 54.  Rust Consulting, the Court-approved Settlement Administrator, has performed and will continue to perform tasks necessary to the administration of the settlement, including providing email notice to the Class Members, setting up a settlement website, receiving Claim Forms and requests for exclusion, processing all returned mail, calculate individual settlement payments, handling inquiries from Class Members, and issuing and mailing settlement payments.  Rust Consulting is seeking payment in the amount of $180,635.29.  *See* Hyduk Declaration at ¶¶ 14-15.

/ / /

/ / /

/ / /

## IV.    LEGAL ARGUMENT

### A.    Plaintiffs' Released Claims Provide for an Award of Attorneys' Fees and Costs

The Settlement Stipulation sets forth the claims to be released by Plaintiffs and the participating Class Members through the Settlement.  Ex. A at ¶ 68.  The claims to be released include Plaintiffs' and participating Class Members' claims under FACTA, 15 U.S.C. § 1681c(g), which is subject to the attorneys' fees and costs provision of 15 U.S.C. § 1681n(a)(3).  *See id.*  Section 1681n of FACTA provides that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of" …,  "in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court."  15 U.S.C. § 1681n(a)(3).

Therefore, the statutory provisions included in the released claims set forth in the Stipulation of Settlement support an award of attorneys' fees and costs in relation to the settlement of the Plaintiffs' and Class Members' claims.

### B.    Plaintiffs Seek a Fee Award under the Percentage of the Common Fund

District Courts may award attorneys' fees and costs to a prevailing plaintiff where "(1) fee shifting is expressly authorized by the governing statutes; (2) the [defendant] acted in bad faith or willfully violated a court order; or (3) the successful litigants have created a common fund for recovery or extended substantial benefit to the class."  *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) ("*In re Bluetooth*") (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 275 (1975)).  In the class action context, courts generally award attorneys' fees and costs pursuant to the common fund or statutory fee-shifting methodologies.  *In re Bluetooth*, 654 F.3d at 941.  Where there is a common fund, "the primary basis of the fee award remains the percentage method."  *Vizcaino*, 290 F.3d at 1050; *In re Bluetooth*, 654 F.3d at 942.  The Ninth Circuit has consistently awarded attorneys' fees under the common fund method, reasoning that "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

*Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). "The common fund doctrine is properly applied, however, only if (1) the class of beneficiaries is sufficiently identifiable, (2) the benefits can be accurately traced, and (3) the fee can be shifted with some exactitude to those benefiting." *Paul*, 886 F.2d at 271 (internal quotations omitted). These requirements are met where "each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum [settlement] recovered on his behalf." *Id.*, quoting *Boeing*, 444 U.S. at 478-79.

In the Ninth Circuit, 25% of the common fund represents the "benchmark." *Vizcaino*, 290 F.3d at 1048-50. The 25% benchmark is considered presumptively reasonable and can be adjusted upward or downward to account for any unusual circumstances in a particular case. *In re Bluetooth*, 654 F.3d at 942; *Ko v. Natura Pet Products, Inc.*, No. C 09-02619 SBA, 2012 WL 3945541, at *14-15 (N.D. Cal. Sept. 10, 2012) (recognizing that the Ninth Circuit considers 25% to be "presumptively reasonable"). The benchmark may be adjusted upward or downward based on several factors, including: (1) the results achieved; (2) the risk of litigation; (3) the skill required; (4) the quality of work; (5) the contingent nature of the fee and the financial burden; and (6) the awards made in similar cases. *Vizcaino*, 290 F.3d at 1048-50; *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *27-28 (N.D. Cal. Apr. 1, 2011); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010). In the settlement approval context, the class members' reaction to the requested fee also is a relevant factor. *In re Heritage Bond Litig.*, No. 02-ML-1475-DT(RCX), 2005 WL 1594389, at *15 (C.D. Cal. June 10, 2005) ("absence of objections from the class is also a factor in determining the proper fee award"). The "usual range" of common fund awards is 20-30%. *Vizcaino*, 290 F.3d at 1047-50.

### 1.   The Requested Fee Matches the Benchmark in this Circuit

Class Counsel respectfully requests that the Court approve the requested fees and costs to be paid in this action. Class Counsel seeks an award of 25% of the common fund. Courts have long recognized the "common fund" or "common benefit" doctrine, under which attorneys who create a common fund or benefit for a group of persons may be awarded their fees and costs to be paid out of the fund. *See e.g.*, *Hanlon*, 150 F.3d at 1029; *Staton v. Boeing Co.*, 327 F.3d 938, 972

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

(9th Cir. 2003) ("[A] lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole," quoting *Boeing Co. v. Van Gemert* 444 U.S. 472, 478 (1980)); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378-79 (N.D. Cal. 1989).   The percentage of common fund is particularly appropriate "'when each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf.'"   *Staton,* 327 F.3d at 972, quoting *Boeing Co.*, 444 U.S. at 478-79.   Here, the Stipulation of Settlement set forth a specific lump sum allocation to the Class, as well as a distribution formula through which each Class Member who does not opt out of the Settlement and files a valid claim will receive a mathematically ascertainable payment, making the percentage of common fund doctrine appropriate.

The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 30% of the total settlement value, with 25% considered the benchmark.   *Hanlon*, 150 F.3d at 1029 ("[t]his circuit has established 25% of the common fund as a benchmark award for attorneys' fees.");   *Staton*, 327 F.3d at 952.   Here, Plaintiffs are requesting a fee award equivalent to 25% of the total settlement value, directly in line with the accepted benchmark.

2.      The Circumstances of This Case Support a 25% Fee Award

Although Plaintiffs are not seeking a fee award above the benchmark, the factors courts consider when deciding whether a higher percentage is warranted demonstrate that the fee requested here is reasonable.   The factors include the results achieved; the risk of litigation; the skill required and the quality of work; the contingent nature of the fee and the financial burden carried by the plaintiffs; and the awards made in similar cases.   *Vizcaino*, 290 F.3d at 1047.

Class Counsel provided experienced, competent representation and obtained significant results for the Class Members, all while prosecuting the case on a contingency basis, which presented considerable risk for Counsel.   As articulated by one Southern District of New York court:

> No one expects a lawyer whose compensation is contingent on the success of his services to charge, when successful, as little as he would charge a client who in advance of the litigation has agreed to pay for his services, regardless of success. Nor, particularly in

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

1    complicated cases producing large recoveries, is it just to make a
2    fee depend solely on the reasonable amount of time expended.

3    *In re Sumitomo Copper Litig.* 74 F. Supp. 2d 393, 396-398 (S.D.N.Y. 1999) (describing the

4    overwhelming weight of federal authority in favor of the percentage fee method).

5              **a.      The Contingent Nature of This Case**

6              From the outset of the case to the present, prosecution of this action has involved

7    significant financial risk for Class Counsel.  Grover Decl. at ¶¶ 26, 41-42; Gaines Decl. at ¶ 9;

8    Carpenter Decl. at ¶ 15.  Class Counsel undertook this matter solely on a contingent basis, with

9    no guarantee of recovery.  Class Counsel has placed at risk their own resources to prosecute this

10   action with no guarantee of success.  Grover Decl. at ¶¶ 26, 41-42; Gaines Decl. at ¶ 9; Carpenter

11   Decl. at ¶ 15.  The risks of this case are apparent in the expected battles over class certification

12   and on the merits of the action. Even if Plaintiff would have succeeded at certification, there was

13   no assurance that Plaintiffs would succeed at trial.  Despite such challenges, Class Counsel were

14   able to persuade Defendant that it faced significant exposure such that it was willing to pay

15   $1,800,000 to settle Plaintiffs' claims.

16             **b.      The Experience, Reputation, and Ability of Counsel, and the
17                       Skill They Displayed in Litigation**

18             Class Counsel is experienced in complex class litigation including numerous FACTA and

19   other privacy related class actions.  *See* Grover Decl. at ¶ 2-4, 36, 42; Gaines Decl. at ¶¶ 2-6, 11-

20   14; Carpenter Decl. at ¶¶ 12-13.  Class Counsel's skills in developing the factual record and

21   persuading Defendant of the costs and risks of prolonged litigation were helpful in achieving the

22   Settlement.  Through their skill and experience, Class Counsel was able to obtain a settlement

23   that provides an outstanding result for the Class Members.

24             **c.      The Results Achieved**

25             Courts have consistently recognized that the result achieved is a major factor to be

26   considered in making a fee award.  *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933,

27   1941 (1983) ("most critical factor is the degree of success obtained"); *In re King Resources Co.*

28   *Sec. Litig.*, 420 F. Supp. 610, 630 (D. Colo. 1976) ("the amount of the recovery, and end result

1   achieved are of primary importance, for these are the true benefit to the client"); *Behrens v.*

2   *Wometco Enters., Inc.*, 118 F.R.D. 534, 547-48 (S.D. Fla. 1988) ("The quality of work performed

3   in a case that settles before trial is best measured by the benefit obtained."), *aff'd*, 899 F.2d 21

4   (11th Cir. 1990). Indeed, many courts have recognized that the most critical factor for

5   determining the reasonableness of a fee award is the overall result and benefit to the class from

6   the settlement. *In Re Omnivision Technologies, Inc.,* 2008 WL 123936, at *9 (N.D. Cal. 2008); *In*

7   *re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13627, at *27 (C.D. Cal. 2005).

8       Class Counsel achieved an exceptional result in this case, under all the circumstances.

9   The parties reached a non-collusive, arms-length settlement, with the assistance of a respected

10  federal magistrate judge (retired), after substantial discovery and contested litigation.   Grover

11  Decl. at ¶¶ 11-13; Carpenter Decl. at ¶¶ 5-6.  Moreover, while Defendant did not dispute that it in

12  fact printed prohibited information on customer receipts, Defendant strongly denied liability for

13  statutory damages and challenged Plaintiffs' ability to certify the class and prove a willful

14  violation of FACTA. Continued litigation of this lawsuit presented Plaintiffs with substantial

15  legal risks of certifying the class, proving liability and defeating any appeals relating to liability,

16  damages or class certification.  Grover Decl. at ¶ 42; Carpenter Decl. at ¶¶ 4-5.

17      The Class Members' support for the results achieved by Class Counsel is demonstrated

18  by the absence, to date, of any objections to either the Settlement or to Class Counsel's request

19  for fees, both of which were described clearly in the Notice.  *See* Hyduk Decl. at ¶ 13; Grover

20  Decl. at ¶ 21.[2]  Also, as of the date that this application is being filed, only three Class Members

21  have opted out of the Settlement.  Hyduk Decl. at ¶ 13.

22      The Settlement provides an excellent result for class members who suffered no actual

23  monetary loss as a result of Defendant's conduct.   Class Counsel in this case negotiated a

24  settlement which ensured that class members who submit a simple claim form will receive a

25  significant cash benefit.  Each Class Member who does not opt and files a valid claim will receive

26

27  [2] Not only have there been no objections to the settlement, but a settlement class member has expressly notified the Court via letter of his support for the requested attorneys' fees and costs.

28  Docket No. 41.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

a pro rata share of the Net Settlement Fund based on the distribution formula set forth in the Stipulation of Settlement. Ex. A at ¶ 59(a).  As of January 26, 2014, 17,230 Class Members have filed claims.  Hyduk Decl. at ¶ 12.  The exact amount that each participating class member will receive is dependent on the total number of claims received but, just as an example, if at the close of the class period, the number of total claims reaches 20,000, each participating class member will receive a payment of approximately $56.60.  Grover Decl. at ¶ 23.

If the Actions had not settled and, *if* Plaintiffs succeeded in overcoming the significant hurdle of class certification *and* proved Defendant's liability at trial, the class members would have been seeking FACTA statutory damages, which are limited to between $100 and $1,000.  15 U.S.C. § 1681n(a)(1)(A).  The Settlement provides the class members with a monetary payment that will likely be around $56.60 and does so at this juncture, avoiding the very real risk not succeeding at the liability phase, which likely would take years to determine.  These are significant benefits for the Class Members and the efficiency with which this litigation was conducted and resolved should be rewarded.  *See* Grover Decl. at ¶¶ 23, 44-46; Gaines Decl. at ¶ 6; *see also*, *e.g.*, *Heritage Bond*, 2005 U.S. Dist. LEXIS 13627, at *27-28 (median amounts recovered in settlement of shareholder class actions were between 2%-3% of possible damages).

### d.    Complexity and Novelty of the Issues

Class Counsel is unaware of any case where a defendant has been found liable for a willful violation of FACTA.  Grover Decl. at ¶ 43; Carpenter Decl. at ¶¶ 4-5.  Class Counsel therefore faced complex and novel issues concerning the interpretation of FACTA and the requirements for a "willful" violation of FACTA and determining how best to litigate the Actions so that willful violations could be established on a class basis.  Grover Decl. at ¶¶ 42-43; Carpenter Decl. at ¶ 5.

### e.    Size of the Total Settlement Value

Class Counsel negotiated a total Settlement Fund of $1,800,000.  Ex. A at ¶ 57.  Fee award percentages generally are higher in cases where the common fund is relatively small, *i.e.*, below $10 million.  *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 297-98 (N.D. Cal. 1995) (percentages of more than 30% tended to be awarded in cases with class funds of less than

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

$10 million); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008) ("Cases of under $10 Million will often result in result in fees above 25%."). In settlements of this size, fee percentages above the 25% benchmark are commonly awarded. *Van Vranken*, 901 F. Supp. at 297-98. Thus, given the size of the total common fund in this case, the 25% requested is reasonable.

### f.      Preclusion of Other Employment

Class Counsel's commitment to this litigation should not be overlooked in assessing the reasonableness of the fee request. Class Counsel was forced to forego other employment in order to devote the time necessary to pursue this litigation. *See* Grover Decl. at ¶ 47; Carpenter Decl. at ¶ 15.

### 3.      As of This Date, There Have Been no Objections to the Requested Attorneys' Fees

Plaintiffs' intention to request payment of Class Counsel's attorneys' fees was clearly disclosed to each Class Member in the Court-approved Class Notice and in information found on the settlement website. *See* Dkt. No. 40 (Exhibit B). As of the filing of this brief, there has been no objection to the request for attorneys' fees. Hyduk Decl. at ¶ 13; Grover Decl. at ¶ 21. The lack of objections signifies the Class Members' approval of the requested attorneys' fees.[3]

### C.      A Cross-Check under the Lodestar Method Confirms the Reasonableness of the Fee Requested

Courts may "cross-check" the percentage of the common fund against the lodestar to ensure reasonableness of the fee award. *Glass v. UBS Fin. Servs., Inc.*, 331 F. App'x 452, 456 (9th Cir. 2009) (approving the district court's "informal lodestar cross-check" for confirming the reasonableness of the percentage award); *Vizcaino*, 290 F.3d at 1050 (similar). The goal of both the lodestar and percentage of the common fund methodologies is the determination of a reasonable fee that is consistent with market rates. *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997) ("Reasonableness is the

---

[3] Not only have no objections been filed, an attorney Class Member sent in an unsolicited letter expressing his approval of the fees and costs requested. *See* Dkt. No. 41.

**KELLER GROVER LLP**

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

1    goal, and mechanical or formulaic application of either method, where it yields an unreasonable

2    result, can be an abuse of discretion."); *Matter of Cont'l Illinois Sec. Litig.*, 962 F.2d 566, 568

3    (7th Cir. 1992) (a court should "determine what the lawyer would receive if he were selling his

4    services in the market rather than being paid by court order."); *Vizcaino v. Microsoft Corp.*, 142

5    F. Supp. 2d 1299, 1304 (W.D. Wash. 2001) *aff'd*, 290 F.3d 1043 (9th Cir. 2002) (same).

6         A "lodestar" calculation multiplies the number of hours reasonably expended on the

7    litigation by counsel's reasonable hourly rates.  *In re Bluetooth*, 654 F.3d at 941. That lodestar

8    calculation, however, is only the starting point for determining an appropriate fee. *Id.*; *Staton*, 327

9    F.3d at 965; *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). A court may reduce or

10   enhance the lodestar figure based on several "reasonableness" factors, including the following:

11   1) the quality of the representation; 2) the benefit obtained for the class; 3) the complexity and

12   novelty of the issues presented; and 4) the risk of non-payment.  *In re Bluetooth*, 654 F.3d at 942,

13   citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).  The lodestar approach has

14   been criticized, however, as burdensome and incentivizing wasteful litigation: "It may encourage

15   attorneys to delay settlement or other resolution to maximize legal fees, and it places a great deal

16   of pressure on the judicial system, as the courts must evaluate the propriety of thousands of

17   billable hours. *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 193 (E.D. Pa. 2000);

18   *see also*, David F. Herr*, Manual for Complex Litigation* § 14.121 (4th ed. 2013) ("In practice, the

19   lodestar method is difficult to apply, time-consuming to administer, inconsistent in result, and

20   capable of manipulation. In addition, the lodestar creates inherent incentive to prolong the

21   litigation until sufficient hours have been expended."); *In Re Oracle Secs. Litig.,* 131 F.R.D. 688,

22   689 (N.D. Cal. 1990) (noting that "the lodestar and its variants create incentives for wasteful

23   litigiousness by both sides."); *In Re Activision Secs. Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal.

24   1989) ("Where attorneys must depend on a lodestar approach there is little incentive to arrive at

25   an early settlement.").

26        Class Counsel invested over 450 hours of attorney time litigating this class action to date.

27   Grover Decl. at ¶¶ 28-29; Gaines Decl. at  ¶¶ 8, 10; Carpenter Decl. at ¶ 8.  Class Counsel

28   calculates its unadjusted lodestar be $268,007.50 based on reasonable hourly rates. Grover Decl.

at ¶¶ 28-35, 37-40; Gaines Decl. at ¶¶ 8, 10-15; Carpenter Decl. at ¶¶ 7-8. This amount does not include the time attorneys at Keller Grover LLP and the Carpenter Law Group will expend finalizing and filing this motion, preparing filing and attending the Final Fairness Hearing, and making sure that the settlement is properly administered. Grover Decl. at ¶¶ 28-29; Carpenter Decl. at ¶ 9. The $450,000 fee award requested represents Class Counsel's lodestar with a modest 1.68 multiplier. Grover Decl. at ¶¶ 37-40; Gaines Decl. at ¶¶ 8, 10-15; Carpenter Decl. at ¶¶ 7-8. In light of Class Counsel's reasonable hourly rates and reasonable hours worked, in addition to the substantial benefits obtained for the class, the quality of representation, complexity of the issues, and risk of non-payment, the $450,000 fee request is reasonable.

### 1.   Class Counsel's Hourly Rates are Reasonable

Under the lodestar method, courts should apply rates commensurate with hourly rates for private attorneys conducting non-contingent litigation of the same type. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Ordinarily, reasonable hourly rates are based on each attorney's current hourly rates. *Vizcaino*, 290 F.3d at 1051 ("calculating fees at [current hourly rates]…compensate[s] for delay in receipt of payment").

Class Counsel's hourly rates are summarized in the Grover Declaration, Gaines Declaration and Carpenter Declaration filed in support of this application. Grover Decl. at ¶¶ 29-25; Gaines Decl. at ¶¶ 11-14; Carpenter Decl. at ¶ 7. Rate determinations from other cases are satisfactory evidence of the prevailing market rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Class Counsel's hourly rates are well within the range of those found permissible for attorneys practicing class action litigation in the Northern District/San Francisco area market. *See e.g.*, *Vedachalam v. Tata Consulting Serv. Ltd.*, No. C 06–0963 CW, 2013 WL 3941319, at *3 (N.D. Cal. July 18, 2013) (finding similar range of hourly rates of class counsel experienced in complex class actions to be reasonable and comparable to rates charged by other attorneys in the field); *Bolton v. U.S. Nursing Corp.*, No. C 12–4466 LB, 2013 WL 5700403, at *5 (N.D. Cal. Oct. 18, 2013) (similar); *Wren v. RGIS Inventory Specialists*, No. C–06–05778 JCS, 2011 WL 1230826, *18-22 (N.D. Cal. April 01,

/ / /

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

1  2011) (similar); *see also*, Grover Decl. at ¶ 36 (listing hourly rates approved in other Bay Area

2  fee orders).

3  All of the attorneys that contributed work to this action specialize in complex class actions

4  and regularly litigate cases in California federal and state courts.  Grover Decl. at ¶¶ 30-35;

5  Gaines Decl. at ¶¶ 2-6, 11-14; Carpenter Decl. at ¶¶ 12-13.  The partner managing the litigation

6  has an extensive history of success in litigating high-stakes complex class action cases.  Grover

7  Decl. at ¶¶ 2-4, 30.  Class Counsel's years of class action experience and expertise led to

8  Plaintiffs' success in resolving the action early in the litigation.  *See id.*  Reaching a settlement in

9  the face of Defendant's hard fought opposition to the class claims is evidence of Class Counsel's

10  skill and high quality of representation.

11  2.  Class Counsel's Hours are Reasonable

12  Class Counsel has spent approximately 450 hours litigating this case to date.  Grover

13  Decl. at ¶¶ 28-29; Gaines Decl. at  ¶ 8, 10; Carpenter Decl. at ¶ 8.  Reasonable hours include, in

14  addition to time spent during litigation, the time spent before the action was filed, including time

15  spent interviewing the clients, investigating the facts and the law, preparing the initial pleadings

16  and litigating the case.  *Webb v. Board of Educ.,* 471 U.S. 234 (1985).  In addition, the fee award

17  should include time spent to establish and the attorneys' fee claim.  *Serrano v. Priest* (*"Serrano*

18  *IV"*), 32 Cal.3d 621, 639 (1982).   The Grover Declaration, Gaines Declaration, Carpenter

19  Declaration submitted describe the work performed by Class Counsel, which included fact

20  investigation, drafting the complaint, propounding written discovery, drafting a mediation brief,

21  preparing for and attending mediation, negotiating the settlement, among other tasks necessary to

22  this litigation.  *See* Grover Decl. at ¶¶ 10-15, 28-29; Gaines Decl. at ¶¶ 8, 10; Carpenter Decl. at

23  ¶¶ 6, 8, 14.  Class Counsel also has provided a summary of each attorney's time.  Grover Decl. at

24  ¶ 29; Gaines Decl. at  ¶ 10; Carpenter Decl. at ¶ 8; *Lobatz v. U.S. Cellular of Cal., Inc.*, 222 F.3d

25  1142, 1148-49 (9th Cir. 2000) (detailed time sheets were not required where fees were agreed

26  upon in settlement agreement); *see also*, *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224,

27  255 (2001) (detailed time sheets are not required for fee awards).

28  / / /

1   Class Counsel expects to spend at least another 30 hours preparing the final approval

2   motion, preparing for and attending the Final Approval Hearing, and dealing with claims

3   administration issues.  Grover Decl. at ¶¶ 15, 28; Carpenter Decl. at ¶ 9.  Those additional hours

4   are not included in the lodestar calculations.

5   3.   A Multiplier is Warranted in this Action

6   Based on the reasonable hourly rates suggested by Class Counsel, the requested fee award

7   would represent a modest multiplier of  1.68 – an amount well within the accepted range for class

8   action cases.  *See* 4 *Newberg on Class Actions* 4th (4th ed. 2002) § 14.6 ("[m]ultiples ranging

9   from one to four frequently are awarded in common fund when the lodestar method is applied.").

10   As discussed in Section IV.B.2 above, the benefits for the class, the novelty and complexity of the

11   willfulness issues in this case, Class Counsel's skill displayed in presenting them, the preclusion

12   of other accepting other work and the contingent nature of the fee award, and the fact that no

13   Class Member has objected to the requested fees support the application of a 1.68 multiplier to

14   the basic lodestar.  Thus, the lodestar cross-check supports that the 25% fee award requested is

15   reasonable.

16   **D.   Class Counsel's Request for Costs is also Reasonable**

17   In the course of this litigation, Class Counsel has incurred out-of-pocket costs of

18   $11,993.36 to date.  Class Counsel expects to incur additional costs totaling $1,250.00 before the

19   conclusion of the matter.  Grover Decl. at ¶ 49-51, Ex. B; Gaines Decl. at ¶ 16, Ex. B; Carpenter

20   Decl. at ¶¶ 10-11.   Generally, recoverable costs include "out-of-pocket expenses that would

21   normally be charged to a fee paying client."  *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994)

22   (internal citations and quotations omitted).  As demonstrated in the Grover Declaration submitted

23   herewith, the incurred costs included filing fees, mediator fees, travel, meal charges, parking fees,

24   research fees, courier charges, mailing costs, and Federal Express charges.  Grover Decl. at ¶¶ 49,

25   Ex. B; *see also*, Gaines Decl. at ¶ 16, Ex. B; Carpenter Decl. at ¶ 10.  Such costs are appropriate

26   for cost reimbursement in these types of cases.  *See e.g.*, *In re United Energy Corp. Sec. Litig*,.

27   MDL No. 726, 1989 WL 73211, at *6 (C.D. Cal. 1989) (quoting *Newberg*, Attorney Fee Awards,

28   § 2.19 (1987)); *see also*, *In re GNC Shareholder Litig*, 668 F. Supp. 450, 452 (W.D. Pa. 1987).

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

1    Class Counsel is seeking reimbursement of $13,243.36, which is less than the amount

2    provided in the Stipulation of Settlement and included in the Class Notice, to which no Class

3    Member has objected as of this date.  Grover Decl. at ¶¶ 21, 49-51, Hyduk Decl. at ¶ 13; *see*

4    Docket No. 40 (Exhibit B).

5    The costs incurred by Class Counsel in this litigation benefited Class Members.  In light

6    of the litigation costs that Class Counsel needed to incur to prosecute this action and the positive

7    reaction of Class Members, the request for reimbursement of $13,243.36 in Class Counsel's costs

8    is reasonable and should be granted.

9    **E.    Enhancement Awards for the Class Representatives are Reasonable**

10    Service awards are common in class action cases. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d

11    948, 958 (9th Cir. 2009) ("Incentive awards are fairly typical in class action cases."); *In re Mego*

12    *Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000); *Van Vranken v. Atl. Richfield Co.*, 901

13    F. Supp. 294, 299 (N.D. Cal. 1995); *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D.

14    Ga. 2001) ("Courts routinely approve incentive awards to compensate named plaintiffs for the

15    services they provided and risks they incurred during the course of the class action litigation").

16    An award to the named plaintiff is "intended to compensate class representatives for work done

17    on behalf of the class, to make up for financial or reputational risk undertaken in bringing the

18    action, and, sometimes, to recognize their willingness to act as a private attorney general."

19    *Rodriguez*, 563 F.3d at 958-59. A service award is appropriate as an incentive to the named

20    plaintiff to participate in the suit. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

21    The approval of service awards falls squarely within the discretion of the Court.  *See In re*

22    *Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 463; *Van Vranken*, 901 F. Supp. at 299.  In exercising

23    that discretion, district courts are "to scrutinize carefully the awards so that they do not undermine

24    the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d

25    1157, 1163 (9th Cir. 2013).  Within the Northern District, an incentive award of $5,000 continues

26    to be "presumptively reasonable." *See Burden v. Select Quote Ins. Servs.*, No. C10-5966 LB,

27    2013 WL 39887771, at *6 (N.D. Cal. Aug. 2, 2013) (approving $5,000 incentive award) (citing

28    *Jacobs v. California State Auto Ass'n Inter-Ins. Bureau*, No. C 07-00362 MHP, 2009 WL

1    3562871, at *5 (N.D. Cal. Oct. 27, 2009).  The $5,000 incentive award requested for each of the

2    Class Representatives in this case is the "presumptively reasonable" award and fairly reflects their

3    efforts in the action.

4        **F.    The Settlement Administrator's Fees are Reasonable**

5        The requested fees of the Settlement Administrator in this case is also reasonable.  Rust

6    Consulting is requesting payment of $180,635.29 for its fees incurred in administering this

7    settlement.   Hyduk Decl. at ¶¶ 14-15.   That is less than the amount that is provided for

8    administration fees in the Stipulation of Settlement.  Ex. A at ¶ 54.  Plaintiffs request that the

9    Court approve the $180,635.29 payment to Rust Consulting.

10   **V.    CONCLUSION**

11       For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion

12   and approve (1) a total payment of $463,243.36 to Class Counsel of which $450,000 represents

13   Class Counsel's fees and $13,243.36 is Class Counsel's out-of-pocket costs incurred in the

14   litigation of this action, (2) payment of enhancement awards of $5,000 each to Plaintiffs and

15   Class Representatives Miller and Lumos, and (3) payment of Rust Consulting, Inc.'s settlement

16   administration fees of $180,635.29.

17   Dated:  January 29, 2014                    **KELLER GROVER LLP**

18

19                                              By:  /s/ *Eric A. Grover*

20                                                    ERIC A. GROVER

21                                              *Attorneys for Plaintiff*
                                                ROBERT MILLER and the Class
22

23   Dated:  January 29, 2014                    **CARPENTER LAW GROUP**

24

25                                              By:  /s/ *Todd D. Carpenter*

26                                                    TODD D. CARPENTER

27                                              *Attorneys for Plaintiff*
                                                JAMIE LUMOS and the Class
28

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861