1  ERIC A. GROVER (SBN 136080)
   eagrover@kellergrover.com
2  **KELLER GROVER LLP**
   1965 Market Street
3  San Francisco, California 94103
   Telephone:   (415) 543-1305
4  Facsimile:   (415) 543-7861

5  *Attorneys for Plaintiff*
   ROBERT MILLER on behalf of himself and
6  others similarly situated

7  TODD D. CARPENTER (SBN 234464)
   todd@carpenterlawyers.com
8  **CARPENTER LAW GROUP**
   432 West Broadway, 29th Floor
9  San Diego, CA  92101
   Telephone:   (619) 347-3517
10 Facsimile:   (619) 756-6990

11 *Attorneys for Plaintiff*
   JAMIE LUMOS on behalf of herself and
12 others similarly situated

13              **IN THE UNITED STATES DISTRICT COURT**

14              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15                     **SAN FRANCISCO DIVISION**

16

| | |
|---|---|
| 17  ROBERT MILLER, on behalf of himself and all others similarly situated, | Case No. C-12-5978-CRB<br>Case No. C-13-1429-CRB |
| 18             Plaintiff, | <u>CLASS ACTIONS</u> |
| 19       vs. | |
| 20  SOUTHWEST AIRLINES CO., a Texas Corporation; and DOES 1 through 20, inclusive, | CONSOLIDATED FOR DISCOVERY PURPOSES ONLY |
| 21             Defendants. | **DECLARATION OF ERIC A. GROVER IN SUPPORT OF MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS, CLASS REPRESENTATIVES' ENHANCEMENTS AND CLAIMS ADMINISTRATOR'S FEES** |
| 22 | |
| 23  JAMIE LUMOS, on behalf of herself and all others similarly situated, | |
| 24             Plaintiff, | |
| 25       vs. | Date:   March 14, 2014 |
| 26  SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1 through 20, inclusive, | Time:   10:00 a.m.<br>Ctrm:   6, 17th Floor<br>Judge:  Hon. Charles R. Breyer |
| 27             Defendants. | |

28

I, ERIC A. GROVER, declare as follows:

1. I am an attorney duly admitted to the practice of law in the State of California and before this Court. I am a partner in the law firm Keller Grover LLP, co-counsel for Plaintiff Robert Miller and co-counsel for the Settlement Class. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently to the facts set forth below.

**Class Counsel's Experience:**

2. Between September 1988 and October 2005, I was first an associate and then a shareholder in the firm Littler Mendelson, P.C. Littler is the largest law firm in the United States specializing in labor and employment law. During my 17 years at Littler, I practiced extensively in all areas of labor and employment law, including wage and hour law and class action defense. I also have extensive litigation experience, including numerous arbitrations and trying a number of cases to verdict in state and federal courts.

3. In the time I worked at Littler, I worked on many class action matters. The following is a list of various class action matters for which I was the lead or co-lead defense attorney:

   a. *DLSE v. UI Video* (Blockbuster) (Alameda County) (Failure to provide uniforms.);

   b. *Vickery, et al. v. Cinema Seven, Inc.* (San Francisco County) (Independent contractor vs. employee status, overtime, minimum wage and expense reimbursement claims.);

   c. *ILWU, et al. v. DMS Messenger Services, et al.* (San Francisco County) (Overtime, minimum wage, expense reimbursement and waiting time penalties.);

   d. *Shields, et al. v. Lyon's Restaurants* (San Diego County) (Manager misclassification.);

   e. *O'Donnell, et al. v. Starving Students Movers* (Marin County) (Overtime, minimum wage and waiting time penalties.);

   f. *Cross, et al. v. Compass* (Sacramento County) (Overtime and waiting time penalties.);

   g. *Flowers, et al. v. Starving Students Movers* (San Joaquin County) (Overtime, minimum wage and waiting time penalties.);

   h. *Chen v. DMX Music, Inc.* (San Francisco County) (Improper chargebacks on commission payments.);

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

      i. *Tiffany, et al. v. Hometown Buffet* (San Francisco County) (Manager misclassification.);

      j. *Leoni, et al. v. Jetsetter Express, Inc.* (San Joaquin County) (Manager misclassification.);

      k. *Solano v. Clark Pest Control* (Los Angeles County) (Technician/salesperson misclassification.);

      l. *Guglielmino, et al. v. McKee Foods Corp.* (USDC-ND) (Independent contractor vs. employee status.); and

      m. *Evets v. Guess?, Inc.* (San Francisco County) (Manager misclassification.).

4. Between October 15, 2005 and the present, I have been practicing law at Keller Grover LLP. At Keller Grover, approximately 95% of my time is spent representing plaintiffs in employment, privacy and data breach class action matters. I am currently lead counsel or co-lead counsel on more than 15 different class actions. I have been named Class Counsel in numerous recent class action matters, including:

      a. *Watson v. Ann Taylor Stores Corp.*, Los Angeles County Case No. BC342729;

      b. *Novak v. Retail Brand Alliance, Inc., et al.*, Alameda County Case No. RG 05-223254;

      c. *Jos. A. Banks Overtime Cases* (Coordinated Proceeding of *Palmtag v. Jos. A. Bank Clothiers, Inc.* and *McClure v. Jos A. Bank Clothiers, Inc.*, Solano County Case No. JCCP NO. 4479);

      d. *Diaz v. Best Buy Stores, L.P.*, Alameda County Case No. Case No. RG 06-264187;

      e. *Lozoya v. PA Acquisition Corp.*, et al, Alameda County Case No. RG 06-258395;

      f. *Krispy Kreme Overtime Cases* (Coordinated Proceeding of *Avina v. Krispy Kreme Doughnut Corp. et al.* and *Hashimoto v. Krispy Kreme Doughnut Corp., et al.*, Alameda County Case No. JCCP No. 4489);

      g. *Walgreens Overtime Cases* (Coordinated Proceeding of *Lebrecque v. Walgreen Healthcare Plus* and *Wright v. Walgreen Co.*, Los Angeles County Case No. JCCP 4387);

      h. *Gring v. Claire's Boutiques, Inc.*, Alameda County Case No. RG 05-247759;

      i. *Greene v. Federated Retail Holdings, Inc.* San Francisco County Case No. CGC 06-449456;

      j. *Stermer v. L'Occitane, Inc.*, San Francisco County Case No. CGC 06-456056;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

DECLARATION OF ERIC A. GROVER ISO
MOTION FOR ATTORNEYS' FEES    2    CASE NO. C-12-5978-CRB
CASE NO. C-13-1429-CRB

k. *Wilde v. Catalina Restaurant Group, Inc. et al.*, Los Angeles County Case No. BC347513;

l. *Rogers v. Accentcare, Inc.*, Alameda County Case No. RG 05-237683;

m. *Fleming v. Dollar Tree Stores, Inc.*, United States District Court, Northern District of California Case No. Case No. C 06-03409 MJJ;

n. *Corrado v. Valero Services, Inc.*, Alameda County Case No. RG 07-322134;

o. *Stenroos v. Core-Mark International, Inc.*, San Mateo County Case No. CIV 451198;

p. *Ford v. Pilot Travel Centers LLC*, United States District Court, Northern District of California Case No. C-07-02715 TEH;

q. *Elsbury v. Pizza Hut of Southeast Kansas, Inc.*, United States District Court, Eastern District of California Case No. EDCV 07-00695 SGL (JCRx);

r. *Brior v. AE Retail West LLC*, San Francisco County Case No. CGC 06-455422;

s. *Moore v. Genesco, Inc. et al.*, Alameda County Case No. RG 06-270570;

t. *Stermer v. Ulta Salon, Cosmetics & Fragrance, Inc.*, San Francisco County Case No. CGC 08-427014;

u. *Lauzon v. Club Monaco U.S., LLC, Polo Retail, LLC, and Polo Ralph Lauren Corporation*, San Francisco County Case No. CGC 06-449963;

v. *Davenport v. Union Bank of California, N.A. and Unionbanc Investment Services LLC*, United States District Court, Central District of California Case No. 2:07-CV-00001 FMC (VBKx);

w. *Jacobs v. Les Schwab Tire Centers of California, Inc., et al.*, San Francisco Superior Court Case No. CGC 08-478372;

x. *Daniel Arias v. Praxair Distribution, Inc., et al.*, San Francisco Superior Court Case No. CGC 08-474506;

y. *Flores, et al. v. Zale Delaware, Inc.*, N.D. Cal. Case No. 07-00539 TEH;

z. *Payan et al. v. MetroPCS, Inc.*, San Francisco County Case No. CGC 08-476703;

aa. *Njoku v. Ecko Direct, LLC*, San Francisco County Case No. CGC 07-469480;

bb. *Wiggins v. Cingular Wireless Employee Services, LLC*, San Francisco County Case No. CGC 08-477763;

cc. *Lee v. Marshalls of CA LLC*, Alameda County Case No. RG 07-337021;

dd. *Flores v. Cintas Corporation No. 2, Inc.*, Los Angeles County Case No. BC400422;

ee. *Drew v. HCR Manor Care Medical Services of Florida, LLC, et al.*, San Francisco County Case No. CGC 09-490181; and

| DECLARATION OF ERIC A. GROVER ISO MOTION FOR ATTORNEYS' FEES | 3 | CASE NO. C-12-5978-CRB CASE NO. C-13-1429-CRB |
|---|---|---|

ff. *Ireland, et al. v. National Distribution Centers, L.P., et al.*, San Francisco County Case No. CGC 09-493709;

gg. *Lim-Hui v. Carter's Retail, Inc.*, San Francisco County Case No: CGC 09-484456;

hh. *Sefton v. OshKosh B'Gosh, Inc.*, San Francisco County Case No. CGC 09-484496;

ii. *Murphy v. Check n' Go of California, Inc.*, San Francisco County Case No. CGC 06-449394;

jj. *Wireless Advocates Wage and Hour Cases* (Coordinated Proceedings of *Turner, et al v. Wireless Advocates LLC*, *Reyna, et al. v. Wireless Advocates LLC* and *Burk v. Wireless Advocates LLC*), Los Angeles County Case No. JCCP 4600;

kk. *Matrix Service Wage and Hour Cases* (Coordinated Proceeding of *Hickman v. Matrix Service, Inc.* and *Alexander, et al. v. Matrix Service Company, et al.*), Alameda County Case No. JCCP 4610;

ll. *Sullivan v. Kelly Services, Inc.,* USDC ND Case No. 08-3893 CW;

mm. *Strickland, et al. v. Timec Company, Inc., et al.*, San Francisco County Case No. CGC 10-501832;

nn. *Davis and Duke v. Plant Performance Services LLC, et al.,* Alameda County Case No. RG 10-501301;

oo. *Jordan v. Directory Distributing Associates, Inc.,* San Francisco County Case No. CGC 10-500633;

pp. *Martin v. Total Safety U.S., Inc.,* Alameda County Case No. RG 10-533750;

qq. *Placer Title Company Wage and Hour Cases* (Coordinated Proceedings of *Shults v. Placer Title Co.* and *Nazeri v. Placer Title Co.*), Sacramento County Case No. JCCP 4567;

rr. *Martin, et al. v. Starcon International, Inc.,* Contra Costa County Superior Court Case No. MSC10-01071;

ss. *Meyer v. Irwin Industries, Inc.,* ADRS Case No. 11-3844-RAH;

tt. *Lazarin, et al. v. Total Western, Inc.,* JAMS Case No. 1100067385;

uu. *Potter v. Zale Delaware, Inc.,* Alameda County Superior Court Case No. RG 10-548469;

vv. *Canales, et al. v. Electrical & Instrumentation Unlimited of California, Inc.*, Kern County Superior Court Case. No. S-1500-CV-271947 WDP;

ww. *Schechter and Porter v. ISYS Solutions, Inc.,* Alameda County Superior Court Case No. RG 10-550517;

xx. *Gomez v. Pizza Hut of Southeast Kansas, Inc.*, San Bernardino County Superior Court Case No. CIVVS900679;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

yy. *Hernandez v. Bodell Construction* Company, Alameda County Superior Court Case No. RG12-624600;

zz. *Gilliam v. Matrix Energy Services, Inc.*, Alameda County Superior Court Case No. RG11-592345; and

aaa. *Tate v. Wyatt Field Services Co.*, Alameda County Superior Court Case No. RG 10-522846;

bbb. *Becerra, et al. v. RadioShack Corporation*, USDC ND Case No. C-11 03586 YGR;

ccc. *Vasquez, et al. v. Turnaround Welding Services, Inc.*, Contra Costa County Superior Court Case No. MSC12-00340;

ddd. *Betten and Lafa v. Diamond Wireless, LLC*, USDC CD Case No. 2:13-cv-02885 CBM; and

eee. *Martin v. AltairStrickland LLC*, Alameda County Superior Court Case No. RG11 575618.

**Factual and Procedural Background:**

5. On October 17, 2012, Plaintiff Robert Miller brought a putative class action against Defendant Southwest Airlines Co. ("Defendant" or "Southwest") captioned *Miller v. Southwest Airlines Co.*, No. RG12652437, in Alameda County Superior Court (the "First Action"). Defendant removed the First Action to the United States District Court for the Northern District of California on November 26, 2012, where it was assigned Case No. 3:12-cv-5978-CRB.

6. On February 12, 2013, Plaintiff Jamie Lumos brought a putative action (the "Second Action") captioned *Lumos v. Southwest Airlines Co.,* United States District Court for the Southern District of California Case No. 3:13-cv-0342-JLS-BGS, against Defendant. On March 25, 2013, the Second Action was transferred to the United States District Court for the Northern District of California and assigned Case No. 3:13-cv-1429-CRB.

7. On April 26, 2013, the Court ordered the First and Second Actions consolidated for discovery purposes. Docket No. 27.

8. FACTA prohibits any retailer that accepts credit and/or debit cards (collectively "credit cards") from printing "the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681 (c)(g). The Actions allege that Defendant violated FACTA, 15 U.S.C. § 1681 (c)(g), by willfully printing the credit and debit card expiration date on electronically printed receipts provided to individual consumers. In the Actions, Plaintiffs

seek statutory damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681n based on allegations that Southwest willfully violated FACTA by intentionally or recklessly disregarding the statute's requirements.

9.     Defendant has vigorously denied all of the allegations in their entirety. To date, no class has been certified and no court has made any findings that Defendant engaged in any wrongdoing or in any wrongful conduct or otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues presented in the Actions.

**Class Counsel's Work Litigating and Settling the Action:**

10.    Prior to the filing of this action, Class Counsel expended time and effort in investigating, researching, and preparing this case for litigation.

11.    Prior to the agreement to go to mediation, my firm and co-Class Counsel drafted and propounded numerous written discovery requests, including interrogatories, requests for admission, and document requests. We received over 2,000 pages of documents from Defendant and reviewed the written discovery requests that Defendant also served on Plaintiffs. In addition, Class Counsel requested and received relevant documents from third-parties Visa and Chase Paymentech. My firm and co-Class Counsel also drafted Plaintiffs' Rule 26 initial disclosures.

12.    As the discovery process continued, co-Class Counsel and I engaged in discussions with counsel for Defendant regarding potential settlement and eventually agreed to exchange additional information informally and schedule a formal mediation session. A mediation was scheduled with respected mediator and retired U.S. Magistrate Judge, the Hon. Leo S. Papas. Prior to the mediation session, my firm drafted, and co-Class Counsel reviewed and approved, a mediation brief that was submitted to the mediator and Defense Counsel.

13.    Co-Class Counsel and I attended the mediation session on June 24, 2013. With the assistance of Judge Papas (Ret.), we were able to engage in arms-length negotiations with counsel for Defendant and reach an agreement to settle both Actions. With the assistance of co-Class Counsel, my firm drafted a detailed, formalized settlement agreement and exhibits and negotiated the language and terms with Defense Counsel until the Stipulation of Settlement setting forth all of the settlement terms and the exhibits was finalized. All terms of the Parties' settlement agreement

1 are set forth in the Stipulation of Settlement and Release Between Plaintiffs and Defendant
2 ("Stipulation of Settlement"), a true and correct copy of which is attached hereto as **Exhibit A**.

3   14.   With the assistance of co-Class Counsel, my firm drafted and filed the motion for
4 preliminary approval of the proposed class settlement and supporting papers, which were filed on
5 September 17, 2013. Docket No. 36.

6   15.   I expect to spend additional time working with the settlement administrator on the
7 remaining claims process, moving for final approval of the settlement, attending the final fairness
8 hearing and moving for dismissal of the action.

9 **Preliminary Approval and Continuing Claims Process**

10   16.   On October 18, 2013, the Court granted preliminary approval of settlement.
11 Docket No. 40.

12   17.   Pursuant to the Court's order, the settlement Class is defined as "All individuals
13 who used a credit card or debit card to complete a purchase or transaction at a Southwest airport
14 ticket counter or cargo counter resulting in an electronically printed receipt between October 17,
15 2007 and January 25, 2013 (the "Settlement Class"). The Settlement Class excludes business
16 customers who are not covered by FACTA and current employees of Defendant or the Court or its
17 staff.

18   18.   The notice procedure set forth in the Stipulation of Settlement and approved in the
19 Court's preliminary approval order required that notice of the class settlement be provided in
20 multiple ways: publication on the internet via a settlement website, email notification, and
21 publication on two separate occasions in a national newspaper. *See* Ex. A at ¶ 61.

22   19.   Accordingly, on October 29, 2013, Rust Consulting, the Court-approved
23 settlement administrator, published the settlement website and activated the toll-free number. On
24 November 17 and 18, 2013, Rust Consulting sent over 3,720,000 email notices to potential Class
25 Members. As part of this motion, April Hyduk of Rust Consulting has submitted a declaration
26 detailing Rust Consulting's work on this settlement to date.

27   20.   Also as required by the preliminary approval order, Rust Consulting caused the
28 Published Notice to twice appear in USA Today. *See* Hyduk Decl. at ¶ 4.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

21.     Class Members have until February 5, 2014 to submit claims, opt out of the settlement or object to the settlement. *See* Docket No. 40, Exhibit A. Rust Consulting reports that, as of January 26, 2014, it has received 17,230 claims, three opt outs (requests for exclusion), and no objections to the settlement. *See* Hyduk Decl. at ¶¶ 7, 12. No objections have been received directly by Class Counsel either. Rust Consulting will provide an additional declaration including an updated account of the total claims, opt outs and objections with the motion for final approval that will be filed on February 21, 2014.

**The Settlement Terms:**

22.     The settlement provides that Defendant will pay a total settlement amount of $1,800,000 to resolve the class claims covered by the settlement. After subtracting out payments for the administrative expenses, class counsels' fees and costs, and the class representatives' enhancement awards, the Net Settlement Fund is expected to be approximately $1,132,053.

23.     The Stipulation of Settlement also provides that settlement Class Members who do not opt out and file a timely claim will receive a pro rata share of the Net Settlement Fund. The actual amount that each Class Member will receive will be determined by the number of valid claims submitted. As of January 26, 2014, 17,230 claims have been filed. With only two weeks left in the claims period, it is unlikely that the total claims filed will reach 20,000. However, even if the total claims filed reaches 20,000, based on a Net Settlement Fund of $1,132,052, each settlement Class Member who submits a valid claim would receive approximately $56.60 -- an amount reasonably close to the $100.00 statutory damage provided for in 15 U.S.C. § 1681n(a)(1)(A).

24.     The Stipulation of Settlement requires that all of the Net Settlement Fund must be paid out to settlement Class Members who submit valid claims. There is no reversion of any amount to Defendant. See Ex. A at ¶ 59(e).

25.     The settlement also provides all Settlement Class members with the opportunity to request exclusion from the settlement or object to the settlement terms. See Ex. A at ¶¶ 66, 67.

///

///

**Class Counsel's Fee Request:**

26.     Class Counsel is seeking a fee award of $450,000, which is 25% of the total settlement value. The percentage sought is reasonable not only because it is the Ninth Circuit's accepted benchmark but also because of the risks Class Counsel undertook in accepting this case given its contingent nature, the quality of the representation we provided to the Class, the exceptional results achieved, and the preclusion of other employment, as discussed below.

27.     Furthermore, the reasonableness of the percentage requested is confirmed by a cross-check under the lodestar method, as the following information regarding Class Counsel's hourly rates and time spent demonstrates

28.     Through January 24, 2014, attorneys at Keller Grover LLP spent a total of 282 hours litigating this case engaged in the litigation activities discussed above, along with other necessary tasks required to litigate the putative class action. Class Counsel expects to spend at least another 30 hours drafting this motion, drafting the final approval motion, preparing for and attending the Final Approval Hearing, and dealing with claims administration issues.

29.     The following chart summarizes the hours expended by Class Counsel at Keller Grover LLP in connection with this litigation through January 24, 2014:

| NAME | POSITION | LAW SCHOOL YEAR | RATE | HOURS[1] | BILLING |
|---|---|---|---|---|---|
| Eric A. Grover | Partner | 1988 | $725 | 106.00 | $76,850.00 |
| Jeffrey F. Keller | Partner | 1989 | $725 | 56.50 | $40,962.50 |
| Kate Scanlan | Sr. Associate | 1998 | $575 | 40.50 | $23,287.50 |
| Elizabeth Acevedo | Sr. Associate | 2003 | $525 | 47.50 | $24,937.50 |
| Rubi Quihuis | Associate | 2005 | $275 | 31.50 | $ 8,662.50 |
| **Total Lodestar** | | | | **282.00** | **$174,700.00** |

///

///

---

[1] In an exercise of billing judgment, some time-entries have been rounded down and other time entries were not included.

30. The rates used to calculate our attorneys' fees in this case are our current 2014 rates. My partner and I periodically establish hourly rates for all billable personnel in my firm. We set the rates based on our regular and on-going monitoring of prevailing market rates in the San Francisco Bay Area for attorneys of comparable skill, experience, and qualifications. In doing so, we obtain information concerning market rates from other attorneys in the area who perform comparable litigation, including the prosecution or defense of complex and/or class action litigation, from conversations with attorneys who are involved in fee litigation, from reviewing fee applications that are submitted in other cases (which report the billing rates of attorneys practicing in other firms), and the orders approving or disapproving them. We set the billing rates for our firm to be consistent with prevailing market rates in the private sector in the Bay Area for attorneys of comparable skill, qualifications and experience, but not at the higher or most aggressive end of the spectrum despite our belief that our work product and efficiency and general quality of representation is at the upper end of that continuum.

31. My reasonable hourly rate for this matter is $725 per hour. This rate is based on my more than 25 years of labor and employment experience and substantial involvement in class actions, including serving as lead or co-lead counsel for numerous employment and consumer class actions.

32. Jeffrey F. Keller, one of the named partners in this firm is a 1989 graduate of Loyola Law School of Los Angeles and holds an L.L.M. from New York University. Throughout his nearly 25 years of practice, Mr. Keller has represented plaintiffs in complex consumer, antitrust, and employment class actions. Mr. Keller's current reasonable hourly rate is $725.

33. Kathleen R. Scanlan, Esq. is a 1998 graduate of University of California Hastings College of Law and, throughout her career, has specialized in representing plaintiffs in consumer fraud, antitrust and employment class actions. Ms. Scanlan's current reasonable hourly rate is $575.

34. Elizabeth A. Acevedo, Esq. is a 2003 graduate of the University of Southern California Gould School of Law and, throughout her career, has represented plaintiffs in

///

employment, consumer and securities class actions. Ms. Acevedo's current reasonable hourly rate is $525.

35. Rubi Quihuis, J.D. is a 2005 graduate of University of California Hastings College of Law and a member of the California and Washington state bars. Ms. Quihuis was sworn in as a member of the California state bar in December 2012. Ms. Quihuis' current reasonable hourly is $275.

36. Class Counsel's rates also are in line with Bay Area attorney rates approved in orders in other California cases:

(a) *Savaglio, et al. v. WalMart*, Alameda County Superior Court No. C-835687-7, Order Granting Class Counsel's Motion for Attorneys' Fees, filed September 10, 2010, a wage and hour class action, in which the court found the following 2010 hourly rates reasonable (before applying a 2.36 multiplier):

| Years of Experience | Rate |
| --- | --- |
| 51 | $875 |
| 39 | 750 |
| 38 | 600 |
| 33 | 775 |
| 25 | 550 |
| 23 | 650 |
| 21 | 625 |
| 19 | 610 |
| 18 | 600 |
| 17 | 585 |
| 16 | 570 |
| 15 | 560 |
| 14 | 550 |
| 13 | 525 |
| 12 | 515 |
| 11 | 510 |

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

| Years of Experience (cont'd) | Rate (cont'd) |
|---|---|
| 10 | 505 |
| 9 | 500 |
| 7 | 460 |
| 4 | 435 |
| Law Clerks | 125-260 |

(b) *Santa Fe Pointe, L.P. v. Greystone Servicing Corp.* (N.D.Cal. 2009) 2009 U.S. Dist. LEXIS 100448, a business litigation matter, in which the court found the following 2009 hourly rates reasonable:

| Years of Experience | Rate |
|---|---|
| 20 | $675 |
| 2 | 350 |
| 4 | 250 |
| Law Clerks | 150 |

(c) *Kashmiri et al v. Regents of U.C.*, San Francisco Superior Court, Order Granting Plaintiffs' Motion for Common Fund Attorneys' Fees and Expenses, filed September 30, 2008, an action challenging unlawful student fees, in which the court found the following 2008 rates reasonable (before applying a 3.7 lodestar multiplier):

| Years of Experience | Rate |
|---|---|
| 40 | $750 |
| 22 | 690 |
| 14 | 590 |
| 7 | 420 |
| 4 | 345 |
| 2 | 295 |
| Law Clerks | 200 |

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

DECLARATION OF ERIC A. GROVER ISO
MOTION FOR ATTORNEYS' FEES
12
CASE NO. C-12-5978-CRB
CASE NO. C-13-1429-CRB

| Years of Experience (cont'd) | Rate (cont'd) |
|---|---|
| Paralegals | 195 |

(d) *Environmental Law Foundation v. Laidlaw Transit, Inc.*, San Francisco Superior Court No. CGC-06-451832, Order Granting Motion for Court Approval of Parties Joint Stipulated Judgment, filed September 22, 2008, an environmental enforcement action, in which the court found the following 2008 hourly rates reasonable in a Proposition 65 action (before applying a 1.25 multiplier):

| Years of Experience | Rate |
|---|---|
| 29 | $750 |
| 26 | 700 |
| 24 | 700 |
| 23 | 650 |
| 18 | 650 |
| 16 | 625 |
| 14 | 600 |
| 10 | 560 |
| 9 | 495-575 |
| 8 | 475 |
| 7 | 450 |
| 6 | 395 |
| 4 | 325 |
| 2 | 300 |
| 1 | 250 |
| Paralegals | 145-175 |
| Interns | 125 |

(e) *Gardner v. Schwarzenegger*, Alameda County Superior Court No. RG06-278911, Order After Hearing filed April 20, 2009, *aff'd by unpublished opinion*, 2010

Cal.App.Unpub.LEXIS 1240, in which the court found the following 2008 rates reasonable (before applying a 1.75 multiplier):

| Years of Experience | Rate |
| --- | --- |
| 17 | $640 |
| 14 | 590 |
| 8 | 445 |

Also, recent Northern District case law describing hourly rates by comparable attorneys in similar complex class actions supports that Class Counsel's fee request is within the range of the Bay Area market. *See e.g.*, *Vedachalam v. Tata Consulting Serv. Ltd.*, No. C 06–0963 CW, 2013 WL 3941319, at *3 (N.D. Cal. July 18, 2013) (finding similar range of hourly rates of class counsel experienced in complex employment and consumer class actions to be reasonable and comparable to rates charged by other attorneys in the field); *Bolton v. U.S. Nursing Corp.*, No. C 12–4466 LB, 2013 WL 5700403, at *5 (N.D. Cal. Oct. 18, 2013) (approving similar range of hourly rates in complex class action); *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, *18-22 (N.D. Cal. April 01, 2011) (approving similar range of hourly rates in complex class action, citing the multiple declarations by counsel and other Bay Area plaintiffs' attorneys who affirmed the rates were at market). In *Vedachalam*, for example, the district court approved hourly rates for class counsel at Lieff Cabraser Heimann and Bernstein LLP of $725 for the lead partner with 20 years of class action experience, $525 for the partner with eight years of experience, and $425 for the associate with four years of experience. *Vedachalam*, 2013 WL 3941319, at *3 (counsel's hourly rates were set forth in the declarations). Similarly, in *Bolton*, the district court approved class counsel's hourly rates, including $750 for the lead partner with 30 years of experience, $550 for an associate with 11 years of experience, and $415 for an associate with nine years of experience. *Bolton*, 2013 WL 5700403, at *5.

37. Keller Grover LLP's lodestar through January 24, 2014 is $174,700.

38. Mr. Gaines' firm has expended 75.1 hours to date and expects to spend another 30 hours on the action, resulting in a lodestar of $39,462.50. *See* Gaines Declaration.

39. Mr. Carpenter's firm has expended 97.90 hours on this case, resulting in a lodestar of $53,845.00. *See* Carpenter Declaration.

40. The collective lodestar for Class Counsel $269,007.50. Co-Class Counsel Daniel Gaines and Todd Carpenter have submitted declarations detailing their hours worked and rates.

41. <u>Contingent Nature of Case and Risk to Counsel</u>: This Court can appreciate that litigating a class action case against a large and well-funded corporate defendant represented by an excellent law firm is not appealing to most lawyers, particularly when the plaintiffs' lawyer will have to finance the litigation. This case was taken on a contingency basis and is not a case undertaken lightly. The risk of advancing costs in this type of litigation can be quite a burden.

42. Even with my extensive experience litigating class action cases, prosecuting these cases still carries a considerable amount of risk. This case involved a significant uncertainty and risk, both in not prevailing on the merits and in non-certification. Defendant disputes Plaintiffs' ability to certify a class and prove that Defendant is liable for a willful violation of FACTA. The Parties therefore faced complicated legal issues concerning the interpretation of FACTA and the requirements for a "willful" violation of FACTA.

43. <u>Novelty and Complexity of Issues</u>: Litigation of FACTA claims are a relatively new area of law. Class Counsel is unaware of any case in which the court has made a merits determination that a defendant willfully violated FACTA, requiring Class Counsel to litigate the case without the benefit of legal precedent as to what will be required to prove liability at trial.

44. <u>Quality of Representation and Results Achieved</u>: The nature of class action work and the expertise of the attorneys in my firm also justify our hourly rates as well. I and the attorneys who worked on this case have expertise in representing consumers in FACTA and other privacy related class actions and have provided the settlement Class with an exceptional quality of representation.

45. Because of that experience, we were able to resolve the action efficiently and fairly and obtain significant monetary benefits to the Class, as described above. The success achieved by the Settlement supports Class Counsel's fee request.

///

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

46. With only two weeks left to object or opt-out, no Class Member has objected to the settlement and only three have opted out. The overwhelming rate of acceptance of the settlement by Class Members supports Class Counsel's fee request.

47. <u>Preclusion of Other Work:</u> A practice like ours can only properly litigate a limited number of cases at one time. The requirements of this case were significant. Had we not reached a settlement with Defendant, the demands of litigating this case would have required a significant portion of our resources. Thus, we were precluded from taking other cases due to the demands of this case.

48. Collectively, Class Counsel is requesting a fee award that equals 25% of the total settlement value, an award that is supported by a lodestar review. My experience in class actions as well as my review of fee awards in similar actions support my conclusion that the fee request is reasonable and in line with the common practice in this type of case.

**Class Counsel's Costs:**

49. Keller Grover LLP's costs to date are $7,811.39 and include mediation fees, filing fees, court courier charges, legal research fees, mailing charges, parking costs, travel costs, meal costs, and federal express costs. These costs were reasonably incurred in litigating this matter. Keller Grover LLP expects to incur additional costs of approximately $150.00 through the rest of the case. A true and correct copy of an itemized list of costs incurred by Keller Grover to date in this action is attached hereto as **Exhibit B**.

50. Co-Counsel have provided separate declarations stating the costs they incurred in this litigation.

51. Collectively, Class Counsel is seeking the Court's approval of $13,243.36 in costs, which is less than the maximum allowable amount provided for in the Settlement to which no Class Member has objected.

52. Thus, Class Counsel is seeking $450,000 in attorneys' fees and $13,243.36 in costs, a total of $463,243.36, as provided in the Stipulation of Settlement.

/ / /

/ / /

**Plaintiffs' Participation in the Action:**

53. Named Plaintiffs and Class Representatives Miller and Lumos have provided declarations explaining their participation in the litigation. Plaintiffs have been pursuing the Actions on behalf of the class members for almost two years.

54. Before the complaint was filed on October 17, 2012, Plaintiff Miller discussed his claims and the circumstances surrounding his transactions with Defendant with counsel. Once the complaint was filed, Plaintiff Miller assisted in the discovery process, including the initial disclosures. Plaintiff Miller also regularly communicated with counsel to discuss the status of the litigation and the settlement. Similarly, Plaintiff Lumos communicated regularly with co-Class Counsel Carpenter regarding the status of the case and assisted with the discovery process.

I declare, under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct. Executed this 29th day of January 2014 at San Francisco, California.

*/s/ Eric A. Grover*
ERIC A. GROVER