EXHIBIT A

1   Colin H. Murray (State Bar No. 159142)          Eric A. Grover (State Bar No. 136080)
    colin.murray@bakermckenzie.com                  eagrover@kellergrover.com
2   Christina M. Wong (State Bar No. 288171)        **KELLER & GROVER LLP**
    christina.wong@bakermckenzie.com                1965 Market Street
3   **BAKER & McKENZIE LLP**                        San Francisco, CA  94103
    Two Embarcadero Center, 11th floor              Telephone: +415 543 1305
4   San Francisco, CA  94111-3802                   Facsimile:  +415 543 7861
    Telephone:    +1 415 576 3000
5   Facsimile:    +1 415 576 3099
                                                    *Attorneys for Plaintiff*
6   Teresa H. Michaud (*pro hac vice*)              ROBERT MILLER on behalf of himself and
    teresa.michaud@bakermckenzie.com                others similarly situated
7   **BAKER & McKENZIE LLP**
    2001 Ross Avenue, Suite 2300                    Todd D. Carpenter (State Bar No. 234464)
8   Dallas, TX  75201                               todd@carpenterlawyers.com
    Telephone:    +1 214 978 3000                   **CARPENTER LAW GROUP**
9   Facsimile:    +1 214 978 3099                   432 West Broadway, 29th Floor
                                                    San Diego, CA  92101
10  *Attorneys for Defendant*                       Telephone: +1 619 347 3517
    SOUTHWEST AIRLINES CO.                          Facsimile:  +1 619 756 6990
11
                                                    *Attorneys for Plaintiff*
12                                                  JAMIE LUMOS on behalf of herself and
                                                    others similarly situated
13
                        **UNITED STATES DISTRICT COURT**
14
          **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**
15
16  ROBERT MILLER, on behalf of himself and     Case No. C-12-5978-CRB
    all others similarly situated,               Case No. C-13-1429-CRB
17
                     Plaintiff,                  **CLASS ACTIONS –**
18
            v.                                   **Consolidated for Discovery Purposes Only**
19
    SOUTHWEST AIRLINES CO., a Texas              **STIPULATION OF SETTLEMENT AND**
20  Corporation; and DOES 1 through 10, inclusive, **RELEASE BETWEEN PLAINTIFFS AND**
                                                 **DEFENDANT**
21                   Defendants.

22
23  JAMIE LUMOS on behalf of herself and others
    similarly situated,
24
                     Plaintiff,
25
            v.
26
    SOUTHWEST AIRLINES CO., a Texas
27  corporation; and DOES 1 through 20, inclusive,

28                   Defendants.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

This Stipulation of Settlement and Release ("Stipulation" or "Stipulation of Settlement" or "Agreement") is made and entered into by and between Plaintiffs ROBERT MILLER and JAMIE LUMOS on behalf of the class of plaintiffs defined below ("Plaintiffs"), and Defendant SOUTHWEST AIRLINES CO., a Texas corporation (hereinafter "Southwest" or '"Defendant"). Plaintiffs and Defendant are hereinafter collectively referred to as the Parties." The settlement provided for in this Stipulation is subject to the terms and conditions set forth in this Stipulation and the approval of the Court. All capitalized terms used in this Agreement shall have the meaning defined herein.

## I. RECITALS

1. On October 17, 2012, Plaintiff ROBERT MILLER, ("Miller") commenced an action (the "First Action") by filing a proposed class action complaint ("Miller Complaint") captioned *Miller v. Southwest Airlines Co.*, No. RG12652437, in Alameda County Superior Court. Defendant removed the First Action to the United States District Court for the Northern District of California on November 26, 2012, where it was assigned Case No. 3:12-cv-5978-CRB. The First Action alleges, *inter alia,* that on and after October 17, 2007, Defendant violated the Fair and Accurate Credit Transactions Act ("FACTA"), in particular 15 U.S.C. § 1681c(g), by willfully printing the credit and debit card expiration date on electronically printed receipts provided to card holders.

2. On February 12, 2013, Plaintiff JAMIE LUMOS ("Lumos") commenced an action (the "Second Action") by filing a proposed class action complaint ("Lumos Complaint") captioned *Lumos v. Southwest Airlines Co.,* United States District Court for the Southern District of California Case No. 3:13-cv-0342-JLS-BGS, against Defendant which alleges, *inter alia*, that Defendant violated "FACTA," in particular 15 U.S.C. § 1681c(g), by willfully printing the credit and debit card expiration date on electronically printed receipts provided to card holders.

3. FACTA prohibits merchants that accept credit and debit cards from printing "the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." FACTA's prohibition became effective as of January 1, 2005 with respect to point-of-sale

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

machines first put in use on or after that date, and as of December 4, 2006 with respect to all point-of-sale machines irrespective of age. 15 U.S.C. § 1681c(g).

4.     The FACTA truncation requirements apply to individual consumer transactions only, as opposed to transactions made by or for a business.  On and after October 17, 2007 through January 25, 2013, Defendant estimates that a total of between 880,000 and 2,200,000 relevant credit and debit card purchases or transactions occurred at its airport ticket counter and cargo counters that could have resulted in a printed receipt to customers, which Plaintiffs contend were in violation of FACTA's truncation requirements referred to in paragraph 3 above.  Based on historical data, Defendant further estimates that approximately one-half of these purchases or transactions were made by consumers and the other half by business customers not covered by FACTA.  Because many individual consumers made more than one purchase or transaction during the Class Period (as defined in paragraph 20 below), the Parties do not believe that the Settlement Class (as defined in paragraph 42 below) exceeds one million individual consumers, and is likely substantially less.

5.     On December 3, 2012, Defendant filed an Answer to Plaintiff Miller's Complaint.

6.     On April 10, 2013, Defendant filed an Answer to Plaintiff Lumos' Complaint.

7.     On March 25, 2013, the Second Action (the Lumos Complaint) was transferred to the United States District Court for the Northern District of California and assigned Case No. 3:13-cv-1429-CRB.

8.     On April 26, 2013, the Court ordered the First and Second Actions consolidated for discovery purposes.  The First Action and the Second Action are hereinafter collectively referred to as the "Actions."

9.     Thereafter, on May 9, 2013, the Court stayed the Actions until August 16, 2013, to permit mediation.

10.    On June 24, 2013, the Parties mediated the Actions with respected mediator and retired U.S. Magistrate Judge, the Hon. Leo S. Papas, (the "Mediation"), and reached a settlement subject to approval of the Court.

/ / /

11.     Defendant vigorously denies all claims asserted in the Actions, denies all allegations of wrongdoing and liability, and has denied the material allegations and asserted numerous defenses.  Defendant nevertheless desires to settle all claims that are asserted or that could have been brought based on the allegations in the Actions and any other currently pending or later filed actions making these same claims, on the terms and conditions set forth herein, solely for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation and for the purpose of putting to rest the controversies engendered by those actions.  Nothing in this Agreement shall be construed as an admission or concession by Defendant of the allegations raised in the Actions, of any fault, wrongdoing, or liability of any kind.

12.     The Parties recognize that the ultimate outcome in the Actions is uncertain and further recognize that achieving a final result through litigation would require substantial additional risk, discovery, time, and expense.

13.     Plaintiffs, on behalf of themselves and the putative classes, and their counsel have conducted a thorough investigation and evaluation of the facts and law relating to the claims asserted in the Actions, the merits of the claims asserted in the Actions, and the merits of Defendant's defenses.  Plaintiffs' counsel have conducted thorough arm's-length negotiations with Defendant and have obtained discovery (both formal and informal) necessary to confirm representations made by Defendant in the context of settlement negotiations before entering into this Stipulation.

14.     Based on their own independent investigation and evaluation, counsel for Plaintiffs believe that settlement with Defendant for the consideration and on the terms set forth in this Stipulation of Settlement is fair, reasonable, and adequate and is in the best interest of the members of the Settlement Class in light of all known facts and circumstances, including, but not limited to, the risk of significant delay, defenses asserted by Defendant, and potential appellate issues.

/ / /

/ / /

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

15.     It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from the Actions, as set forth more fully in paragraphs 68-69 below of this Stipulation of Settlement.

16.     NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties that, subject to the Court's approval, the Actions shall be fully and finally compromised, settled, and released, and shall be dismissed with prejudice, subject to and upon the terms and conditions described below.

## II.     DEFINITIONS

17.     "Actions" means collectively the First Action and Second Action as defined herein.

18.     "Agreement" or "Stipulation" or "Stipulation of Settlement" means this Stipulation of Settlement and Release Between Plaintiffs and Defendant.

19.     "Claim Form" means the form to be completed accurately and timely by each putative class member who elects to participate in the settlement, and either submitted online or printed and submitted by mail to the Settlement Administrator, without material alteration from the form of Exhibit "A" attached hereto.

20.     "Class Period" means the period of time from and including October 17, 2007 through January 25, 2013.

21.     "Court" means the United States District Court for the Northern District of California.

22.     "Defendant" or "Southwest" means Southwest Airlines Co.

23.     "Eligible Settlement Class Member" means each Settlement Class member who (1) has not timely excluded himself or herself from the settlement class by completing and timely submitting an Opt-Out Form and (2) makes a Valid Claim.

24.     "FACTA" means the Fair and Accurate Credit Transactions Act of 2003.

25.     "First Action" means the putative class action lawsuit titled *Robert Miller v. Southwest Airlines Co.*, Case No. RG12652437, filed on October 17, 2012 in the Superior Court of the State of California in and for the County of Alameda, which was removed to the United

KELLER GROVER LLP

1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

States District Court for the Northern District of California on November 26, 2012 as Case No. C-12-5978-CRB.

26.    "Judgment" means the Court's entry of an order finally approving the settlement of the Actions and dismissing the Actions with prejudice.

27.    "Long-Form Notice" means the form of notice, without material alteration from the form of Exhibit "C" attached hereto.

28.    "Lumos" means Plaintiff Jamie Lumos.

29.    "Lumos Complaint" means the putative class action complaint filed by Lumos in the Second Action (as defined below).

30.    "Mediation" means the Parties' mediation of the Actions with respected mediator and retired U.S. Magistrate Judge, the Hon. Leo S. Papas, on June 24, 2013.

31.    "Miller" means Plaintiff Robert Miller.

32.    "Miller Complaint" means the putative class action complaint filed by Miller in the First Action.

33.    "Net Settlement Fund" means the amount defined in paragraph 59 below.

34.    "Opt-Out Form" means the form to be completed by each Class member who wishes to be excluded from the settlement pursuant to the process described in paragraph 66 below, and either submitted online or printed and submitted by mail to the Settlement Administrator prior to the deadline set by the Court, without material alteration from the form of Exhibit "D" attached hereto.

35.    "Parties" means Robert Miller and Jamie Lumos, on behalf of themselves and the putative class that they represent, on the one hand, and Southwest Airlines Co. on the other hand.

36.    "Plaintiffs" means Miller and Lumos.

37.    "Pro-Rata Share" means the pro rata share of the Net Settlement Fund to be received by each Eligible Settlement Class Member pursuant to paragraph 59(a) below.

38.    "Published Notice" means the notice of proposed settlement, without material alteration from the form of Exhibit "B" attached hereto, as described in paragraph 61(a) below.

/ / /

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

KELLER GROVER LLP

1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

39.     "Released Parties" means Defendant Southwest Airlines, Co., as well as its present and former officers, directors, employees, members, managers, shareholders, agents, parents, subsidiaries, insurers, operators, partners, joint ventures, franchisees, franchisors, consultants, attorneys, successors and assigns.

40.     "Second Action" means the class action lawsuit titled *Jamie Lumos v. Southwest Airlines Co.*, Case No. 3:13-cv-00342-JLS-BGS, filed on February 12, 2013 in the United States District Court for the Southern District of California, which was transferred to the United States District Court for the Northern District of California, No. C-13-01429-CRB, and consolidated for the purposes of discovery with the First Action on April 26, 2013.

41.     "Settlement Administrator" means Rust Consulting, Inc., an entity retained by Plaintiffs' Counsel, with Southwest's approval, to work cooperatively with the Parties to arrange for the publication of notice to the class in accordance with the Court's orders and to administer this Agreement and the claims process.

42.     "Settlement Class" means all individuals who used a credit card or debit card to complete a purchase or transaction at a Southwest airport ticket counter or cargo counter resulting in an electronically printed receipt between October 17, 2007 and January 25, 2013.   The Settlement Class excludes business customers who are not covered by FACTA.   The Settlement Class further excludes current employees of Defendant or the Court or its staff. The "Class Period" is defined as the period October 17, 2007 through January 25, 2013, inclusive.

43.     "Settlement Check" means the check in the amount of the Pro-Rata Share issued by the Settlement Administrator to each Eligible Settlement Class Member pursuant to paragraph 59(b) below.

44.     "Settlement Fund" means a fund established by Southwest as set forth in paragraph 57 below.

45.     "Settlement Effective Date" means the date as set forth in paragraph 52 below.

46.     "Settlement Website" means a website to be published by the Settlement Administrator pursuant to paragraph 61(c) below.

47.    "Valid Claim" means an accurate and timely Claim Form submitted by a Settlement Class Member entitling the Settlement Class Member to a Pro-Rata Share as set forth in paragraphs 56 and 57 below.

**III.    AGREEMENT**

48.    **Consent to Further Consolidation of the Actions.**    The Parties and the Parties' Counsel hereby consent and agree to the Court's further consolidation of the Actions for the purpose of obtaining final approval of the settlement, including continuing the consolidation of the Actions through preliminary approval of the Stipulation of Settlement, the administration of the Stipulation of Settlement, final approval of the settlement and the ultimate resolution and dismissal of the Actions with prejudice as provided herein.

49.    **Reasonable Efforts.** The Parties agree to cooperate and take all steps reasonably necessary and appropriate to cause the Court to give preliminary approval to this Stipulation of Settlement as promptly as practical, to take all steps contemplated by this Agreement to effectuate the settlement on the stated terms and conditions, to obtain the Court's final approval of the settlement and dismiss the Actions with prejudice pursuant to the terms of this Stipulation of Settlement.

50.    **Settlement Contingent Upon Court Approval.**    It is agreed by and between Plaintiffs and the Defendant that the Actions and any claims, damages, or causes of action arising out of the dispute which is the subject of either of the Actions, be settled and compromised as between Plaintiffs and the Settlement Class, on the one hand, and Defendant, on the other hand, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the United States District Court for the Northern District of California (the "Court").

51.    **Certification for Settlement Purposes Only.**    Southwest does not oppose the certification for settlement purposes of a single nationwide Settlement Class.  No agreements made by Southwest in connection with this Agreement may be used by Plaintiffs, any Settlement Class member, or any other person to establish any of the elements of class certification other than for settlement purposes.  Preliminary certification of the Settlement

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

Class shall not be deemed a concession that certification of a single nationwide class is appropriate, nor is Southwest precluded from challenging class certification in further proceedings in these Actions or any other action if the Agreement is not finalized or finally approved. If this Agreement is not approved, the Settling Parties shall be returned to the status quo ante as of June 23, 2013, for all litigation purposes, as if this Agreement had not been negotiated or entered into. Accordingly, for purposes of settlement only, the Parties stipulate to certification of a settlement class in the Actions defined as follows:

> All individuals who used a credit card or debit card to complete a purchase or transaction at a Southwest airport ticket counter or cargo counter resulting in an electronically printed receipt between October 17, 2007 and January 25, 2013 (the "Settlement Class").

The Settlement Class excludes business customers who are not covered by FACTA. The Settlement Class further excludes current employees of Defendant or the Court or its staff. The "Class Period" is defined as the period October 17, 2007 through January 25, 2013, inclusive.

52. **Settlement Effective Date.** The Settlement embodied in this Stipulation of Settlement shall become effective upon the date on which all of the following have occurred: (a) execution of this Stipulation of Settlement by all Parties and counsel for the Settlement Class and counsel for Defendant; (b) certification of the proposed Settlement Class; (c) entry of a Judgment by the Court approving this Stipulation of Settlement and dismissing the Actions with prejudice in accordance with the terms herein (which terms include, but are not limited to, the Court's retention of jurisdiction over the enforcement of this Settlement). If there are any objections to the settlement that are not withdrawn by the date Judgment is entered, the effective date shall be after the Judgment is final by virtue of it having become final and non-appealable through (i) the expiration of all allowable periods for appeal or discretionary appellate review without an appeal or request for discretionary appellate review having been filed, or (ii) final affirmance of the Judgment on appeal or remand, or final dismissal or denial of all such appeals and requests for discretionary review (the "Settlement Effective Date").

53. **Settlement Administrator.** The Parties have agreed that, subject to Court approval, Rust Consulting, Inc. shall perform the duties of a settlement administrator ("Settlement Administrator") as set forth in this Agreement.

54. **Settlement Administration Costs.** The Settlement Administrator has estimated the entire cost of administering the settlement at $192,974. The fees and expenses which make up the total estimated cost of administration include, but are not limited to, tax document preparation, custodial fees, accounting fees, establishing a toll-free number and providing caller support, establishing a settlement website, arranging for published notice, providing email notification to Settlement Class members, overseeing the claims process, and issuing and mailing settlement checks.

55. **Claims-Made Settlement.** This Settlement is on a claims-made basis and entitles each Settlement Class member who (1) has not timely excluded himself/herself from ("opted-out of") the settlement and (2) makes a Valid Claim ("Eligible Settlement Class Member") to the settlement benefits. A Settlement Class member may submit only a single Valid Claim for one or more individual, non-business airport ticket counter and/or cargo credit or debit card purchases or transactions made between October 17, 2007 and January 25, 2013.

56. **Making a Valid Claim.** In order to make a Valid Claim, a Settlement Class member must complete a Claim Form (in the form without material alteration from that attached hereto as Exhibit "A") and timely submit the completed Claim Form to the Settlement Administrator. Settlement Class members may either complete the Claim Form online through the Settlement Website or print the Claim Form from the Settlement Website and submit a completed copy by mail. The Claim Form will require the Settlement Class member to provide under oath his/her name and address and an acknowledgement that the Settlement Class member used a credit or debit card to make an individual consumer, non-business-related purchase or transaction at a Southwest airport ticket counter, or an individual consumer, non-business-related Southwest cargo counter purchase or transaction, anytime between October 17, 2007 and January 25, 2013. The Claim Form shall also provide a field for optional telephone numbers, email addresses and the last four digits

of the credit or debit card used in connection with a covered purchase or transaction.  A Claim Form returned to the Settlement Administrator shall not be considered timely unless it is submitted electronically by, or postmarked with a date that is no later than, 90 days from the date the Published Notice is last made. A Settlement Class member need not submit a receipt or any other document in order to make a Valid Claim.

(a)   The Settlement Administrator shall provide to all Parties' counsel, 15 calendar days after the deadline for Settlement Class members to submit Valid Claim Forms, Opt-Out Forms or Objections (as set forth below), a report setting forth the then-current numbers of claims received, denied, and approved as valid, as well as the number of opt-outs and objections received.

(b)   If Defendant challenges a Claim Form as not having been submitted by an individual who meets the Settlement Class member definition or as otherwise failing to constitute a Valid Claim, counsel for the Parties shall meet and confer in order to attempt to resolve the dispute, which may include, if possible, contacting the affected Settlement Class member to provide additional information or supporting documentation.  If the Parties cannot resolve the dispute, the Settlement Administrator shall make a final and binding resolution of the dispute.  Defendant shall bear the burden of disproving the validity or authenticity of any submitted Claim Form.

(c)   The two named Plaintiffs, Miller and Lumos, shall automatically be deemed to be Eligible Settlement Class members whom have submitted a Valid Claim and need not submit a Claim Form to receive settlement payments from the Net Settlement Fund.

57.   **Establishment of Settlement Fund**.  Defendant Southwest agrees to pay the amount of $1,800,000 ("Settlement Fund") to be distributed by the Settlement Administrator pursuant this Agreement as described below.  Any and all amounts payable hereunder to members of the Settlement Class, the named Plaintiffs, counsel for Plaintiffs and the Settlement Class,

and/or to the Settlement Administrator, shall be payable exclusively from the Settlement Fund, leaving approximately $1,132,053 available to be divided among the Settlement Class members who submit a Valid Claim.

58.   The Settlement Administrator has estimated that it will cost approximately $82,498 to run the Published Notice twice, set up the Settlement Website, and email the Published Notice.  Within five calendar days after the Court grants preliminary approval of the Settlement, Southwest shall transfer $82,498 by an electronic wire transfer to an account at a federally-insured bank designated by the Settlement Administrator to cover these estimated costs.  Within 10 business days of the Settlement Effective Date, Southwest shall transfer $1,717,502 which represents the remaining balance of the Settlement Fund, by an electronic wire transfer to an account at a federally-insured bank designated by the Settlement Administrator.

59.   **Distribution of Settlement Fund.**  After deducting and paying within 15 business days of the Settlement Effective Date Plaintiffs' counsel's attorneys' fees and costs, the service payments (enhancement awards) to the named Plaintiffs, and the Settlement Administrator's fees and costs from the Settlement Fund, all as approved by the Court, the resulting balance (the "Net Settlement Fund") shall be distributed as follows to Eligible Settlement Class members:

>   (a)   The Net Settlement Fund shall be divided by the number of Eligible Settlement Class members to determine each member's pro rata share ("Pro-Rata Share").

>   (b)   The Settlement Administrator shall issue a check in the amount of the Pro Rata Share to each Eligible Settlement Class member ("Settlement Check").

>   (c)   Settlement Checks will be mailed to Eligible Settlement Class members within 45 business days of the Settlement Effective Date.

>   (d)   Eligible Settlement Class members shall have 90 calendar days from the date of their Settlement Check to negotiate or deposit the Settlement Check. Thereafter, all Settlement Checks shall be deemed

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

void, and Eligible Settlement Class members with such Settlement Checks shall not be entitled to receive any payment under the Settlement. The face value (money amount) of all Settlement Checks that are deemed void shall remain in and as part of the Net Settlement Fund and 100 calendar days following the date of the Settlement Checks shall be donated to the Identity Theft Resource Center, a non-profit entity which provides consumer and identity theft victim support as well as public education, and advises governmental agencies, legislators, law enforcement, and businesses about the problem of identity theft.  None of the Parties or their counsel has any financial, personal, employment or other connection to any of these organizations.

(e)     Defendant shall have no right to the return of any portion of the Settlement Fund.

60.     **Ongoing Compliance with FACTA.**  The majority of Defendant's electronically printed receipts provided at the point-of-sale as a result of purchases or transactions complied with FACTA's truncation requirements, as set forth in 15 U.S.C. § 1681c(g), prior to the filing of the Actions.  As of October 30, 2012, all of Defendant's electronically printed receipts resulting from purchases or transactions at airport ticket counters have complied with FACTA's truncation requirements.  And, as of January 25, 2013, all of Defendant's electronically printed receipts resulting from purchases or transactions at cargo counters have complied with FACTA's truncation requirements.   Defendant hereby agrees to continue to abide by the truncation requirements of FACTA.

61.     **Notice to the Settlement Class.**  Defendant shall incur and pay for all notice costs described below, including but not limited to notice costs incurred by the Settlement Administrator, and all such costs shall be payable and deducted from the Settlement Fund.[1]

---

[1] If the settlement does not result in a final Judgment, Defendant shall be responsible to pay the Settlement Administrator for all costs and expenses incurred by the Settlement Administrator for work performed in connection

*(Cont'd)*

Notice shall be made to the Settlement Class through all of the following means:

(a) **Newspaper Notice:** No more than 14 calendar days after the Court grants preliminary approval of the settlement, Plaintiffs shall cause the notice, in the form without material alteration to that attached hereto as Exhibit "B" (the "Published Notice"), to be published in a weekday National Edition of the USA Today in a size no less than a 1/8 page ad.  The Published Notice shall run a second time in a weekday National Edition of the USA Today between the 15th and 21st calendar day after the Court grants preliminary approval.

(b) **Email Notice:** Defendant represents that it has email addresses for approximately 65% of the individuals and entities (i.e., both consumers and business customers) who made a credit or debit card purchase at an airport ticket counter during the Class Period.  Within 20 calendar days after the Court grants preliminary approval of the settlement, Defendant will provide these email addresses to the Settlement Administrator in a format to be mutually agreed upon by the Settlement Administrator and Defendant.  No more than 20 calendar days after the Defendant provides these email addresses to the Settlement Administrator, the Settlement Administrator shall email the Published Notice (Exhibit "B," hereto) to each of the email addresses provided.  The email shall include a link to Settlement Website described below.  The email addresses shall not be provided to Plaintiffs' counsel.

(c) **Settlement Website:** Beginning no more than 14 calendar days after the Court grants preliminary approval of the Settlement, the Settlement Administrator shall publish a website on the internet at the URL www.SouthwestFACTASettlement.com (or a similar name if

---

with this settlement, unless such result occurred because of a breach of this Stipulation by Plaintiffs or Plaintiffs' counsel.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

that one is not available)("Settlement Website") which shall set forth a summary of the terms of the settlement, and shall state the means by which Settlement Class members may communicate with the Settlement Administrator (including, but not limited to, the Settlement Administrators business name, address, phone number, facsimile number and e-mail address), instructions on how to make a claim (both electronically and by mail) and deadline(s) associated therewith, instructions on how to opt-out of the Settlement and deadline(s) associated therewith, and a toll-free telephone number which Settlement Class members may call to reach the Settlement Administrator for questions. The Settlement Website shall also provide, free of charge, a viewable, printable and downloadable copy, in PDF file format, of each of the following documents: this settlement Agreement; the Miller Complaint; the Lumos Complaint; the Defendant's Answer in each of the Actions; the Court's Order preliminarily approving the settlement and certifying the Settlement Class; the Claim Form; the Opt-Out Form (in the form without material alteration from that attached hereto as Exhibit "D"); and the Long-Form Notice (in the form without material alteration from that attached hereto as Exhibit "C"). The website shall remain active for six months after the Settlement Effective Date.

62. **Class Members' Inquiries.** Defendant and Defendant's Counsel will direct all inquiries from putative class members about this Agreement and the administration of this Agreement to the Settlement Administrator.

63. **Attorneys' Fees and Costs.** Defendant shall not object to or oppose an application to the Court by counsel for Plaintiffs and the Settlement Class for an award of up to $450,000 in attorneys' fees, plus up to $15,000 in costs and expenses, both payable from the Settlement Fund, to compensate said counsel for all of the work already performed in this case

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

and all of the work remaining to be performed in documenting this settlement, securing final Court approval of the settlement, and ensuring that the settlement is fairly administered and implemented. Payment to counsel for Plaintiffs and the Settlement Class (in the amount finally approved by the Court) will be made by the Settlement Administrator within 15 business days of the Settlement Effective Date.  The Parties agree that in no event shall Defendant be obligated to pay to Plaintiffs, any Settlement Class Member, Plaintiffs' Counsel, or counsel for any Settlement Class Member any amount in excess of the amount stated herein.  Plaintiffs and Plaintiffs' Counsel acknowledge that any conflict relating to the division of any attorneys' fees is to be decided among them as by agreement between the Parties, and Southwest will have no obligation beyond the lesser of the amount ordered by the Court or $450,000.  An award of attorneys' fees and expenses in an amount less than that requested by Plaintiffs' Counsel shall not be grounds for termination of this Agreement.  If the fees and/or costs awarded to Plaintiffs' Counsel are less than this amount, any difference shall become part of the Net Settlement Fund described below.

64.    **Service Payment (Enhancement Award) to Plaintiffs.**  Defendants shall not object to or oppose an application to the Court by each of the named Plaintiffs for a service payment (enhancement award) of up to $5,000 to each of them, payable from the Settlement Fund, to compensate each of the Plaintiffs for their service as representatives of the Settlement Class, which shall be in addition to any amount to which each Plaintiff shall be entitled to as a member of the Settlement Class.  Payment to Plaintiffs for this enhancement award (in the amount finally approved by the Court) will be made by the Settlement Administrator within 15 business days of the Settlement Effective Date.

65.    **Costs Not Identified in this Agreement.**  Under no circumstance shall Defendant be requested or required under this Agreement to incur or pay any fees, expenses, liability, damages or penalties that Defendant is not explicitly obligated to incur or pay hereunder.

66.    **Opt-Out Process.**  Settlement Class members will have 90 calendar days from the date the Published Notice is last made to exclude themselves from the Settlement by returning a completed Opt-Out Form to the Settlement Administrator. The Opt-Out Form shall be in the form attached hereto as Exhibit "D." Settlement Class members who

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

timely opt-out of the Settlement shall: (a) have no right to receive any benefits under the settlement; (b) not be bound by the terms of the settlement; and (c) not have any right to object to the terms of the Settlement or be heard at the final fairness hearing.  Opt-Out Forms must be submitted individually and cannot be made on behalf of a group of Settlement Class members. Each Opt-Out Form must be signed by the opting-out Settlement Class member.

(a)     The Settlement Administrator shall compile a list of all Settlement Class members who timely opt-out and provide a copy of that list to counsel for the Parties 10 calendar days after the close of the opt-out period.

(b)     If more than 25,000 Settlement Class members opt-out of this settlement, at Defendant's election, made at least 10 business days before the final approval hearing, this Agreement is null and void.  If Defendant elects to void this Agreement, it is responsible to pay the Settlement Administrator for all costs and expenses incurred by the Settlement Administrator for work performed in connection with this settlement.

67.     **Objections to the Settlement.**  Any Settlement Class member may, on his or her own, or through an attorney hired at his or her own expense, object to the settlement or to any of the terms of this Stipulation.  Any such objection(s) must be served on Plaintiffs' counsel and Defendant's counsel and filed with the Court. To be effective, any such objection(s) must be in writing, served on Plaintiff's' counsel and Defendant's counsel, and filed with the Court no later than 90 days from the date the Published Notice is last made or as the Court may otherwise direct. Each objection must include (1) the names of the Actions, (2) the objector's full name, address and telephone number, (3) proof of the objector's membership in the Settlement Class, (4) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel, (5) the identity of all counsel who represent the objector, if any, and (6) a statement confirming whether the objector or the objector's counsel or both intends to personally appear and/or testify at the final fairness hearing.

(a)     Any Settlement Class member who fails to timely file and serve written objections in this manner shall be deemed to have waived any objections

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

and shall be foreclosed from making any objections to the settlement and from filing any appeal from the Judgment.

(b)    At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Settlement Class members to submit written objections to the settlement or to appeal any of the Court's orders related to this Agreement.

68.    **Release by the Settlement Class.**  The time period covered by the release of claims described in this paragraph is the Class Period, i.e., October 17, 2007 through January 25, 2013.  As of the Settlement Effective Date, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Plaintiffs and each member of the Settlement Class who does not timely opt-out of the Settlement, and their representatives, agents, assignors, predecessors, successors and assigns, fully releases and forever discharges, and shall be forever barred from instituting, maintaining, or prosecuting against the Released Parties, any and all claims, liens, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action of whatever kind or nature, known or unknown, which were brought or alleged in the Actions or that could have been brought based on the allegations in the Actions, including without limitation all claims for violating the truncation requirements of FACTA, 15 U.S.C. § 1681c(g).

69.    **California Civil Code Section 1542.**  Plaintiffs expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity.  Plaintiffs took that into account in entering into this Agreement on behalf of themselves and the Settlement Class, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiffs and Defendant with the knowledge of the possibility of such unknown claims, were given in exchange for a full accord, satisfaction and discharge of all such claims.  Consequently, in connection with and limited to the release set forth in paragraph 68 above, as of the Settlement Effective Date, except as to such rights or claims as may be created by this Stipulation of Settlement, Plaintiffs and each member of the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

Settlement Class who does not timely opt-out hereby acknowledge and expressly waive any and all rights conferred by California Civil Code section 1542, which states:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR"**

as well as by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542. Plaintiffs and each member of the Settlement Class who does not timely opt-out also acknowledge that they may learn facts in addition to or different from facts known or believed to be known on the Settlement Effective Date. Nevertheless, Plaintiffs and each member of the Settlement Class who does not timely opt-out waive all claims relating to such unknown or different facts.

70.     **Duties of the Parties Prior to Court Approval of the Settlement.**   The Parties shall promptly submit this Stipulation of Settlement to the United States District Court for the Northern District of California. Thereafter, upon execution of this Stipulation of Settlement, Plaintiff shall promptly apply to the Court for the entry of a preliminary order:

(a)     continuing the consolidation of the Actions for the purpose of obtaining final approval of the settlement;

(b)     certifying a Settlement Class as defined herein;

(c)     appointing Plaintiffs Robert Miller and Jamie Lumos as class representatives for settlement purposes;

(d)     appointing Plaintiffs' counsel, Eric A. Grover, Daniel F. Gaines and Todd D. Carpenter, as class counsel for settlement purposes.

(e)     approving the means of notice, as described herein, to the Settlement Class as well as the form and content of all of the proposed notice forms;

(f)     approving as to form and content the proposed Claim Form;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

(g)     approving as to form and content the proposed Opt-Out Form;

(h)     directing notice to be provided to Settlement Class members as described herein;

(i)     preliminarily approving the settlement subject to final review by the Court;

(j)     establishing deadlines for Settlement Class Members to submit a Claim Form, to request for exclusion from the settlement, and to submit objections to the settlement;

(k)     appointing Rust Consulting, Inc. as the Settlement Administrator to perform the duties of a settlement administrator; and

(l)     scheduling a final fairness hearing on the question of whether the proposed settlement, including payment of attorneys' fees and costs, and Plaintiffs' service payments, is fair, reasonable and adequate to the Settlement Class.

71.     **Duties of the Parties In Connection With Final Court Approval of the Settlement.**   At the time of the final fairness hearing set by the Court, counsel for the Plaintiffs and the Settlement Class will submit a proposed final order and judgment, requesting that the Court:

(a)     approve the settlement reflected in this Stipulation of Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

(b)     approve Plaintiffs' counsels' application for an award of attorneys' fees and costs;

(c)     approve the service payments to Plaintiffs as the class representatives; and

(d)     dismiss the Actions in their entirety with prejudice and without costs to any of the Parties except as provided in this Stipulation of Settlement, provided, however, that the Court shall retain jurisdiction over the enforcement of this settlement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

72.   **Effect if Settlement Not Approved.**  This Agreement was entered into only for purposes of settlement.  In the event that the Court fails to grant preliminary approval or final approval, Plaintiffs' Counsel and Defendant's Counsel shall endeavor, consistent with the Agreement, to cure any defect identified by the Court; provided, however, that Defendant shall not be obligated to accept such cure if it increases the cost or burden of the Agreement to Defendant, and Plaintiffs' Counsel shall not be obligated to accept such cure if it substantially decreases the benefits to the Settlement Class described in paragraph 59 above.  In the event that the Court does not grant final approval of this settlement for any reason, then no term or condition of the Agreement, or any draft thereof, or discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Actions, or in any other proceeding. The Parties agree that all drafts, discussions, negotiations, documentation or other information prepared in relation to the Agreement, the Mediation and the Parties' settlement discussions shall be treated as strictly confidential and may not be disclosed to any person other than the Parties' counsel, and only for purposes of the Actions.  Further, in the event the Court fails to grant preliminary approval or final approval, the Parties preserve all substantive and procedural claims and defenses.

73.   **Agreement Shall Survive Any Intervening Change of Law.**  The Parties agree and intend that this settlement agreement will not be affected by any change, modification, reversal or clarification of the law, including but not limited to any change, modification, reversal or clarification regarding willfulness, the propriety of class certification, or Plaintiffs' counsel's right to attorneys' fees.

74.   **Parties' Authority.**  The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto to the terms and conditions hereof.

75.   **Mutual Full Cooperation.**  The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including, but not limited to, execution of such documents and to take such other action as may reasonably be

necessary to implement the terms of this Stipulation of Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, to effectuate this Stipulation of Settlement and the terms set forth herein.

76.   **No Prior Assignments.**  The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

77.   **No Admission.**  This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and neither this Agreement nor the releases given herein, nor any consideration therefor, nor any actions taken to carry out this Agreement, are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, or defense, or of any point of fact or law on the part of any Party. Southwest denies the allegations of the Actions.  Neither this Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by the Parties, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by the Parties in any proceeding, other than such proceedings as may be necessary to consummate, interpret, or enforce this Agreement.

78.   **No Tax Advice.**  Each of the Parties to this Agreement and their respective counsel acknowledges and agrees that: (a) no provision of this Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice; (b) each has relied exclusively upon his, her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Agreement; and (c) each has not entered into this Agreement based upon the recommendation of any of the other Parties or any attorney or advisor to any of the other Parties.

Each Plaintiff, Settlement Class Member, and their respective attorneys shall remain liable for any individual tax liability, including penalties and interest, arising out of any payment made to that person or entity pursuant to the terms of this Agreement.

79.   **Notices.**   Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and addressed as follows;

**To the Plaintiffs and/or the Settlement Class:**

Eric A. Grover, Esq.
KELLER GROVER LLP
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
eagrover@kellergrover.com

Daniel F. Gaines, Esq.
GAINES & GAINES, APLC
21550 Oxnard Street, Suite 980
Woodland Hills, California 91367
Telephone: (818) 703-8985
Facsimile: (818) 703-8984
daniel@gaineslawfirm.com

Todd D. Carpenter, Esq.
CARPENTER LAW GROUP
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 347-3517
Facsimile: (619) 756-6990
todd@carpenterlawyers.com

**To the Defendant:**

Colin H. Murray, Esq.
Teresa H. Michaud, Esq.
BAKER & McKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, California 94111
Telephone: (415) 576-3000
Facsimile: (415) 576-3099
colin.murray@bakermckenzie.com
teresa.michaud@bakermckenzie.com

80.   **Construction.**   The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

Parties. The presumption found in California Civil Code section 1654 (and equivalent, comparable, or analogous provisions of the laws of the United States or any state or territory thereof, or of the common law) that uncertainties in a contract are interpreted against the party causing an uncertainty to exist is hereby waived by all Settling Parties. Accordingly, this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Stipulation of Settlement.

81.     **Termination Right.**  If one party materially breaches this Stipulation, then the opposing party shall have the right, solely at its option, to terminate this Agreement upon written notice. To avoid any doubt, the breach by one Plaintiff shall not entitle the other Plaintiff to the right to terminate this Agreement.

82.     **Change of Time Periods.**  The time periods and/or dates described in this Stipulation with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Plaintiffs' Counsel and Defendant's Counsel, without notice to the Settlement Class.

83.     **Time for Compliance.**  If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

84.     **Governing Law.**  This Agreement is intended to and shall be governed by the laws of the United States and the State of California.

85.     **Headings and Interpretations.**  Any and all paragraph titles, headings or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof. Each term of this Stipulation of Settlement is contractual and not merely a recital.

86.     **Modification.**  This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by counsel of the Parties hereto, and approved by the Court.

87.   **Integration Clause.**   This Stipulation of Settlement contains the entire agreement between the Parties relating to the Settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, negotiations and statements, whether oral or written and whether by any party or such party's legal counsel, are merged herein, No rights hereunder may be waived except in writing.

88.   **Agreement Binding.**   This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

89.   **Arm's-Length Negotiations.**   The Parties have negotiated all of the terms and conditions of this Agreement at arm's length.  All terms, conditions and exhibits, in substantially  the same forms as those attached hereto, are material and necessary to this Agreement and have been relied upon by the Settling Parties in entering into this Agreement.

90.   **Effect of Exhibits.**   The exhibits to this Agreement are an integral part of this Agreement and are expressly incorporated and made a part of this Agreement.

91.   **Class Signatories.**   It is agreed that because the members of the Settlement Class are so numerous, it is impossible or impractical to have each member of the Settlement Class execute this Stipulation of Settlement. The notice program to the Settlement Class, as described in paragraph 61 above, will advise all Settlement Class members of the binding nature of the releases herein and such shall have the same force and effect as if this Stipulation of Settlement were executed by each member of the Settlement Class who does not timely opt-out of the settlement.

92.   **Publicity.**   There shall be no publicity of any kind (including, without limitation, seeking coverage in print, internet or other media) generated by the Plaintiffs or Plaintiffs' counsel with respect to the fact or terms of this settlement, or any matters in connection therewith. Neither the Plaintiffs, nor Plaintiffs' counsel shall in any way seek media attention or other publicity of any kind with respect to this settlement; nor shall they engage in any campaign (including on the Internet) regarding the settlement.  Nothing in this paragraph restricts Plaintiffs'

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax. 415.543.7861

1  counsel from truthfully responding privately to inquiries concerning the settlement from their
2  clients, including the Settlement Class. Nothing in this paragraph shall prevent the publication
3  and dissemination of Notice to the Settlement Class, as set forth herein. If contacted by a member
4  of the press, the Parties' counsel will be entitled to state the matter has been settled and refer such
5  media member to the website which contains the documents in the case. Notwithstanding
6  anything herein to the contrary, counsel may also make reference to this settlement in its resumé,
7  website reference materials, marketing materials and/or in any application for lead counsel.

8      93.   **No Solicitation.**   Plaintiffs, Plaintiffs' counsel, Defendant and Defendant's
9  Counsel agree not to notify, encourage, assist or solicit persons to exclude themselves from the
10 Settlement Class or object to this Agreement.

11     94.   **Counterparts.** This Agreement may be executed and delivered in counterparts,
12 each of which, when so executed and delivered, shall be deemed to be an original, including but
13 not limited to pages transmitted by facsimile or PDF.

14 AGREED TO AND ACCEPTED:

15 DATED: September 10, 2013          Plaintiff:
16
17                                    By: ROBERT MILLER

18 DATED: September 6, 2013           Plaintiff:
19
20                                    By: JAMIE LUMOS

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

STIPULATION OF SETTLEMENT        - 25 -

DATED: September 9th, 2013

**Defendant:**
SOUTHWEST AIRLINES CO.

By: _____
Justin Almand, Attorney II

DATED: September 12, 2013

**Attorneys For Plaintiffs and the Settlement Class:**
KELLER GROVER LLP

By: _____
Eric A. Grover

DATED: September 10, 2013

**Attorneys For Plaintiffs and the Settlement Class:**
GAINES & GAINES APLC

By: _____
Daniel F. Gaines

DATED: September 06, 2013

**Attorneys For Plaintiffs and the Settlement Class:**
CARPENTER LAW GROUP

By: _____
Todd D. Carpenter

DATED: September 9, 2013

**Attorneys For Defendant:**
BAKER & MCKENZIE LLP

By: _____
Colin H. Murray
Teresa H. Michaud

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

# EXHIBIT A

*(to **Stipulation of Settlement**)*

## SOUTHWEST AIRLINES FACTA SETTLEMENT CLAIM FORM

To receive you share of the settlement, **you must either submit this completed Claim Form online, or print and return this completed Claim Form, postmarked no later than _____, 2013** to:

Southwest Airlines Co. Settlement Administrator

c/o Rust Consulting, Inc.

P.O. Box XXXX

City / State, XXXXX

Toll Free: 1-8XX-XXX-XXXX

Website: www.SouthwestFACTASettlement.com

### I.   Your Name and Address

Please clearly print or type your information in the spaces below:

Name: _____

Street Address: _____

City: _____   State: _____   Zip Code: _____

Phone Number (Optional): _____   E-mail Address (Optional): _____

### II.  Credit/Debit Card Purchase Confirmation

**Although not required to submit a claim**, to the best of your ability, please state the last four digits of the credit or debit card you believe you used to make an individual, non-business related purchase or transaction at a Southwest Airlines Co. ticket counter or cargo counter between October 17, 2007 and January 25, 2013.

Last Four Digits of the Card Number: __ __ __ __

Please note that you may make only one claim regardless of the number of purchases you made between October 17, 2007 and January 25, 2013.

### III. Signature

I have read the Release Of Class Members' Claims information available at **[insert link to release]** and agree to forever relieve, release and discharge Southwest Airlines Co. and its present and former officers, directors, employees, members, managers, shareholders, agents, parents, subsidiaries, insurers, operators, partners, joint ventures, franchisees, franchisors, consultants, attorneys, successors or assignees, and each of them, from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs, and expenses, damages, actions, causes of action and claims for relief of whatever kind or nature, under any theory, whether legal, equitable or other, under the law, either common, constitutional,

statutory, administrative, regulatory, or other, of any jurisdiction, foreign or domestic, whether such claims are known or unknown, suspected or unsuspected, arising out of, or in connection with the matters or facts alleged or set forth in the Lawsuits.

By my signature below, I declare under penalty of perjury under the laws of the United States of America that, to the best of my belief, I made at least one individual, non-business related purchase or transaction at a Southwest Airlines Co. ticket counter or cargo counter between October 17, 2007 and January 25, 2013.

Dated: _____/_____/_____          _____
                                                 Signature

# EXHIBIT B

*(to **Stipulation of Settlement**)*

**<u>Legal Notice</u>**

# If You Used a Credit or Debit Card at a Southwest Airlines Ticket or Cargo Counter, You Could Benefit From a Settlement.

A Settlement has been proposed in two related class action lawsuits with Southwest Airlines Co. ("Southwest") over printed receipts that contained credit and debit card expiration dates. The Settlement provides payments to class members who submit valid claims. Southwest Airlines Co. denies it did anything wrong. Both sides agreed to a Settlement to avoid the uncertainty and cost of a trial, and provide benefits to class members. The Court has not decided in favor of either side. For detailed information, go to www.SouthwestFACTASettlement.com.

**Am I Included?**

You are included if you used a credit or debit card to make an individual, non-business related purchase or transaction at a Southwest airport ticket counter or a cargo counter between October 17, 2007 and January 25, 2013 and received a printed receipt.

**What Can I Receive?**

Southwest has agreed to create a Settlement Fund of $1,800,000. After fees and costs are deducted, the Settlement Fund will be divided equally among all class members who submit a valid Claim Form and do not exclude themselves from the Settlement.

**How Do I Receive Benefits?**

You must submit a Claim Form by mail or electronically by **Month 00, 0000** to get benefits. The Claim Form is available at the website below.

**Do I Need To Hire A Lawyer to Participate in the Settlement?**

No. The Court has appointed Eric A. Grover of Keller Grover LLP, Daniel F. Gaines of Gaines & Gaines, APLC, and Todd D. Carpenter of Carpenter Law Group to represent you and other class members, as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**What Are My Other Options?**

You have the option of (1) excluding yourself from the Settlement or (2) objecting to the Settlement. If you do nothing, your rights will be affected. If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month 00, 0000**. Otherwise, you will not be able to sue Southwest later about the legal claims in this case. If you exclude yourself, you cannot get benefits from this Settlement. If you stay in the Settlement, you may object to it by **Month 00, 0000**. The detailed notice available at the website below explains how to exclude yourself or object.

The Court will hold a hearing on **Month 00, 0000** to consider whether to approve the Settlement and attorneys' fees and costs of up to $465,000. You can appear at the hearing, but you do not have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**For more information and a Claim Form:
1-8XX-XXX-XXXX
www.SouthwestFACTASettlement.com**

---

**1-8XX-XXX-XXXX
www.SouthwestFACTASettlement.com**

# EXHIBIT C

*(to **Stipulation of Settlement**)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT MILLER, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>SOUTHWEST AIRLINES CO., a Texas Corporation; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No. C-12-5978-CRB<br>Case No. C-13-1429-CRB<br><br>**CLASS ACTIONS –**<br><br>**Consolidated for Discovery Purposes Only** |
| JAMIE LUMOS on behalf of herself and others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1 through 20, inclusive,<br><br>   Defendants. | |

**CLASS ACTION SETTLEMENT NOTICE**
**READ THIS NOTICE CAREFULLY, FOR YOUR LEGAL RIGHTS MAY BE AFFECTED**

You may be entitled to benefits under the terms of this Proposed Class Action Settlement. Please read the rest of this Notice to find out more.

**What is the Case About?**

This class action case alleges that Southwest Airlines Co. willfully violated the Fair and Accurate Credit Transactions Act by printing the expiration date on customers' credit or debit card receipts at airport ticket counters or cargo counters between October 17, 2007 and January 25, 2013.

**What is a Class Action?**

In a class action, one or more people called Class Representatives (in this case Robert Miller and Jamie Lumos), sue on behalf of people who have similar claims. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. United States District Court Judge Charles R. Breyer is in charge of this class action.

## Am I a Class Member?

You are a Class Member if you made an individual, non-business related credit card or debit card purchase or transaction at a Southwest airport ticket counter or cargo counter resulting in an electronically printed receipt between October 17, 2007 and January 25, 2013.

## Why is There a Settlement?

Both sides agreed to a settlement to avoid the uncertainty and cost of a trial and provide benefits to class members. The Court did not decide in favor of Plaintiffs or Defendant, and Southwest Airlines Co. denies any liability or wrongdoing of any kind associated with the claims asserted in this class action.

## What Can I Get From The Settlement?

Southwest Airlines Co. has agreed to create a Settlement Fund of $1,800,000 which, after fees and costs are deducted, will be divided equally among all Class Members who timely submit a valid Claim Form and do not exclude themselves from the settlement. It is estimated that approximately $1,132,053 will be available to be divided among Class Members who timely submit a valid Claim Form. Based on claims rates in other cases, the range of expected recovery per Class Member who submits a valid Claim Form is estimated at between $25 and $200. This is only an estimate. The actual amount paid out will depend on the number of Class Members who submit valid Claim Forms.

## What Do I Need to Do To Receive Settlement Benefits?

You must complete and timely return a Claim Form to the Settlement Administrator. A hard copy Claim Form may be obtained from the Settlement Website, www.SouthwestFACTASettlement.com or by requesting a Claim Form by calling 1-8XX-XXX-XXXX or writing the Settlement Administrator at [Address]. You may also file a Claim Form electronically by visiting the Settlement Website, www.SouthwestFACTASettlement.com. A Claim Form will not be considered timely unless it is filed electronically or returned to the Settlement Administrator by mail postmarked no later than [Date].

You may make only one claim regardless of the number of credit or debit card purchases you made between October 17, 2007 and January 25, 2013.

## What Am I Giving Up to Get Settlement Benefits or Stay In the Class?

Unless you exclude yourself, you will remain in the Class and be bound by the terms of the settlement and all of the Court's orders. This means that you can't sue or be part of any other lawsuit against Southwest about the issues in this case. Staying in the Class also means that you agree to the following release of claims which describes exactly the legal claims that you give up:

**Release by the Settlement Class.** The time period covered by the release of claims is October 17, 2007 through January 25, 2013. As of the settlement effective date, and except as to such rights or claims as may be created by the Settlement Agreement, each member of the Settlement Class who does not timely opt-out of the settlement, fully releases and discharges Southwest Airlines Co., as well as its present and former officers, directors, members, employees, managers, shareholders, agents, parents, subsidiaries, insurers, operators, partners, joint ventures, consultants, attorneys, successors and assigns, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action of whatever kind or nature, known or unknown, which were or could have been brought based upon the allegations in the Actions, including without limitation all claims for violating the truncation requirements of FACTA, 15 U.S.C. § 1681c(g).

**California Civil Code Section 1542.** In connection with and limited to the release set forth above, as of the settlement effective date, except as to such rights or claims as may be created by the Settlement Agreement, Plaintiffs and each member of the Settlement Class who does not timely opt-out hereby acknowledge and expressly waive any and all rights conferred by California Civil Code section 1542, which states:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR"**

as well as by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542. Plaintiffs and each member of the Settlement Class who does not timely opt-out acknowledge that they may learn facts in addition to or different from facts known or believed to be known on the settlement effective date.  Nevertheless, Plaintiffs and each member of the Settlement Class who does not timely opt-out waive all claims relating to such unknown or different facts.

### When Can I Expect To Receive My Settlement Benefits?

The Court will hold a hearing on [Date], to decide whether to give final approval to the settlement. Everyone who timely submits a Claim Form and does not exclude themselves from the settlement will be kept informed of the progress of the settlement through the dedicated settlement website at www.SouthwestFACTASettlement.com.  Please be patient.

### Can I Exclude Myself From the Settlement?

If you don't want to receive benefits from this settlement, but you want to keep the right to sue the Defendant on your own about the issues in this case, then you must take steps to exclude yourself from the settlement. To exclude yourself from the settlement, you must complete and return the Request For Exclusion From The Settlement form*, which may be obtained through the Settlement Website www.SouthwestFACTASettlement.com, or by calling 1-8XX-XXX-XXXX or writing the Settlement Administrator at [Address]. Be sure to include your name, address, telephone number, and your signature. You must mail your Request for Exclusion From The Settlement Form must be postmarked no later than [Date] and mailed to:

Southwest Airlines Exclusions

c/o [Name]

P.O. Box XXXX

City / State, XXXXX

If you request to be excluded from the settlement, you will not get any settlement benefits, and you cannot object to the terms of the settlement. You will not be legally bound by anything that happens in these two lawsuits,

### If I Don't Exclude Myself, Can I Sue the Defendant for the Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims that this settlement resolves. If you have a pending lawsuit covering this same claim, speak to your lawyer in that case immediately.  You must exclude yourself from this Class to continue your own lawsuit.

### Do I Have a Lawyer in the Case?

The Court has appointed Eric A. Grover of Keller Grover LLP, Daniel F. Gaines of Gaines & Gaines, APLC, and Todd D. Carpenter of Carpenter Law Group to represent you and other class members, as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### How Will the Lawyers Be Paid?

Class Counsel will ask the Court to approve payment of up to $450,000 to them for attorneys' fees and up to $15,000 in out-of-pocket costs. The fees would pay Class Counsel for investigating the facts, litigating the case and negotiating the settlement. Class Counsel will also ask the Court to approve payments of $5,000 each to Robert Miller and Jamie Lumos for their services as Class Representatives. The Court may award less than these amounts.  These amounts will be paid out of the Settlement Fund.

### How Do I Tell the Court That I Don't Like the Settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it.  Any such objection(s) must be served on Plaintiffs' counsel and Defendant's counsel and filed with the Court no later than [Date].  Each objection must include (1) the names of the two lawsuits, (2) the objector's full name, address and telephone number, (3) proof of the objector's membership in the Settlement Class, (4) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel, (5) the identity of all counsel who represent the objector, if any, and (6) a statement confirming whether the objector or the objector's counsel intends to personally appear and/or testify at the final fairness hearing.

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of Court, United States District Court Northern District of California 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102 | Eric A. Grover, Esq. KELLER GROVER LLP 1965 Market Street San Francisco, CA 94103<br><br>Daniel F. Gaines, Esq. GAINES & GAINES, APLC 21550 Oxnard Street, Suite 980 Woodland Hills, CA 91367<br><br>Todd D. Carpenter, Esq. CARPENTER LAW GROUP 432 West Broadway, 29th Floor San Diego, CA 92101 | Colin H. Murray, Esq. Teresa H. Michaud, Esq. BAKER & McKENZIE LLP Two Embarcadero Ctr., 11th Fl. San Francisco, CA 94111-3802 |

### What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a final fairness hearing at [Time] on [Date] at 450 Golden Gate Avenue, 17th Floor, San Francisco, California before Judge Charles R. Breyer. At this hearing the Court will

consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Breyer will listen to people who have asked to speak at the hearing. The Court will also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. Class Counsel do not know how long these decisions will take.

### Do I Have to Come to the Hearing?

No. Class Counsel will answer questions Judge Breyer may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### May I Speak at the Hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must file a request entitled "Notice of Intention to Appear in *Robert Miller v. Southwest Airlines Co.,* Case No. C12-5978 CRB, and *Jamie Lumos v. Southwest Airlines Co.,* Case No. C13-1429 CRB." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be filed with the Court no later than [Date]. You cannot speak at the hearing if you excluded yourself.

### What Happens if I Do Nothing At All?

If you do nothing, you will remain in the Class and be bound by the terms of the settlement and all of the Court's orders. This also means that you will not receive any settlement benefits and can't sue or be part of any other lawsuit against the Defendant about the issues in this case.

### Are There More Details About the Settlement?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement through the Settlement Website, www.SouthwestFACTASettlement.com or by calling 1-8XX-XXX-XXXX or writing the Settlement Administrator at [Address]. You can also contact Class Counsel:

Eric A. Grover, Esq.
KELLER GROVER LLP
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
eagrover@kellergrover.com

Todd D. Carpenter, Esq.
CARPENTER LAW GROUP
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 347-3517
Facsimile: (619) 756-6990
todd@carpenterlawyers.com

Daniel F. Gaines, Esq.
GAINES & GAINES, APLC
21550 Oxnard Street, Suite 980
Woodland Hills, California 91367
Telephone: (818) 703-8985
Facsimile: (818) 703-8984
daniel@gaineslawfirm.com

**PLEASE DO NOT CALL THE COURT WITH ANY QUESTIONS RELATED TO THE SETTLEMENT**

# EXHIBIT D

*(to **Stipulation of Settlement**)*

# REQUEST FOR EXCLUSION FROM THE SETTLEMENT

*Robert Miller v. Southwest Airlines Co.* **(Case No. C12-5978 CRB)** and
*Jamie Lumos v. Southwest Airlines Co.* **(Case No. C13-1429 CRB),**
**United States District Court for the Northern District of California**

Southwest Airlines Exclusions
c/o Rust Consulting, Inc.
P.O. Box XXXX
City / State, XXXXX
Toll Free: 1-8XX-XXX-XXXX

*READ ON ONLY IF YOU DO **NOT** WANT TO SHARE IN THE SETTLEMENT*

**This Request For Exclusion From The Settlement Form Must be Postmarked No Later Than _____, 2013**

Print your name, address, and telephone number, below:

Name: _____

Address: _____

City, State, Zip Code: _____

Telephone Number: _____

## INSTRUCTIONS

**If you do not want to participate in this settlement,** you may exclude yourself.  This is called "opting-out" of the settlement. If you opt-out of the settlement, (a) you will have no right to receive any benefits under the settlement in this case, (b) you will not be bound by the settlement, and (c) you will have no right to object to the settlement or be heard at the final fairness hearing.

To opt out, you must complete, sign and return this form to Southwest Airlines Exclusions c/o Rust Consulting, Inc., at the address listed above. To be timely, your Request For Exclusion From the Settlement form must be **postmarked no later than _____, 2013.**

## OPT-OUT SIGNATURE

By signing this Request For Exclusion From The Settlement form, I hereby opt out of this settlement. I understand that I will have no right to receive any benefits from the settlement in this case, and I will have no right to object to the settlement and be heard at the final fairness hearing.

Date: __ __/__ __/__ __ __ __

Signature: _____

Printed Name of Person Signing: _____