1 | ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
2 | **KELLER GROVER LLP**
1965 Market Street
3 | San Francisco, California 94103
Telephone: (415) 543-1305
4 | Facsimile: (415) 543-7861

5 | *Attorneys for Plaintiff*
ROBERT MILLER on behalf of himself and
6 | others similarly situated

7 | TODD D. CARPENTER (SBN 234464)
todd@carpenterlawyers.com
8 | **CARPENTER LAW GROUP**
432 West Broadway, 29th Floor
9 | San Diego, CA 92101
Telephone: (619) 347-3517
10 | Facsimile: (619) 756-6990

11 | *Attorneys for Plaintiff*
JAMIE LUMOS on behalf of herself and
12 | others similarly situated

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT MILLER, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SOUTHWEST AIRLINES CO., a Texas Corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants.<br><br>JAMIE LUMOS, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No. C-12-5978-CRB<br>Case No. C-13-1429-CRB<br><br>CLASS ACTIONS<br><br>CONSOLIDATED FOR DISCOVERY PURPOSES ONLY<br><br>**DECLARATION OF TODD D. CARPENTER IN SUPPORT OF MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS, CLASS REPRESENTATIVES' ENHANCEMENTS AND CLAIMS ADMINISTRATOR'S FEES**<br><br>Date:　　March 14, 2014<br>Time:　　10:00 a.m.<br>Ctrm:　　6, 17th Floor<br>Judge:　Hon. Charles R. Breyer |

I, TODD D. CARPENTER, declare:

1. I am an attorney duly admitted to practice law before all courts of the State of California, and I am the founder and owner of Carpenter Law Group ("CLG" or "Class Counsel"). I am one of the attorneys for Plaintiff and the Class herein. I make this declaration in support of Plaintiffs' Motion for Award of Reasonable Attorneys' Fees and Costs, Class Representatives' Enhancements and Claims Administrator's Fees. If called as a witness, I would and could testify to the following:

2. I have personally been involved in the prosecution of this Class Action since its inception and through to the present.

3. After a mutual exchange of information through formal discovery, the parties attended a mandatory settlement conference before Hon. Leo S. Papas in June of 2013 and engaged in lengthy and informed arm's-length negotiations, during which the parties reached a fair, reasonable, and adequate resolution as to the material terms of Class relief and Notice.

4. Southwest Airlines denies any wrongdoing in this case. Southwest Airlines contends the alleged violations, if any, were technological oversights and/or were otherwise unintended and thus there is no liability under the pertinent provisions of FACTA. Southwest Airlines also denies that this Action is suitable for class action status. No binding precedent was available regarding a finding of liability for "willful" conduct given FACTA's effective date of December 4, 2006

5. The uncertainty as to whether Southwest Airlines' conduct constitutes a "willful" violation of the statute creates substantial risk for both sides. There is no record of a FACTA truncation case proceeding to trial for final judgment. On the contrary, there are abundant decisions in which FACTA truncation cases have failed to gain class certification. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Class Action, as well as the difficulties and delays inherent in such litigation. This litigation involves complex class action issues, which would involve protracted risky litigation if not settled.

///

6. The Settlement Agreement, and the terms thereof, were reached after strenuous advocacy of the litigation and extensive negotiations, of which I participated. Plaintiffs and their counsel believe that the settlement set forth in the Settlement Agreement confers substantial benefits upon the Class Members, and is a fair, reasonable and adequate resolution of the Class claims against Defendant. As such, the settlement is entitled to a good-faith determination, and this Court should enter the proposed Final Order approving the settlement and the proposed Judgment.

7. If called upon, all detailed time records could be produced in this action, preferably for *in camera* review. My billable rate for the duration of this action has been and remains: $550.00 per hour. This rate is consistent with competitive market rates charged by consumer class action attorneys in the relevant San Diego market.

8. Carpenter Law Group has spent 97.9 hours to date prosecuting this action. My firm investigated the factual allegations and legal viability of the potential claims, propounded various discovery requests and third party subpoenas, reviewed and analyzed discovery produced by Defendant, researched issues regarding third party credit card and payment card contracts, had discussions with privacy consultants and potential expert witnesses, and investigated the continuance or cessation of Defendant's practice. My firm also conducted pre-mediation discovery, participated in the mediation itself, reviewed and edited the proposed settlement agreement, and met and conferred with counsel regarding the settlement terms. In addition, my firm consulted with Plaintiff Lumos and had various discussions with her regarding the progress of the action and settlement. My firm reviewed and edited the preliminary approval papers, has spent time managing claim inquiries, researched, drafted and revised the fee motion papers and accompanying declarations. Carpenter Law Group's actual lodestar to date is $53,845.00.

9. Carpenter Law Group also expects to spend additional time reviewing and revising the final approval papers, managing the administration of the final claims and settlement payments, and attending the final approval hearing. That additional time has not been accounted for in the lodestar calculation.

///

10. Set forth below is a summary of the costs expended and advanced in the prosecution of this action by relevant category:

| CATEGORY EXPENSE: | AMOUNT: |
|---|---|
| Copies, telephone and related pro rata overhead: | 334.56 |
| Filing fees and document services: | 830.68 |
| Client Meal(s) and related reimbursable costs: | 65.40 |
| Travel Expenses: | 894.40 |
| **TOTAL:** | **$2,125.04** |

11. I also anticipate incurring approximately $600.00 in additional costs related to my attendance at the final approval hearing.

12. During the course of my career I have taken and defended over 100 depositions in personal injury, complex and class action cases. I have successfully participated in mediations resulting in more than $50,000,000 in settlements or awards in class action cases. I have drafted, filed, and argued multiple motions in complex consumer class actions, including all forms of discovery, dispositive and certification motions. My practice focuses exclusively on consumer class action and complex litigation, representing plaintiff classes in major insurance fraud, unfair business practices, false and deceptive advertising, product liability cases and anti-trust violations. I have represented plaintiffs in numerous class action proceedings in California and throughout the country, in both state and federal courts. I have represented thousands of purchasers of consumer products, food, food supplements and over the counter drugs in state and federal courts throughout the United States in cases arising out of various false advertising claims made by manufacturers and retailers, including: Proctor & Gamble, General Mills, Bayer, Clorox, WD-40, Dean Foods, Botanical Laboratories, Inc. and Pharmavite. I was also counsel of record at my prior firm in the MDL proceeding, *In re: Hydroxycut Marketing and Sales Practices Litigation*, No. 09-02087 (S.D. Cal.), wherein my previous firm was designated as co-lead counsel for the class.

13. I have also represented thousands of consumer credit card holders against several major retailers arising from violations of the Song-Beverly Credit Card Act section 1747.08. I

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

have also represented thousands of consumer debit card holders against major commercial banks, including assuming a leadership role in In re: Checking Account Overdraft Litigation, *Larsen v. Union Bank* and *Dee v. Bank of the West*, MDL No. 2036 (S.D. Fl.). I have filed similar actions against several other banks and credit unions across the country, alleging that each institution manipulated the processing of customer debit card purchases to maximize overdraft fees.

14. Class Counsel worked diligently to represent the Class and protect its interests. Class Counsel propounded substantial written discovery; reviewed thousands of pages of documents produced in discovery; prepared third party subpoenas, met with privacy consultants, investigated the practices at multiple airport locations, verified the alleged conduct had in fact ceased and negotiated and secured a class settlement despite numerous rulings denying class certification in FACTA cases.

15. Carpenter Law Group spent significant time and resources in the prosecution of this case; time that would have otherwise been spent on other consumer class action matters.

16. As of the date of this declaration, not one Class member has objected to the terms or the settlement, the enhancement awards, nor Class Counsel's fee request since notice was provided. This is a highly favorable reaction, and one which is not surprising given that class members may obtain a substantial benefit by merely submitting a simple claim form.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on January 29, 2014 in San Diego, California.

/s/ *Todd D. Carpenter*
TODD D. CARPENTER