1  ERIC A. GROVER (SBN 136080)
   eagrover@kellergrover.com
2  **KELLER GROVER LLP**
   1965 Market Street
3  San Francisco, California 94103
   Telephone:   (415) 543-1305
4  Facsimile:    (415) 543-7861

5  *Attorneys for Plaintiff*
   ROBERT MILLER on behalf of himself and
6  others similarly situated

7  TODD D. CARPENTER (SBN 234464)
   todd@carpenterlawyers.com
8  **CARPENTER LAW GROUP**
   432 West Broadway, 29th Floor
9  San Diego, CA  92101
   Telephone:   (619) 347-3517
10 Facsimile:    (619) 756-6990

11 *Attorneys for Plaintiff*
   JAMIE LUMOS on behalf of herself and
12 others similarly situated

13              **IN THE UNITED STATES DISTRICT COURT**

14              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15                      **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 16  ROBERT MILLER, on behalf of himself and all others similarly situated, | Case No. C-12-5978-CRB<br>Case No. C-13-1429-CRB |
| 17  Plaintiff, | <u>CLASS ACTIONS</u> |
| 18  vs. | CONSOLIDATED FOR DISCOVERY PURPOSES ONLY |
| 19  SOUTHWEST AIRLINES CO., a Texas Corporation; and DOES 1 through 20, inclusive, | **[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL AND AWARD OF ATTORNEYS' FEES AND COSTS, CLASS REPRESENTATIVES' ENHANCEMENTS AND CLAIMS ADMINISTRATOR'S FEES** |
| 21  Defendants. | |
| 23  JAMIE LUMOS, on behalf of herself and all others similarly situated, | Date:   March 14, 2013<br>Time:   10:00 a.m.<br>Ctrm:   6, 17th Floor<br>Judge:  The Hon. Charles R. Breyer |
| 24  Plaintiff, | |
| 25  vs. | |
| 26  SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1 through 20, inclusive, | |
| 27  Defendants. | |
| 28 | |

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1  On September 17, 2013, Plaintiffs, ROBERT MILLER and JAMIE LUMOS ("Plaintiffs" or "Class Representatives"), individually and on behalf of others similarly situated ("Plaintiffs") filed a Motion for Preliminary Approval of Class Settlement ("Motion") upon the terms and conditions set forth in the Stipulation of Settlement and Release Between Plaintiffs and Defendant ("Stipulation of Settlement"), a true and correct copy of which was attached to the Declaration of Eric A. Grover in support of the Motion as Exhibit 'C."

On October 18, 2013, the Court entered an Order granting preliminary approval of the proposed class action Settlement and approved manner and content of notice to be given to the members of the Settlement Class. Docket No. 40.

On January 29, 2014, Plaintiffs filed a Motion For Attorneys' Fees and Costs, Class Representatives' Enhancement Awards, and Claims Administrator's Fees and, on February 21, 2014, filed a Motion for Final Approval of Settlement of Class Action Settlement. Those motions are hereinafter collectively referred to as "The Final Approval Motions." Filed concurrently with The Final Approval Motions were the Declaration and Supplemental Declaration of April Hyduk submitted on behalf of Rust Consulting, Inc., the Settlement Administrator, which set forth the efforts made by the Settlement Administrator to administer the Settlement and the results of those efforts.

Having duly considered all submissions and arguments presented, IT IS HEREBY ORDERED, DECREED AND ADJUDGED AS FOLLOWS:

1. The Court, for purposes of this order ("Order"), adopts all defined terms as set forth in the Stipulation of Settlement.

2. The Court hereby GRANTS final approval of the Settlement upon the terms and conditions set forth in the Stipulation of Settlement and approved by this Court's order of October 18, 2013. The Court finds that the terms of the Settlement are fair, reasonable, and adequate and comply with Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP").

3. The Court finds that, for purposes of approving the Settlement, the proposed Settlement Class meets all of the requirements for certification under FRCP Rule 23: (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all members is

1  impracticable; (b) there are questions of law and fact common to the proposed Settlement Class
2  and there is a well-defined community of interest among members of the proposed Settlement
3  Class with respect to the subject matter of the litigation; (c) the claims of the representatives of
4  the Settlement Class, Robert Miller and Jamie Lumos, and potential defenses thereto, are typical
5  of the claims and defenses thereto of the members of the proposed Settlement Class; (d) the
6  representatives of the Settlement Class, Robert Miller and Jamie Lumos, will fairly and
7  adequately protect the interests of the Settlement Class; (e) the counsel of record for the
8  representatives of the Settlement Class are qualified to serve as counsel for Robert Miller and
9  Jamie Lumos in their own capacity as well as in their representative capacity for the Settlement
10 Class and have no conflicts of interests with any Settlement Class member; (f) common issues of
11 fact and law predominate over individual issues; and (g) a class action is superior to other
12 available methods for an efficient adjudication of this controversy.

13  4.  For purposes of this Order, the Court hereby certifies the following class for settlement purposes ("Settlement Class"):

> All individuals who used a credit card or debit card to complete
> a purchase or transaction at a Southwest airport ticket counter
> or cargo counter resulting in an electronically printed receipt
> between October 17, 2007 and January 25, 2013.

5.  The Court appoints Robert Miller and Jamie Lumos as the Class Representatives.

6.  The Court appoints Eric A. Grover, Daniel F. Gaines and Todd D. Carpenter as Class Counsel. Class Counsel is authorized to act on behalf of Settlement Class members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement.

7.  The Court finds the Stipulation of Settlement was the product of serious, informed, non-collusive negotiations conducted at arm's length by the Parties in the presence of the Honorable Leo S. Papas, United States Magistrate Judge (Ret.). In making these findings, the Court considered, among other factors, the total potential statutory damages claimed in this Action on behalf of Plaintiffs and members of the Settlement Class, Defendant Southwest Airlines Co.'s ("Defendant") potential liability, the risks of continued litigation, the equitable

1 relief provided by the Settlement, the substantial cash benefits available to Settlement Class members as part of the Settlement, and the fact that the proposed Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further finds that the terms of the Stipulation of Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Settlement Class. The Court also finds that settlement at this time results in substantial benefits to the Settlement Class and will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of this Action.

8. Notice of the Settlement directed to the Settlement Class members has been completed in conformity with the Court's preliminary approval order of October 18, 2013. Distribution of notice of the Settlement by the means dictated in the Court's October 18, 2013 order was the best notice practicable under the circumstances and was in full compliance with the United States Constitution and the requirements of due process.  The Court further finds that said notice program fully and accurately informed Settlement Class members of all material elements of the proposed class action Settlement, of each member's right to be excluded from the Settlement Class, and each member's right and opportunity to object to the proposed class action Settlement.

9. Three Settlement Class members, Zachary Engle, Julie K. Moen and Keri Altig, have timely requested exclusion from the Settlement Class.  No Settlement Class member has objected to the Settlement.

10. Except for the three Settlement Class Members that timely excluded themselves from the Settlement, all Settlement Class members shall be bound by the releases set forth in the Stipulation of Settlement.

11. To the extent permitted by law, all Settlement Class members who have not timely excluded themselves from the Settlement Class are permanently barred and enjoined from asserting against the Defendant any claims released in the Stipulation of Settlement.

12. Based upon the agreement of the Parties and as hereby ordered by the Court: Southwest Airlines Co. shall continue to abide by the truncation requirements of FACTA.

13.     The Court hereby awards Class Counsel reasonable attorneys' fees and costs in the aggregate amount of $463,243.36, representing $450,000 in attorneys' fees and $13,243.36 in costs, to be paid from the Settlement Fund.

14.     The Court hereby awards each of the Class Representatives, Robert Miller and Jamie Lumos, an enhancement fee in the amount of $5,000 for their services as representatives for the Settlement Class, to be paid to each of them from the Settlement Fund.

15.     The Court hereby approves the Settlement Administrator Rust Consulting, Inc.'s fees and costs in the amount of $180,635.29, which is to be paid from the Settlement Fund.

16.     The Court hereby directs the Parties and the Settlement Administrator, Rust Consulting, Inc., to effectuate all terms of the Settlement.

17.     The Court hereby dismisses both the Miller Action (Case No. C-12-5978 CRB) and the Lumos Action (Case No. C-13-1429 CRB) with prejudice pursuant to the terms set forth in the Stipulation of Settlement. Each of the Parties is to bear their own costs except as expressly provided herein, in the Stipulation of Settlement and/or in this Court's order of October 18, 2013. Without affecting the finality of the Judgments in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

18.     Under FRCP Rule 58, the Court, in the interests of justice, there being no just reason for delay, expressly directs the Clerk of the Court to enter this Order as a Judgment, and hereby decrees, that upon entry, it be deemed as a final judgment.

**IT IS SO ORDERED.**

Dated: _____, 2014

_____
THE HONORABLE CHARLES BREYER
United States Court District Judge

/ / /

/ / /

/ / /

/ / /

Dated: January 29, 2014          Respectfully Submitted,

**KELLER GROVER LLP**

By: /s/ *Eric A. Grover*
     ERIC A. GROVER

Attorneys for Plaintiff
ROBERT MILLER and the Class

Dated: January 29, 2014          **CARPENTER LAW GROUP**

By: /s/ *Todd D. Carpenter*
     TODD D. CARPENTER

Attorneys for Plaintiff
JAMIE LUMOS and the Class